PAUL S. HUDSON (pro hoc vice admission pending)
LAW OFFICES OF PAUL S. HUDSON P.C.
4411 Bee Ridge Road #274.
Sarasota, Florida 34233
Telephone: 410-940-8934
Facsimile: 240-391-1923

DAVID G. RAMOS (Bar No. 116456)
LAW OFFICES OF DAVID G. RAMOS
 barram@i-cafe.net
3266 Villa Lane
Napa, California  94558
Telephone:  707-255-1700
Facsimile:  707-255-3660

Attorneys for Plaintiff KATHLEEN HANNI.
Individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KATHLEEN HANNI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No.    C08-00732 CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Date: April 24, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2 |

As and for a memorandum of law in support of Plaintiff's Motion to Remand, Plaintiff Kathleen Hanni by and through her attorneys respectfully submits as follows:

**I. Defendant's Notice of Removal is inadequate as a matter of law for federal jurisdiction.**

In order for this Court to have jurisdiction in a state common law case and not grant the remand motion of the plaintiff, the removing defendant must show based on the Complaint and its

Notice of Removal that the case is one over which this Court has original jurisdiction. And under the traditional well pleaded complaint rule that means that the basis for federal jurisdiction must be apparent from the face of the complaint and/ or the removal documents. Any removal from state court is appropriate only where the action could have been brought in US District Court and any ambiguities are resolved in favor of remand to state court. See *Wexler v United Air Lines, Inc.*, 496 F.Supp.2d 150 (DDC 2007); *Constant v International House of Pancakes, Inc.*, 487 F.Supp.2d 1308 (ND Ala. 2007) [Unless jurisdictional amount stated clearly in the complaint or removing documents, remand required], citing *Lowery v Alabama Power Co.*, 483 F.3d 1184 (11 Cir. 2007) [noting that "knee-jerk removal of diversity tort cases from state to federal court" is over in the 11th Circuit, and that attorneys fees and Rule 11 sanctions will henceforth be imposed for unsuccessful removals by defendants]; *Miedema v Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) [under CAFA burden of proof remains on removing defendant, doubts to be resolved in favor of remand].

**A. No Diversity Jurisdiction Exists.**

Diversity of citizenship jurisdiction under 28 U.S.C. Sec. 1332(a) requires that over $75,000 be in controversy.

Here the Defendant's assertion of Diversity and Supplemental Federal Jurisdiction in the Removal Notice of January 31, 2008, cannot stand scrutiny as a matter of law because the Complaint itself does not state that the amount is over the federal jurisdiction amount of $75,000 (See Wherefore clause page 15 of Complaint attached to Defendant's Notice of Removal). Furthermore, the accompanying declaration herein of Plaintiff states that her individual damage claim including attorneys' fees and any punitive damages is less than $75,000.

When a case is removed to District Court, the removing defendant has the burden of proving with a preponderance of legally competent evidence that the jurisdictional amount is met. And the standard of proof is to a legal certainty when the complaint alleges an amount less than the federal jurisdictional minimum and to a preponderance of the evidence when no amount is stated in the complaint. *Abrego v The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Lowdermilk v United*

1 *States Bank Nat. Ass'n*, 479 F.3d 994 (9th Cir. 2007)    There is a strong preference against removal of state common law actions to federal district court. And all doubts are to be resolved in favor of remand.  *In re Business Men's Assur. Co. of America,* 992 F2d 181, 183 (8th Cir. 1992).

  Here the proof submitted by defendant is both speculative and contradicted by the Complaint, plaintiff's affidavit and her attorney's declaration submitted herewith.  Defendant submitted with the Notice of Removal only counsel's speculation that the amount in controversy exceeds the jurisdictional amount of $75,000.  It is based on aggregating projected attorneys' fees at $350 per hour to add to the individual unspecified damage claim of plaintiff and rank conclusary allegations of punitive damages without specifying any statutory authority. See Notice of Removal at par. 6B, 6C, 6D; Declaration of James Wagstaffe affixed to Notice of Removal.

  Defendant counsel's calculations are unavailing as attorneys' fees are not normally included in jurisdictional amount calculations and cannot be aggregated to make a class action reach the jurisdictional amount in controversy amount in a class action.  The normal American rule is that, with the exception of a contract that provide for attorneys fees (which neither party alleges here) or a fee shifting statute (none cited by Defendant in its removal papers), each party to a lawsuit is responsible for its own attorney fees. See *Galt G/S v JSS Scandinavia*, 142 F.3d 1150, 1155-6 (9th Cir. 1998); *Crawford v F. Hoffman La Roche Ltd.*, 267 F.3d 760, 767 (8th Cir. 2003) cited in *One Point Solutions LLC v Borchert*, 486 F.3d 342 (8th Cir. 2007).   Moreover, the declaration of the Paul S. Hudson provides further evidence that attorney fees are not expected to be in any amount that would cause the individual $75,000 to be exceeded, much less the class action jurisdictional amount of $5 million to be met.

  The number of persons in the putative class is also unknown at this time and could well be far less than the 12,000 estimated in the Complaint. See accompanying Declaration of Paul S Hudson.

  As to punitive damages causing the $75,000 jurisdictional threshold to be met, this is also wholly speculative and is also contradicted by the Affidavit of Plaintiff. No statutes or other legal authority were cited in the removal papers

And new grounds for federal jurisdiction cannot be added after the removal notice is filed. *Whitehead v Nautilus Group, Inc.*, 428 F.Supp. 2d 923 (W.D. Ark. 2006)

Without proof by the Defendant in its Notice of Removal that the individual amount in controversy meets the $75,000 jurisdictional threshold for diversity actions, this alleged ground for federal jurisdiction fails, as does supplemental jurisdiction which is dependent on satisfying 28 USC 1332(a). .

**B.   There is no basis at this time for US District Court jurisdiction based on the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d) (CAFA) and no good reason to not grant the remand motion at this time.**

The other alleged ground for in federal jurisdiction in Defendant's the Notice of Removal is the allegation that this putative class action has an aggregated amount in controversy exceeding $5 million.  28 U.S.C. 1332(d)(2)(6); Notice of Removal par. 4.  Once again no proof is presented, only conjecture and conclusionary allegations that because the Complaint estimates that the putative class contains 12,000 members and seeks attorneys' fees and punitive damages, the total amount in controversy is "well above $5,000,000."   This is insufficient as a matter of law.  See *Loudermilk v United States Bank National Ass'n,* 479 F.3d 994, 996 (9th Cir. 2007) [party seeking removal must prove with "legal certainty" that amount in controversy is over $5 million where prayer for relief is for less, and with preponderance of evidence where no amount specified in the complaint]; *Ongstad v Piper Jaffrey & Co*., 407 F.Supp.2d 1085 (D. N.D., 2006) [Remand granted as $5 million proof for CAFA jurisdiction speculative].

As to whether damages for the entire class would exceed $5 million, this is an unknown at this time.  It cannot be determined without further proceedings including the determination of the class size, the degree of bad conduct by the Defendant and a host of other factors.

However,  based on some recent statements by the Defendant contemplating a transfer to Texas where the Defendant is headquartered, it would appear that the class size may be much smaller than estimated in the Complaint and could be in the low four figures.  As noted in the accompanying Declaration of Paul Hudson, the only other similar case that counsel is aware was a

1    1999 class action case against Northwest Airlines arising out of a January 1999 mass stranding of
2    passengers at the Detroit airport, which was settled in 2001 for a net amount after expenses and fees
3    of just over $5,000,000 and involved a class of 6,000 to 7,000.  That case was also remanded to state
4    court after being initially removed to federal court by the defendant and involved payments to class
5    members of only $1,000 to $2,000 each.

6    Moreover, now that the one year time limit in 28 U.S.C. 1446(b) for removal has
7    been repealed by 28 U.S.C. 1453(b), removal may occur again at any time should it become clear that
8    the amount in controversy for the class will exceed $5,000,000.  Furthermore, while other remand
9    orders are not generally reviewable, 28 U.S.C. 1453(c) now gives the removing party in class actions
10   an immediate right of judicial review.  Accordingly, there would no prejudice to Defendant to remand
11   this case to state court at this time.   However, there would be prejudice to Plaintiff for the case to
12   remain in federal district court, especially as the Defendant, the largest airline corporation in the United
13   States, now apparently seeks to transfer the case to the Northern District of Texas for its convenience,
14   far distant from the consumer plaintiff, from all of her legal counsel, and from the State of California.

15

16   **II. In the event that this Court does not remand to state court based on the noted deficiencies in the Notice of Removal and the other arguments and facts set forth in this motion and accompanying papers, it should issue an order for limited discovery requiring the Defendant to turn over to Plaintiff's counsel the names, addresses and telephone numbers of the passengers whose flights were diverted to other airports from landing at Dallas Fort Worth (DFW) on December 29, 2006.**

19

20   Should this Court not grant this remand motion outright, it should order limited
21   discovery as this is the only way that the issue of whether the amount in controversy for the class is
22   over $5 million can be taken out of the realm of conjecture and speculation.  The Defendant should
23   turn over the names and addresses of the putative class to Plaintiff's counsel with appropriate
24   protective orders.   In this way, a fair calculation of the number and the citizenship of the class
25   members can reasonably be ascertained.  See *Evan v Walter Ind. Inc.,* 449 F.3d 1159, 1164 (11th Cir.
26   2006).

27   Such a limited discovery order is also important and necessary even if it is determined
28   that the class amount in controversy is over the $5 million.  As under CAFA, this Court still has

1  discretion to decline jurisdiction and remand a case to state court if more than one third but less than
2  two thirds of the class are citizens of California. 28 U.S.C. 1332(d)(3). This threshold fact issue can
3  only be determined if the proposed limited discovery order is granted as the Defendant has exclusive
4  control of the necessary information in its records.

5        Finally, Defendant American Airlines, Inc., depending on the amount of business it
6  does in California, California may be considered its principal place of business for CAFA
7  jurisdictional purposes. See *Lao v Wickes Furniture Co.*, 455 F.Supp.2d 1045 (C.D. Cal. 2006);
8  *Ghaderi v United Air Lines, Inc.*, 136 F.Supp.2d 1041 (N.D. Cal. 2001) [ doing more business in
9  California than any other state allows application of home state exception to CAFA federal jurisdiction
10 notwithstanding headquarters located in another state). Plaintiff does not concede that Defendant
11 American Airlines, Inc. should be considered to be a citizen of Texas under this case law for CAFA
12 purposes.

13       WHEREFORE, the Plaintiff's motion to remand should be granted.

14

15 Dated: February 28, 2008                                  Respectfully submitted,

16                                                       LAW OFFICES OF DAVID G. RAMOS
                                                      LAW OFFICES OF PAUL S. HUDSON PC

17

18                                                       By s/_____
                                                              David G. Ramos, Esq.
19                                                     Attorneys for Plaintiff KATHLEEN HANNI
                                                    Individually and behalf of all others
20                                                     similarly situated

21

22

23

24

25

26

27

28