1  PAUL S. HUDSON (admitted pro hoc vice)
   LAW OFFICES OF PAUL S. HUDSON P.C.
2  4411 Bee Ridge Road #274
    globetrotter1947@hotmail.com
3  Sarasota, Florida 34233
   Telephone: 410-940-8934
4  Facsimile: 240-391-1923

5  DAVID G. RAMOS (Bar No. 116456)
   LAW OFFICES OF DAVID G. RAMOS
6   barram@i-cafe.net
   3266 Villa Lane
7  Napa, California  94558
   Telephone:  707-255-1700
8  Facsimile:  707-255-3660

9  Attorneys for Plaintiff KATHLEEN HANNI.
   Individually and on behalf of all others similarly situated
10

11

12
                    UNITED STATES DISTRICT COURT
13
        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
14

15
   KATHLEEN HANNI, individually and on )   No.          C08-00732 CW
16 behalf of all others similarly situated, )
                                          )
17           Plaintiff,                    )   **MEMORANDUM OF POINTS AND**
                                          )   **AUTHORITIES IN OPPOSITION TO**
18 v.                                     )   **DEFENDANT'S MOTION FOR LEAVE TO**
                                          )   **AMEND NOTICE OF REMOVAL AND IN**
19 AMERICAN AIRLINES, INC.; and DOES 1 )     **SUPPLEMENT AND SUPPORT OF**
   through 20, inclusive,                  )   **PLAINTIFF'S MOTION FOR REMAND**
20                                        )
             Defendants.                   )
21                                        )
   _____  )
22
            As and for a memorandum of law, Plaintiff Kathleen Hanni, by and through her
23
   attorneys, respectfully opposes Defendant American Airlines, Inc.'s motion for leave to amend its
24
   notice of removal as follows:
25
   **I. The Defendant's Motion to Amend its Notice of Removal with a Settlement Letter dated**
26
   **March 3rd, 2008, must be denied.**
27

28

1           **A.  Alternate Dispute Resolution (ADR) assignment and confidentiality of**

2 **settlement materials.**

3           This case has been assigned to the ADR program and the attorneys are under a court

4 order requiring that they confer and meet on early settlement, initial disclosures, discovery plan, and

5 file a ADR Certification with Stipulation by April 21, 2008.  See ADR Order, Doc. Entry #2. .  The

6 Order and associated local rules require that the attorneys "confer and meet" regarding early settlement

7 and various ADR tracks.

8           By disclosing plaintiff's settlement letter to the assigned judge (See Doc. Entry #29)

9 and the court clerk on March 19th, 2008, Attorney Powell and his co-counsel violated the nondisclosure

10 terms of that settlement letter which was sent in furtherance of the ADR process (see Doc. Entry #29

11 at p. 7, second to last paragraph), the confidentiality and privilege accorded to settlement

12 communications, the spirit and letter of this court's ADR rules, and potentially attorney ethics.

13           Such gross violation of the confidentiality of settlement materials, if left unchecked,

14 cuts the heart out of any ADR process for this and other cases that have been assigned to the ADR

15 track.   Disclosing to the assigned judge plaintiff's settlement letter was in violation of ADR Local

16 Rule 5-12 (a)(2)(3) prohibiting settlement materials from being "disclosed to the assigned judge",  or

17 "used for any purpose, including impeachment, in any pending or future proceeding in this court".

18 It was Plaintiff's intent to request Early Evaluation for this case if it was not settled this month.  The

19 Defendant has never moved or requested that this case be removed from the ADR track.

20           Mandatory ADR which both encourages and requires conferring and meeting for

21 settlement purposes contains both explicit and implicit promises of confidentiality.

22                         **B. Settlement communications are privileged.**

23           The public release of plaintiff's  settlement letter is a willful breach of the

24 confidentiality and privilege accorded to all settlement communications.  See *Goodyear Tire & Rubber*

25 *Co. v Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)[holding "any communications made in

26 furtherance of settlement are privileged."]; *Cook v Yellow Freight System, Inc.*, 132 FRD 548, 553 (ED

27 Cal. 1990)[there is "a well established privilege relating to settlement discussions"].

28

1      **C. Federal Rules of Evidence prohibit the use of the Settlement Letter.**

2              Federal Rules of Evidence, Rule 408 provides that a settlement offer may not be used

3      to establish "the amount" of a claim.  As noted by the Official Commentary, this rule was adopted

4      because settlement offers are inherently unreliable, being subject to many considerations such as

5      "puffing" and "discounting".

6              Federal Rules of Evidence, Rule 403 provides that the court also has discretion to

7      exclude any evidence where prejudice exceeds its probative value.  Such is the situation here, given

8      the violation of settlement privilege and ADR confidentiality rules.  Permitting this settlement letter

9      to be used to amend the removal notice would not only prejudice the Plaintiff but would undermine

10     the ADR process and encourage future violations of the settlement communications privilege in this

11     district.  Granting the Defendant's motion to amend would also be rewarding attorney misconduct .

12             The Defendant's counsel justify their actions under *Cohen v Petsmart*, 281 F.3d 837,

13     840 (9th Cir. 2002)  that unwisely  allowed settlement letters to be used  as evidence of "amount in

14     controversy."  But this case's dubious distinction between the "amount" of a "claim" and the "amount

15     in controversy" does not take into account the new developments in the law, and is in direct conflict

16     the confidentiality rules and privileges involving settlement communications.

17             Mandatory ADR which both encourages and requires conferring and meeting for

18     settlement purposes contains both explicit and implicit promises of confidentiality is a recent

19     development.

20             The cases cited by Defendant's counsel in their Motion to Amend  also do not take into

21     account that the law regarding removal/remand of class actions to federal court changed dramatically

22     with the Class Action Fairness Act of 2005 (CAFA).  CAFA now permits appeals to the Circuit of

23     remand decisions after removal, multiple removals to federal court, and allows removals from state

24     to federal court beyond one year.  So now, to be safe, attorneys in this District will have to hold off on

25     any settlement discussions or demands indefinitely, lest settlement communications be used against

26     the settlement offering party in removal and possibly other proceedings.

27             The *Cohen* case and its progeny are controversial and many cases go the other way,

28     even before the enactment of CAFA, by prohibiting use of settlement letters as evidence of the amount

1  in controversy in remand/removal proceedings.  Even courts permitting settlement letters as evidence

2  of the amount in controversy do so with great trepidation.   See cases collected in  *Vermande v*

3  *Hyundai Motor America, Inc.*, 352 F.Supp.2d 195, 199-203 (D.Conn. 2004).

4             In sum, this court should not countenance some attorneys gaming the system, by

5  releasing good faith settlement letters and materials to the assigned judge and using them in motions

6  in violation of settlement confidentiality and privilege.   If the promise of confidentiality in settlement

7  negotiations can be ignored or circumvented so easily and without penalty, it will chill all settlement

8  discussions or entrap parties that in good faith cooperate and participate in ADR proceedings before

9  this court.

10  **II.  The Settlement Letter is consistent with the Plaintiff's position in its remand motion and
    confirms that Defendant has not met its burden of proof to show federal jurisdictional amounts**

11  **in controversy.**

12            In her remand motion, Plaintiff's position was that her individual claim including

13  attorney fees and expenses did not exceed the jurisdictional amount by being over $75,000.  See Hanni

14  Declaration par. 7, Doc. Entry #23.  The Settlement letter affirms this by proposing $74,900.

15            Also in the remand motion, Plaintiff took the position that we could not determine

16  whether the class amount in controversy exceeds $5 million, which is required for federal jurisdiction

17  under CAFA, as the number of class members (those passengers confined over three hours in AA

18  aircraft diverted from DFW airport on December 29th, 2006) is uncertain.  It may be as high as 12,000

19  or as low as under two thousand.  See Declaration of PS Hudson at par. 10,  Doc. Entry #21.   If the

20  Court does not grant the remand motion outright, we requested limited discovery as part of the remand

21  motion to determine the number in the class, which information the Defendant has closely guarded and

22  not released.  See Memorandum of Pts. & Auth. at p. 5-6, Doc. Entry #22.  Where there is uncertainty

23  whether the jurisdictional amount is met, the doubt must be resolved in favor of remand.   See

24  Memorandum of Pts. & Auth. at p. 1-4, Doc. Entry #22.

25            The Defendant's motion papers misstate that the amount of the settlement offer exceeds

26  $5 million for the class and over $75,000 for plaintiff, when it clearly caps all amounts at $5 million

27  maximum for the class (under the CAFA jurisdictional amount must exceed $5 million for the federal

28  jurisdiction) and includes $74,900 for the individual plaintiff (also under the individual jurisdictional

1   amount), and includes all attorney fees, costs, interests, disbursements, etc.  See and compare Doc.

2   Entry #29 at p.6 (Settlement Letter) to Motion to Amend., Doc. Entry #28, p. 2.

3          Attorney Chou fundamentally misconstrues the settlement offer amounts in her motion

4   papers. First, contrary to her assertion, the settlement letter provides that attorney's fees and expenses

5   are included, not in addition to the proposed settlement amounts.  Second, the $5 million cap for the

6   class is just that, should the number of class members' claims be less than expected, the amount would

7   be less.  Third, both the amounts proposed for the individual plaintiff of $74,900 and the class are less

8   than the jurisdictional amount.  See Def. Motion To Amend Notice of Removal at p.2., Doc. Entry #28

9   and Settlement Letter at p. 2, Doc. Entry # 29.

10         In no other case that we have found, has a court denied remand where the settlement

11  letter confirms that the amount in controversy does not meet the minimum jurisdictional amount.

12         In sum, this disclosure and use of settlement communications in motion practice before

13  the assigned judge, has clearly been prejudicial to plaintiff, and undermines the integrity of the ADR

14  program in this Court.  This conduct represents violations of ADR confidentiality rules, the privilege

15  of settlement communications, and possibly Rule 11.

16         Furthermore, to the extent that the motion to amend would be granted, the settlement

17  letter of March 3rd, 2008, confirms and supports that defendant has not met its burden of proof the

18  minimum amounts for federal jurisdiction have been met.

19         Wherefore, the motion to amend should be denied, the Settlement Letter (Doc. Entry

20  #29) stricken, expunged or placed under seal with attorney fees and motion costs and disbursements

21  charged to the Defendant.

22

23  Dated: April2, 2008                          LAW OFFICES OF DAVID G. RAMOS
                                                 LAW OFFICES OF PAUL S. HUDSON PC
24

25                                               By: _____/s/_____
                                                        David G. Ramos
26

27                                               Attorneys for Plaintiff KATHLEEN HANNI
                                                 Individually and on behalf of all others
                                                      Similarly situated
28