1  LOCKE LORD BISSELL & LIDDELL LLP
   MICHAEL V. POWELL (TX SBN 16204400) (appearance *pro hac vice*)
2     mpowell@lockelord.com
   2200 Ross Avenue, Suite 2200
3  Dallas, Texas  75201-6776
   Telephone:  (214) 740-8520
4  Facsimile:  (214) 756-8520

5  COOPER, WHITE & COOPER LLP
   STEPHEN KAUS (SBN 57454)
6     skaus@cwclaw.com
   JIE-MING CHOU (SBN 211346)
7     jchou@cwclaw.com
   201 California Street, 17th Floor
8  San Francisco, California  94111
   Telephone:     (415) 433-1900
9  Facsimile:     (415) 433-5530

10 Attorneys for DEFENDANT AMERICAN
   AIRLINES, INC.
11

12              **UNITED STATES DISTRICT COURT**

13    **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

14

15 | KATHLEEN HANNI, individually and on     CASE NO. C 08-00732 CW
   | behalf of all others similarly situated,
16 |                                          **MEMORANDUM OF POINTS AND**
   |                                          **AUTHORITIES IN SUPPORT OF**
17 |            Plaintiff,                    **DEFENDANT OF AMERICAN**
   |                                          **AIRLINES, INC.'S OPPOSITION TO**
   |     vs.                                  **PLAINTIFF'S TO MOTION TO REMAND**
18 |
19 | AMERICAN AIRLINES, INC., and DOES 1
   | through 20, inclusive,
20 |
   |            Defendants.
21

22

23

24

25

26

27

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

1

## TABLE OF CONTENTS

2

Page

3  I. INTRODUCTION ..................................................................................................1

4  II. DISCUSSION .....................................................................................................2

5      A.    Jurisdiction Under the Class Action Fairness Act ...............................2

6          1.    Undisputed Elements of CAFA Jurisdiction...............................2

7          2.    The Alleged Dispute:  CAFA Amount in Controversy. ................3

8          3.    The "Local Controversy" Exceptions to CAFA Jurisdiction Do Not Apply...........................................................................................9

9

    B.    Diversity Jurisdiction Over Plaintiff's Individual Claim .........................10

10

III. CONCLUSION AND PRAYER ......................................................................12

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

1

## TABLE OF AUTHORITIES

2

Page(s)

3

Cases

4

Abrego Abrego v. The Dow Chemical Co.,
    443 F.3d 676 (9th Cir. 2006) ..........................................................................3, 4

Bankhead v. American Suzuki Motor Corp.,
    529 F. Supp. 2d 1329, 2008 U.S. Dist. LEXIS 965 at *7-8 (M.D. Ala. Jan. 7, 2008)...........5

Bell v. Preferred Life Assur. Society,
    320 U.S. 238 (1943)................................................................................................7

Brill v. Countrywide Home Loans, Inc.,
    427 F.3d 446 (7th Cir. 2005) ................................................................................4

Cohn v. Petsmart, Inc.,
    281 F.3d 837 (9th Cir. 2002) ................................................................................5

Davis v. Chase Bank U.S.A., N.A.,
    453 F. Supp.2d 1205 (C.D. Cal. 2006) ...............................................................5

ExxonMobil Corp. v. Allapattah Services, Inc.,
    545 U.S. 546 (2005)................................................................................1, 12

Frederico v. Home Depot,
    507 F.3d 188 (3d Cir. 2007)..................................................................................4

Gafford v. General Electric Co.,
    997 F.2d 150 (6th Cir. 1993) ................................................................................1

Galt G/S v. JSS Scandanavia,
    142 F.3d 1150 (9th Cir. 1998) ..............................................................................7

Guglielmino v. McKee Foods Corp.,
    506 F.3d 696 (9th Cir. 2007) ................................................................................4

In re Minnesota Mutual Life Ins. Co. Sales Practices Litig.,
    346 F.3d 830 (8th Cir. 2003) ................................................................................5

Loudermilk v. U.S. Bank Nat'l Ass'n.,
    479 F.3d 994 (9th Cir. 2007) ................................................................................4

Ongstad v. Piper Jaffray & Co.,
    407 F. Supp. 2d 1065 (D.N.D. 2006).....................................................................9

Osborne v. Sitton Motor Lines, Inc.,
    No. 4:07CV-2-M, 2007 U.S. Dist. LEXIS 17076 at *5 (W.D. Ky. Mar. 2, 2007)...........5, 7

Randle v. Smithkline Beecham Corp.,
    338 F. Supp. 2d 704 (S.D. Miss. 2004)..................................................................11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

1  Rising-Moore v. Red Roof Inns, Inc.,
2        435 F.3d 813 (7th Cir. 2006) ...................................................................5

   Sayre v. Potts,
3        32 F. Supp. 2d 881 (S.D. W. Va. 1999) ...................................................6

4  Serrano v. 180 Connect, Inc.,
         478 F.3d 1018 (9th Cir. 2007) .................................................................9
5
   Simmons v. PCR Technology,
6        209 F. Supp. 2d 1029 (N.D. Cal. 2002) ............................................2, 5, 7, 8, 10

7  St. Paul Mercury Indemnity Co. v. Red Cab Co.,
         303 U.S. 283 (1938)..........................................................................2, 10
8
   USX Corp. v. Adriatic Ins. Co.,
9        345 F.3d 190 (3d Cir. 2003)....................................................................1

10 Willingham v. Morgan,
         395 U.S. 402 (1969) ............................................................................1
11

12                          Statutes and Rules

13 28 U.S.C. § 1332(a) ....................................................................................3, 10

14 28 U.S.C. § 1332(a)(1)...............................................................................1, 12

15 28 U.S.C. § 1332(d) .........................................................................................1

16 28 U.S.C. § 1332(d)((2) ..................................................................................3

17 28 U.S.C. § 1332(d)(1)(b) .............................................................................2

18 28 U.S.C. § 1332(d)(2)(A) .............................................................................2

19 28 U.S.C. § 1332(d)(4) .................................................................................10

20 28 U.S.C. § 1332(d)(4)(A)(II)(cc) ...............................................................9

21 28 U.S.C. § 1332(d)(4)(B) .............................................................................9

22 28 U.S.C. § 1332(d)(5)(A) .............................................................................3

23 28 U.S.C. § 1332(d)(5)(B) .............................................................................2

24 28 U.S.C. § 1367(a) ..................................................................................1, 12

25 28 U.S.C. §1332(d)(11)(B)(i) .......................................................................3

26 Cal. Civ. Pro. Code § 86 ...............................................................................3

27 Cal. Civ. Pro. Code § 88 ...............................................................................3

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1                                          iii                              C 08-00732 CW
                  AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1

<u>Other Authorities</u>

2

13B Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE
§ 3624 at 611 (2d ed. 1984) ......................................................................................................9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

## I. **INTRODUCTION**

Defendant American Airlines, Inc. ("American") opposes Plaintiff Kathleen Hanni's Motion to Remand this putative class action to California state court. American properly removed this action to federal court, and this Court has subject matter jurisdiction over this action pursuant to both the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d),  and the ordinary diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1), which establishes jurisdiction over Plaintiff's individual claims.[1]

American's Opposition to Plaintiff's Motion to Remand is based on Plaintiff's allegations in Plaintiff's Complaint ("Complaint") (Docket No. 1 at p. 6); American's Notice of Removal (Docket No. 1); the Declaration of Michael V. Powell, filed herewith, which authenticates a settlement demand letter from Plaintiff's counsel; and the Declaration of James Wagstaffe, filed in support of American's Notice of Removal (Docket No. 3).  American also incorporates the Powell Declaration with the attached Plaintiff's settlement demand letter into this Response to Plaintiff's Motion to Remand.

American requests the Court to consider the Powell Declaration that is filed herewith, insofar as it authenticates the Plaintiff's settlement demand letter, and that settlement demand letter, as amendments to American's Notice of Removal.[2]  Courts, including the United States Supreme Court, have deemed affidavits or other evidence filed in opposition to a motion to remand to be amendments to the removal petition. *See, e.g., Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969); *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 203-05 (3d Cir. 2003): *Gafford v.*

---

[1] Because the Court has diversity jurisdiction over plaintiff's individual claims, the Court has supplemental jurisdiction over the putative class members' claims under 28 U.S.C. § 1367(a). *ExxonMobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558-560 (2005).

[2] On March 19, 2008, American formally moved the Court for leave to amend its Notice of Removal, and that motion, along with American's proposed Amended Notice of Removal, remain pending before the Court. (Docket No. 28).  By Order entered March 25, 2008, the Court denied American's Application for an Order Shortening the Time for Plaintiff to file her opposition to American's Motion for Leave to Amend its Notice of Removal, but the Court stated in that Order that "Defendant may include in its opposition to Plaintiff's motion to remand any facts and argument related to the letter from Plaintiff to Defendant dated March 3, 2008." (Docket No. 33).

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

1 | *General Electric Co.*, 997 F.2d 150, 164 n.6 (6th Cir. 1993).

2 | American has also filed with this Opposition certain Objections to and Motion to Strike

3 | Parts of the Declarations of Kathleen Hanni and Paul S. Hudson, plaintiff's counsel, filed in

4 | support of Plaintiff's Motion to Remand. American requests the Court to consider and rule on its

5 | Objections and Motion to Strike.

6 | ## II. DISCUSSION

7 | This Court has subject matter of jurisdiction of this action under CAFA and the ordinary

8 | diversity jurisdiction statute for the reasons set forth in the Amended Notice of Removal and this

9 | Response.

10 | **A.    Jurisdiction Under the Class Action Fairness Act**

11 | 1.    Undisputed Elements of CAFA Jurisdiction.

12 | From the allegations in Plaintiff's Complaint, there is no dispute about the following

13 | requirements for subject matter jurisdiction under CAFA:

14 | (a)    There is minimal diversity. Paragraphs 1 and 2 of Plaintiff's Complaint allege that

15 | Plaintiff is a citizen of California and defendant American is a Delaware corporation with its

16 | principal place of business in Texas. 28 U.S.C. § 1332(d)(2)(A).

17 | (b)    Plaintiff filed this action as a putative class action under California Civil Procedure

18 | Code § 382. *See* Complaint ¶¶ 4-5. 28 U.S.C. § 1332(d)(1)(b).

19 | (c)    The putative class of unnamed plaintiffs exceeds 100 in number. Indeed, plaintiff's

20 | Complaint pleads that the alleged class includes "approximately 12,000 people." Complaint ¶¶

21 | 4(a), 50. 28 U.S.C. § 1332(d)(5)(B). Plaintiff's lead attorney, Mr. Hudson, filed a declaration in

22 | support of plaintiff's Motion to Remand in which he avers that "the number of potential class

23 | members is likely to be less than 12,000 based on information learned since the complaint was

24 | filed" (Docket No. 21 ¶ 4), but Mr. Hudson's declaration cannot supplant, for jurisdictional

25 | purposes, the allegations in Plaintiff's Complaint at the time of removal. *See, e.g., St. Paul*

26 | *Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *Simmons v. PCR Technology*,

27 | 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) ("Jurisdictional facts are assessed on the basis of

28 | plaintiff's complaint at the time of removal.").

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1

2

C 08-00732 CW

AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1    (d)     American, the sole defendant, is not a State, State official, or other governmental

2    entity.  28 U.S.C. § 1332(d)(5)(A).

3        Consequently, these elements of CAFA jurisdiction are established.

4        2.     The Alleged Dispute:  CAFA Amount in Controversy.

5        Plaintiff's argument that the Court lacks subject matter jurisdiction is based entirely on her

6    contention that American has failed to establish that "the matter in controversy exceeds the sum or

7    value of $5,000,000 in jurisdiction, exclusive of interest and costs," within the meaning of 28

8    U.S.C. § 1332(d)((2).

9        Although Plaintiff's Complaint does not allege, in one place, a specific amount in

10   controversy for the putative class she seeks to represent, one reasonably can ascertain an amount

11   in controversy from plaintiff's own allegations in the Complaint.  In paragraph 3 of her Complaint,

12   Plaintiff alleges that "the monetary damages at issue in this case are within the jurisdictional

13   requirements of this [California Superior] Court."  In paragraph 99, plaintiff alleges that "Plaintiff

14   and those similarly situated have been damaged in an amount which satisfies the jurisdictional

15   limits of this court in an amount to be established according to proof at trial."  Complaint ¶ 99.

16   Plaintiff's California Superior Court Complaint was, in California court, an "unlimited civil case,"

17   for which the amount in controversy exceeds $25,000.  Cal. Civ. Pro. Code §§ 86, 88; *see Abrego*

18   *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688 (9th Cir. 2006).  So, if one multiplies the

19   number of "similarly situated" members of the putative class of American passengers alleged in

20   plaintiff's Complaint, which is "approximately 12,000," times $25,000, the minimum amount in

21   controversy, plaintiff's Complaint places the amount in controversy for her putative class in the

22   hundreds of millions of dollars.[3]

23   _____

24   [3]This analysis is very similar to the Ninth Circuit's analysis of the aggregate amount placed in
     controversy by the mass action complaint in *Abrego Abrego*, 443 F.3d at 688-89.  In *Abrego*
25   *Abrego*, however, the Court held that Dow had failed to establish that any one plaintiff had
     $75,000 in controversy, which is required under CAFA for a *mass action*, but not for a class
26   action.  *Compare* 28 U.S.C. §1332(d)(11)(B)(i) (stating "except that jurisdiction shall exist only
     over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements
27   under subsection (a) [28 U.S.C. § 1332(a)] *with* 28 U.S.C. § 1332(d)(2) (which governs class
     (footnote continued)
28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1                                    3                              C 08-00732 CW
AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1    But assuming those are insufficient allegations of the amount in controversy, American has

2  shown far more.  Plaintiff's Complaint does not plead a specific amount in controversy between

3  the putative class and American.  Neither does the Complaint plead there is any upward limit on

4  the amount in controversy.  Rather, the Complaint pleads for judgment in "an amount to be

5  established according to proof at trial."  Complaint ¶¶ 77, 84, 89, 94, 99 and Prayer for Relief ¶ 1.

6  Accordingly, under Ninth Circuit precedent, American, as the removing party, must demonstrate

7  by a preponderance of the evidence that plaintiff's class allegations place in excess of $5 million

8  in controversy.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (Hanni's

9  Complaint fits within the "second situation" described in *Guglielmino*); *Abrego Abrego*, 443 F.3d

10  at 683.[4]

11    American's obligation is only to demonstrate the amount *in controversy*, and nothing else.

12  As the Seventh Circuit has explained:

13    The question is not what damages the plaintiff will recover, but what amount is "in

14  controversy" between the parties.  That the plaintiff may fail in his proof and the judgment be less

15  than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero)

16  does not prevent removal.  Once the proponent of jurisdiction has set out the amount in

17  controversy, only a "legal certainty" that the judgment will be less forecloses federal jurisdiction.

18  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (CAFA removal).

---

actions and requires only an aggregate amount in controversy).

The Third Circuit recently conducted a very similar analysis of the allegations in a plaintiff's class action complaint and held the CAFA "amount in controversy" satisfied.  *Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007).

[4]On page 4 of her Memorandum, plaintiff contends that the applicable test is "legal certainty," rather than "preponderance of the evidence," citing *Loudermilk v. U.S. Bank Nat'l Ass'n.*, 479 F.3d 994, 1000 (9th Cir. 2007).  But as the Ninth Circuit made clear in its later opinion in *Guglielmino*, 506 F.3d at 699-700, the *Loudermilk* "legal certainty" standard applies only when the complaint at issue affirmatively alleges that the aggregate amount in controversy for all putative class members is less than $5 million.  Hanni's Complaint does not make that allegation.  This case is governed by the "preponderance of the evidence" standard.  *Guglielmino*, 506 F.3d at 699.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

1    In addition to the analysis of the allegations in plaintiff's Complaint, as set forth above,

2  there are the other items of evidence in the record before the Court that establish the requisite

3  amount in controversy under CAFA.  On March 3, 2008, only 32 days after American removed

4  this action to this Court and before any discovery had been done, plaintiff's lead attorney, Mr.

5  Hudson, sent American an unsolicited settlement demand (Exhibit 1 to Powell Declaration, filed

6  herewith).  That settlement demand establishes *in several ways* that plaintiff concedes that her

7  Complaint places more than $5 million in controversy for her class action allegations[5]:

8    (1)    The settlement demand establishes a proposed tiered settlement, with passengers

9  confined more than seven hours receiving $10,000, and lesser tiers down to $2,000 for passengers

10  confined for more than two, but less than four, hours.  If one applies *only* the least costly tier, *i.e.*,

11  the $2,000 tier, to the 12,000 passengers the Complaint alleges were in the putative class, the

12  amount in controversy is $24 million.  As set forth above, plaintiff cannot now quibble, for

13  jurisdictional purposes, with the number of alleged class members pleaded in her Complaint, but

14  even if one were to cut the number of alleged class members by half, the amount in controversy,

15  under the least costly reading of plaintiff's settlement demand, would still be $12 million.

16    (2)    The demand letter says Mr. Hudson will "cap" the global settlement amount at $5

17  million for this case, and another $5 million for the *Ray* case, which is a near-identical case he

18  filed in Arkansas before he filed this *Hanni* action in California.[6]  American has attached a copy of

19

20    [5]It is well-established that the plaintiff's evaluation of her own case in a settlement demand is
21  evidence of the amount plaintiff places into controversy in the action.  *See, e.g., Cohn v. Petsmart,*
   *Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1032
22  n. 2 (N.D. Cal. 2002).  *Accord, Rising-Moore v. Red Roof Inns, Inc.*, 435 F. 3d 813, 816 (7th Cir.
   2006) (plaintiff's counsel's settlement range "estimate is close in spirit to the *ad damnum* in a
23  complaint;  it makes sense to give it the same legal status"); *In re Minnesota Mutual Life Ins. Co.*
   *Sales Practices Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003); *Davis v. Chase Bank U.S.A., N.A.*,
24  453 F. Supp.2d 1205, 1209 (C.D. Cal. 2006); *Bankhead v. American Suzuki Motor Corp.*, 529 F.
25  Supp. 2d 1329, 2008 U.S. Dist. LEXIS 965 at *7-8 (M.D. Ala. Jan. 7, 2008); *Osborne v. Sitton*
   *Motor Lines, Inc.*, No. 4:07CV-2-M, 2007 U.S. Dist. LEXIS 17076 at *4-5 (W.D. Ky. Mar. 2,
26  2007); *Simmons*, 209 F. Supp. 2d at 1032 n.2.

27    [6]American removed the *Ray* case to the United States District Court for the Western District of
28  Arkansas, where it is pending as Civil Action No. 5:08-cv-05025-RTD.  In accordance with Local
   (footnote continued)

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1                5                C 08-00732 CW
AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1  the First Amended Complaint in the Arkansas *Ray* action Exhibit 2 to the Powell Declaration filed

2  with this Response so the Court can see that the *Ray* case involves exactly the same events on

3  December 29, 2006, that are pleaded in the Complaint in this action, and exactly the same

4  purported class of 12,000 American passengers on that date.  So, based on the demand letter, there

5  obviously is a minimum of $10 million in controversy between American and the alleged plaintiff

6  class of its passengers who were diverted and delayed on December 29, 2006, due to

7  thunderstorms at the Dallas-Fort Worth International Airport ("DFW Airport").  Indeed, the

8  settlement demand expressly states "a common fund would be established in the amount of $10

9  million."  Mr. Hudson gets to his $5 million "cap" in this case only by dividing the total amount in

10  controversy for the same putative class and same alleged events between two near-identical

11  lawsuits.

12      (3)    Even if the Court focuses only on the $5 million "cap" specifically identified for

13  this action in the settlement demand, that amount is *the amount for which plaintiff says she would

14  have settled the action,* not the amount *in controversy.*  "Parties routinely offer and accept

15  settlement amounts significantly below the total amount placed into controversy by the case in

16  order to avoid the risks that accompany a trial."  *Sayre v. Potts,* 32 F. Supp. 2d 881, 888 (S.D. W.

17  Va. 1999).  *See* Judge Easterbrook's discussion of this point in *Rising-Moore v. Red Roof Inns,*

18  *Inc.*, 435 F.3d 813, 816-17 (7th Cir. 2006).  Indeed, Mr. Hudson's settlement demand says "[a]

19  settlement at this stage would also relieve AA of the risk of a much larger jury award," and that it

20  also "would relieve the plaintiffs of the risk of an unfavorable outcome based on legal or

21  procedural defenses, or on the merits."  Thus, the "capped" settlement demand of $5 million for

22  this case is a discounted, compromise sum, and is less than the total amount plaintiff believes she

23  could get by way of jury verdict if this case is tried.  That larger amount, which clearly exceeds $5

24  million, is the amount Plaintiff's Complaint places in controversy.

25      Several courts have remarked that a settlement demand by plaintiff "falling just below the

26  ───────────────

27  Rule 3-13, American filed in this Court a Notice of Pendency of the earlier-filed *Ray* case. (Docket No. 11).

28

1   jurisdictional threshold tends to suggest that the amount in controversy exceeds this threshold."

2   *Osborne v. Sitton Motor Lines, Inc.*, No. 4:07CV-2-M, 2007 U.S. Dist. LEXIS 17076 at *5 (W.D.

3   Ky. Mar. 2, 2007) (citing cases).  In this action, if Plaintiff discounted the amount she has placed

4   in controversy by her class allegations by only $1 to make her class settlement demand for this

5   action, which she "capped" at $5 million, the requisite amount in controversy exists.

6         (4)     In addition to a $5 million demand for settling with the putative class in this case,

7   plaintiff's settlement demand makes demand for "attorney fees of $250,000 or 10% of the total

8   amount paid out to plaintiffs and class members whichever is greater."  The demand requires that

9   American pay a minimum of $250,000 in attorneys' fees, in addition to the $5 million cap for

10  settling with the putative class.  If Plaintiff intended for her attorneys fees to be paid out of a $5

11  million settlement with the putative class, there would have been no reason even to mention

12  attorneys' fees in the letter because American would have no stake or interest in whatever amount

13  the Court might allow would-be class counsel to receive from any $5 million fund made available

14  for settlement with the putative class.

15        Plaintiff's Complaint also clearly pleads for recovery of attorneys' fees *from American*, in

16  addition to damages for plaintiff and the putative class.  "Wherefore, plaintiffs pray for judgment

17  against defendants, and each of them, as follows: . . . For reasonable attorneys fees according to

18  law and proof at trial."  Prayer for Relief ¶ 1.[7]  Plaintiff's demand for attorneys' fees is included in

19  ascertaining the amount in controversy for federal jurisdiction.  *E.g., Galt G/S v. JSS Scandanavia*,

20  142 F.3d 1150, 1155-56 (9th Cir. 1998); *Simmons*, 209 F. Supp. 2d at 1034-35.[8]

21

22  ───────────────

23  [7]Despite what she prays for in her Complaint, plaintiff seems to argue in her Motion to
    Remand that she is not legally entitled to recover attorneys' fees from American.  *See* Plaintiff's

24  Memorandum p. 3 (Docket No. 22).  But she stops short of forever withdrawing the demands in
    her Complaint for recovery of attorneys' fees from American.

25  [8]Plaintiff's claim in her Complaint for punitive damages must also be counted in ascertaining
    the amount in controversy.  *See* Complaint ¶ 100 and Prayer for Relief at ¶ 2.  *E.g., Bell v.*

26  *Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943); *Simmons*, 209 F.Supp.2d at 1033).

27  Although plaintiff seems to criticize her own punitive damages claim as "rank conclusory
    allegations" (see Plaintiff's Memorandum at p. 3), she does not forever withdraw that claim.

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1                                    7                          C 08-00732 CW
AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1    (5)    Finally, the March 3, 2008 demand letter lists, as the first matter Mr. Hudson took

2  into account in making plaintiff's settlement demand, "the settlement of the 1999 Northwest

3  Airlines stranding case."[9]  In his declaration filed February 28, 2008 (Docket No. 21), a few days

4  before the settlement demand, Mr. Hudson had already provided American and the Court his

5  report about the Northwest settlement.  Mr. Hudson says the Northwest case was a class action

6  "arising out of a stranding and confinement of passengers in Detroit in 1999," and that it is "the

7  only other similar case" of which he is aware.  He reports the settlement amounts were between

8  $1,000 and 2,000 per passenger claim, that there was approximately a class of 7,000, and that the

9  total settlement approximated $7.15 million.

10    In determining the amount in controversy in this action, this Court may consider awards or

11  settlements in similar cases.  *See, e.g., Simmons,* 209 F. Supp.2d at 1033-34.  For whatever reason,

12  Mr. Hudson has provided his report about the Northwest case, which he says is a similar case, for

13  the Court's consideration.  If the Court analogizes even from the low end of the settlement range

14  Mr. Hudson reports for the Northwest case, which was $1,000 per class member, that provides

15  substantial support for the proposition that there is at least $12 million placed in controversy by

16  this action.

17    For each of these reasons, the CAFA jurisdictional amount in controversy is established by

18  a preponderance of the evidence in the record before this Honorable Court.  Indeed, there is

19  nothing to create a fact question with respect to the evidence American has outlined above.

20  Plaintiff has offered no evidence that her class allegations, in fact, place less than $5 million in

21  controversy.  The most she says is that she does "not know ...the aggregate total of damage

22  claims."  *See* Hanni Declaration at ¶ 7.  Plaintiff certainly holds open the possibility that she might

23  later contend that the amount she has placed in controversy does, in fact, exceed $5 million.  *See*

24  Plaintiff's Memorandum at 5.

25

26    [9]Plaintiff's Motion to Remand reports the Northwest case, settled in 2001, was remanded to

27  state court.  Plaintiff's Memorandum at 4-5.  CAFA did not become effective until February 18,
2005.

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1                    8                    C 08-00732 CW
AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1    Plaintiff cites *Ongstad v. Piper Jaffray & Co.*, 407 F. Supp. 2d 1065 (D.N.D. 2006), in

2    support of her motion to remand, but that case does not help her. The plaintiff's complaint alleged

3    unauthorized securities trading losses in one transaction of $14,702 and mentioned two additional

4    transactions alleging unspecified damages. *Id.* at 1091. Defendant's proof consisted of the gross

5    value of assets under management by its North Dakota offices, but the court concluded that there

6    is "no inherent correlation between the total value of the assets and the amount of damages

7    sustained as a result of unauthorized transactions." *Id.* at 1092. The plaintiff's state court

8    complaint alleged that the proposed class would exceed seventy-five, and the defendant provided

9    no evidence to show the class would exceed one hundred. *Id* at 1092 n. 4. There was simply no

10   evidence in *Ongstad* sufficient to prove the CAFA jurisdictional amount.

11          That is not the case here. This Court has CAFA jurisdiction.

12          3.      The "Local Controversy" Exceptions to CAFA Jurisdiction Do Not Apply.

13          Plaintiff's Memorandum at 5:28-6:4 and Paragraph 11 of the Declaration of Paul S.

14   Hudson suggest that it is somehow relevant to this motion whether one third or "even over two

15   thirds" of the putative class members are citizens of California. This is an attempt to invoke the

16   local controversy exception to CAFA jurisdiction in 28 U.S.C. §1332(d)(3). However, this

17   exception requires that  the primary defendants are citizens of the State in which the action was

18   originally filed." 28 U.S.C. §§ 1332(d)(3); 1332(d)(4)(A)(II)(cc); 1332(d)(4)(B). This is not

19   remotely the case here since American is a Delaware corporation with its principal place of

20   business in Texas. Plaintiff has the burden to establish the applicability of any of these "local

21   controversy" exceptions. *See, e.g., Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir.

22   2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's

23   jurisdiction"). Plaintiff's Complaint alleges that American has "a" principal place of business in

24   Texas. Complaint ¶ 2. As a matter of law, a corporation may have only one principal place of

25   business. See, e.g., Capitol Indemnity Corp. v. Russellville Steel Co., 367 F. 3d 831, 835 (8th Cir.

26   2004); 13B Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3624 at 611

27   (2d ed. 1984) ("Section 1332(c) clearly requires that every corporation must have one—but only

28   one—principal place of business."). (Emphasis in original). Accordingly, the allegations of

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1                                          9                                    C 08-00732 CW
AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1  plaintiff's Complaint establish for jurisdictional purposes that American is not a citizen of

2  California. See also Declaration of Alec Bramlett in Support of American's Opposition to Motion

3  to Remand filed herewith, which sets forth additional relevant facts establishing Texas as

4  American's principal place of business. None of the "local controversy" exceptions apply, and

5  plaintiff's ruminations about whether two-thirds of the American passengers diverted from DFW

6  Airport and delayed on December 29, 2006, might have been citizens of California simply have no

7  relevance to any jurisdictional issue.

8  **B.     Diversity Jurisdiction Over Plaintiff's Individual Claim**

9           Plaintiff does not deny that diversity of citizenship exists for her individual claims. *See*

10  Complaint ¶¶ 1-2. Her argument, again, is that American has not proved that her Complaint

11  places the requisite amount in controversy. For plaintiff's individual claims, the amount in

12  controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13          Plaintiff's contention is that she has stated, in her Declaration filed to support her Motion

14  to Remand, that "her individual damages claim including attorneys' fees and any punitive damages

15  is less than $75,000." Plaintiff's Memorandum at 2; *see* Hanni Declaration ¶ 7.[10] Filing a post-

16  removal declaration purporting to reduce the amount in controversy simply does not work, and it

17  has not worked for a long time. As the Supreme Court wrote in 1938, "[a]nd though, as here, the

18  plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the

19  claim below the requisite amount, this does not deprive the district court of jurisdiction." *Red Cab*

20  *Co.*, 303 U.S. at 292. *See also Simmons*, 209 F. Supp.2d at 1033 ("Such statements are likely to

21  manipulate the amount in controversy to secure jurisdiction in the desired court. The court gives

22  little credence to plaintiff's post-removal statements.").

23  _____

24      [10]Actually, Hanni's Declaration does *not* say that Hanni *will not accept* damages, attorneys'
    fees, and punitive damages exceeding $75,000. The Declaration says only that "I am *not seeking*
25  individual damages in this lawsuit in excess of $75,000 including attorney fees and punitive
    damages." (Hanni Declaration ¶ 7, Docket No. 23, emphasis added). Despite what Hanni says
26  she is "seeking," her Complaint requests the Court, time and again, to enter judgment for damages
    "in an amount to be established according to proof at trial." Complaint ¶¶ 77, 84, 85, 99, 100 and
27  Prayer for Relief.

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1                                10                              C 08-00732 CW
AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1   Rather, the allegations in Plaintiff's Complaint control, and her Complaint does not limit

2   the total of her individual claims for damages, attorneys' fees, and punitive damages to less than

3   $75,000, which is what she now seeks to do by her post-removal Declaration.  The Complaint

4   states only to the effect that "Plaintiff . . . [has] been damaged in an amount which satisfies the

5   jurisdictional limits of this court in an amount to be established according to proof at trial."

6   Complaint ¶¶ 77, 84, 89, 94, 99.  Although that amount on the minimum side of the range is

7   $25,000, the amount on the maximum side is unlimited.

8   On top of Ms. Hanni's prayers for judgment for her alleged compensatory damages, her

9   Complaint *also* pleads for judgment for attorney fees and punitive damages to be recovered from

10  American.  Plaintiff's pleading for compensatory "damages" under each of her alleged causes of

11  action in her Complaint plainly do not include attorneys' fees or punitive damages.  *See* Complaint

12  ¶¶ 77, 84, 89, 94, 99.  For three of plaintiff's alleged causes of action, she adds an additional

13  paragraph that places unlimited punitive damages at issue.  *See* Complaint ¶¶ 78, 85, 100.  And,

14  she also requests judgment against American for "reasonable attorneys fees according to law and

15  proof at trial."  *See* Complaint at Prayer for Relief ¶ 3.

16  American has filed the Declaration of Mr. James M. Wagstaffe, an experienced San

17  Francisco lawyer, which states that in Mr. Wagstaffe's professional opinion, and for the reasons he

18  states, plaintiff will incur more than $75,000 in attorneys' fees and expenses in prosecuting her

19  individual claims prior to the time the Court determines whether this action may be maintained as

20  a class action. (Docket No. 3).  That amount in controversy for attorneys' fees boosts the total

21  amount in controversy for Hanni's individual claim well over $75,000, without any consideration

22  of punitive damages.  *See, e.g.*, *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 711

23  (S.D. Miss. 2004).[11]  If one adds any amount for alleged punitive damages at issue -- assume only

25  [11]Mr. Hudson's Declaration states that his fee agreement with Ms. Hanni is a contingency fee
26  agreement and that "she is not expected to incur hourly attorneys' fees."  That is not the issue.
    The issue is what is the reasonable amount of attorneys' fees the Complaint places in controversy
27  against being sought against American, and that must be determined by the type of analysis Mr.
    Wagstaffe presents for the Court.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

1 | $50,000 -- the amount in controversy again exceeds $75,000.

2 |       Plaintiff's settlement demand letter of March 3, 2008, demands $74,900 for settlement of

3 | Ms. Hanni's individual case.  As discussed above under American's discussion of CAFA

4 | jurisdiction, that demand is for a discounted *settlement* of her claims, and that demand

5 | demonstrates that there is a greater amount in controversy.  As Mr. Hudson's letter states,

6 | settlement of the case now "would relieve the plaintiffs of the risk of an unfavorable outcome

7 | based on legal or procedural defenses, or on the merits."  If one reasonably placed a value of even

8 | $101 on those risks (which would value the risk at less than 1% of $74,900), Ms. Hanni's demand

9 | for a *settlement* in the amount of $74,900 places more than $75,000 *in controversy* for Ms.

10 | Hanni's individual case.

11 |       Accordingly, this Court also has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) over

12 | plaintiff Ray's individual claims against American, and supplemental jurisdiction under 28 U.S.C.

13 | § 1367(a) for the claims of the putative class members.  *ExxonMobil Corp. v. Allapattah Services,*

14 | *Inc.*, 545 U.S. 546, 558-560 (2005).

15 | ### III.  CONCLUSION AND PRAYER

16 |       American requests that the Court deny plaintiff's Motion to Remand this action to

17 | California Superior Court.  This Court has federal subject matter jurisdiction in two independent

18 | ways, and there is no basis for remand.

19 |       American also requests the Court to deny plaintiff's premature request for discovery.  The

20 | discovery plaintiff requests is not relevant to this Court's subject matter jurisdiction.  As discussed

21 | above, the number of California citizens in the putative class has no bearing on jurisdiction

22 | because plaintiff fails to meet the other necessary requirement for the "local controversy"

23 | exceptions to CAFA jurisdiction, which is that American must be a citizen of California, and it is

24 | not.  Furthermore, plaintiff's Complaint pleads the approximate number of members in the

25 | putative class, and the Complaint establishes the jurisdictional facts it states.  Plaintiff could not

26 | destroy this Court's jurisdiction by filing a post-removal amendment, or post-removal evidence,

27 | asserting that the putative class is smaller.

28 |

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597918.1        12        C 08-00732 CW

AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO REMAND

1  DATED: April 2, 2008                    COOPER, WHITE & COOPER LLP

2

3                                          By: _____

4                                              Jie-Ming Chou
                                               Attorneys for DEFENDANT AMERICAN
5                                              AIRLINES, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111