Locke Lord Bissell & Liddell LLP
Michael V. Powell (TX SBN 16204400) (appearance *pro hac vice*)
mpowell@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone:   (214) 740-8520
Facsimile:   (214) 756-8520

COOPER, WHITE & COOPER LLP
STEPHEN KAUS (SBN 57454)
skaus@cwclaw.com
JIE-MING CHOU (SBN 211346)
jchou@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Defendant, American Airlines, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KATHLEEN HANNI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C08-00732 CW<br><br>**DEFENDANT AMERICAN AIRLINES, INC.'S OBJECTIONS TO AND MOTION TO STRIKE DECLARATIONS OF KATHLEEN HANNI AND PAUL HUDSON**<br><br>Date: April 24, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor |

Defendant American Airlines, Inc. ("American Airlines") files this Objections and Motion to Strike the Declarations of Kathleen Hanni ("Hanni") and Paul S. Hudson ("Hudson"), which were submitted in support of Plaintiff Kathleen Hanni's Motion to Remand, and would respectfully show the Court as follows:

### I. Introduction and Summary of Objections

Plaintiff Hanni filed this purported class action on behalf of approximately 12,000 passengers of American Airlines who were traveling on December 29, 2006. Defendant American

597817..2                                                    1                                       C08-00732 CW
OBJECTIONS TO AND MOTION TO STRIKE DECLARATIONS

1  removed to this Court on January 31, 2008, pursuant to 28 U.S.C. § 1453(b).

2      Hanni subsequently filed a Motion to Remand. In support of that motion, Hanni submitted
3  her own declaration (the "Hanni Declaration") and the declaration of her attorney Hudson (the
4  "Hudson Declaration"). Both sworn statements purport to present evidence about the number of
5  potential class members, the citizenship of such class members, and the aggregate total damages in
6  this case. This testimony is based solely on "information and belief" and, as such, is inadmissible
7  speculation. In addition, the citizenship of the putative class members is irrelevant to the propriety
8  of remand.

## II. Legal Standard

10      Pursuant to Local Rule 7-5(b), any affidavit made in support of or in opposition to any
11  motion must conform as much as possible to the requirements of F. R. Civ. P. 56(e), and must
12  avoid conclusions and argument. Any statement made upon information or belief must specify the
13  basis therefore. An affidavit or declaration not in compliance with this rule may be stricken in
14  whole or in part.

15      Under Rule 56(e), an affidavit must contain information that would be admissible at trial.
16  See 10B Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 2738 (3d ed.
17  2008). Rule 56(e) further limits the information in an affidavit to facts based on personal
18  knowledge. *Id.* Thus, conclusory facts and conclusions of law, as well as statements made on
19  belief or "on information and belief," cannot be utilized. *Id.* Similarly, the mere re-argument of a
20  party's case or the denial of an opponent's allegations will be disregarded. *Id.*

### III. Specific Objections to the Hanni and Hudson Declarations

22  A.    **Specific Objections to Hanni Declaration**

23      1.    <u>Hanni Declaration ¶ 2 – Lack of Personal Knowledge; Speculation; Irrelevant</u>: In
24  Paragraph 2, Hanni testifies that she is a citizen of California and "upon information and belief the
25  majority of others similarly situated are also citizens of California." The quoted testimony is
26  inadmissible because statements made "on information and belief" are not "based on personal
27  knowledge, but rather on speculation." *De la O v. Housing Authority of City of El Paso*, 417 F.3d
28  495, 501-502 (5th Cir. 2005); *see also Stephens v. Sullivan*, Nos. 88-15202, 88-15332 and 88-

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597817.2    2    C08-00732 CW
OBJECTIONS TO AND MOTION TO STRIKE DECLARATIONS

15333, 1992 WL 357122, *4 (9th Cir. Dec. 4, 1992); *Page v. Children's Council*, No. C 06-3268 SBA, 2006 WL 2595946, *5 (N.D. Cal. Sept. 11, 2006). Because Hanni has no personal knowledge regarding the citizenship of "others similarly situated," her testimony is pure speculation. The statement should be excluded for lack of personal knowledge of the subject matter under Fed. R. Evid. 602.

The citizenship of the putative class members is also irrelevant to the Court's decision to remand because Defendant American Airlines is not a citizen of California, the state where suit was filed. American Airlines is a corporation organized under the laws of Delaware with its principal place of business in Texas, making it a citizen of Delaware and Texas. See 28 U.S.C. § 1332(c)(1). Plaintiff can only invoke this Court's discretion to decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(3) if more than one third of all proposed plaintiffs <u>and the primary defendants</u> are citizens of the state where suit was filed. Because American Airlines is not a citizen of the state where suit was filed, the citizenship of the putative class members is irrelevant to this Court's decision to remand.

2. <u>Hanni Declaration ¶¶ 3-4 – Lack of Personal Knowledge; Hearsay</u>: In Paragraphs 3-4, Hanni purports to provide a factual predicate for her assumption that a majority of the purported class of 12,000 are California citizens. Hanni's inference is unreasonable, however, and is solely based on Hanni's own unilateral, straw poll efforts. Hanni testifies: "The basis for this belief is that…I met or was contacted by over 50 other persons who had a similar experience on other American Airlines flights….36 [of whom had] California telephone numbers."

Hanni's ability to collect 36 California telephone numbers in no way supports her inference that more than 6,000 potential plaintiffs (a majority of the purported class of 12,000) are California citizens. See *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) ("[A]lthough personal knowledge may include reasonable inferences, those inferences … must not be flights of fancy, speculations, hunches, intuitions, or rumors….") (quotations omitted). Moreover, Hanni's polling methods for soliciting these California telephone numbers are unreliable as Hanni does not describe either her method of collecting data or the pool from which that data was collected. Hanni's statements in paragraphs 3 and 4 should be excluded for lack of personal knowledge of

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597817.2

3

C08-00732 CW

OBJECTIONS TO AND MOTION TO STRIKE DECLARATIONS

the subject matter under Fed. R. Evid. 602.

    3.    <u>Hanni Declaration ¶ 7 – Lack of Personal Knowledge; Irrelevant</u>: Finally, in Paragraph 7, Hanni testifies: "I am not seeking individual damages in this lawsuit in excess of $75,000." This statement is irrelevant to the question of the amount in controversy, as it does not constitute a binding stipulation to limit damages. This statement provides no limitation on a fact finder's damage award, and Plaintiff does not indicate that she would not accept damages in excess of that amount. Further, plaintiffs' post-removal affidavits purporting to limit the amount in controversy do not defeat removal. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) (cited with approval by *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).

Plaintiff further testifies in Paragraph 7: "I do not know whether the aggregate total damage claims will exceed $5 million should this case be certified as a class action." This statement is nothing more than an admission that Hanni lacks personal knowledge about the aggregate total damages, and has no tendency to make any fact "more probable or less probable." This statement should be excluded for lack of personal knowledge and relevancy under Fed. R. Evid. 602 and 401.

**B.    <u>Specific Objections to the Hudson Declaration</u>**

    1.    <u>Hudson Declaration ¶ 10 – Lack of Personal Knowledge; Speculation</u>: In Paragraph 10, Hudson testifies that "The number of potential class members is likely to be less than 12,000 based on information learned since the complaint was filed…." However, Hudson does not describe the nature or content of the "information learned," nor does he explain how he has personal knowledge of such information. Statements made "on information and belief" are not "based on personal knowledge, but rather on speculation." *Housing Authority*, 417 F.3d at 501-02. Moreover, an affidavit of the opposing party's attorney which does not contain specific facts or is not based on firsthand knowledge is not entitled to any weight by the court. *Wyler v. U.S.*, 725 F.2d 156, 160 (2nd Cir. 1983); *see also Hoston v. J. R. Watkins Co.*, 300 F.2d 869, 870 (9th Cir. 1962). Hudson's statement about the number of potential class members should be excluded for lack of personal knowledge of the subject matter under Fed. R. Evid. 602.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

2. <u>Hudson Declaration ¶ 11 – Irrelevant</u>: In Paragraph 11, Hudson testifies: "It is also not possible for the Plaintiff and the court to know for certain whether more than one third of the class members or even over two thirds are citizens of California, which would then involve discretion by this Court...." As mentioned above with respect to Hanni's statement regarding the citizenship of the class members, the citizenship of the class members is irrelevant to the Court's decision to remand because Defendant American Airlines is not a citizen of the state where suit was filed. Under 28 U.S.C. § 1332(d)(3), this Court's discretion to decline to exercise jurisdiction exists only if more than one third of all proposed plaintiffs and the primary defendants are citizens of the state where suit was filed. Because American Airlines, the only defendant, is not a citizen of California, Hudson's statement about whether "one third of the class members or even over two thirds" are citizens of California is irrelevant to this Court's decision to remand.

### IV. Conclusion

For the foregoing reasons, Defendant American Airlines, Inc., requests that the Court enter an Order striking the Hanni and Hudson Declarations submitted in support of Plaintiffs' Motion to Remand.

Dated: April 2, 2008

Respectfully submitted.
COOPER, WHITE & COOPER LLP

Jie-Ming Chou
Attorneys for American Airlines, Inc.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

597817.2     5     C08-00732 CW
OBJECTIONS TO AND MOTION TO STRIKE DECLARATIONS

# PROOF OF SERVICE

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, California 94111-5002.

On April 2, 2008, I served the following document(s):

1. **DEFENDANT AMERICAN AIRLINES, INC.'S OBJECTIONS TO AND MOTION TO STRIKE DECLARATIONS OF KATHLEEN HANNI AND PAUL HUDSON**

2. **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT OF AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S TO MOTION TO REMAND**

3. **DECLARATION OF MICHAEL POWELL IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

4. **DECLARATION OF ALEC BRAMLETT IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

on each of the parties listed below at the following addresses:

Law Offices of Paul S. Hudson P.C.  
4411 Bee Ridge Road #274  
Sarasota, Florida 34233

David G. Ramos, Esq.  
Law Offices of David G. Ramos  
3266 Villa Lane  
Napa, California 94558

**BY FIRST CLASS MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 2, 2008, at San Francisco, California.

Gina R. Rivera