Locke Lord Bissell & Liddell LLP
Michael V. Powell (TX SBN 16204400) (appearance *pro hac vice*)
mpowell@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8520
Facsimile: (214) 756-8520

COOPER, WHITE & COOPER LLP
STEPHEN KAUS (SBN 57454)
skaus@cwclaw.com
JIE-MING CHOU (SBN 211346)
jchou@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Defendant, American Airlines, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| KATHLEEN HANNI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C08-00732 CW<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO DISMISS**<br><br>Date: April 24, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor |

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598329.1 C08-00732 CW
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. DISCUSSION ........ 1

A. In *Rowe v. New Hampshire Motor Transport Ass'n.,* the United States Supreme Court Found Express Preemption by a Statute Identical to the ADA. ........ 1

B. *Air Transport Ass'n of America, Inc. v. Cuomo*, 2008 U.S. App. LEXIS 6130 (2d Cir., March 25, 2008) Decided Preemption Issues Indistinguishable From Those Presented Here. ........ 3

C. The Assumption Against Preemption Does not Apply in Traditional Federal Areas. ........ 5

D. The Field of Air Safety is Preempted by the Federal Aviation Act and Federal Aviation Regulations. ........ 6

E. The ADA Explicitly Preempts Causes Of Action Related to a Price, Route, or Service of an Air Carrier........ 7

F. The Individual Causes of Action Are Not Pled With Sufficient Detail........ 9

III. CONCLUSION ........ 9

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598329.1 i C08-00732 CW

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Abourezk v. New York Airlines, Inc.*, 895 F.2d 1456 (D.C. Cir. 1990) ........ 8

*Air Transport Ass'n of America, Inc. v. Cuomo*, 2008 U.S. App. LEXIS 6130 (2d Cir., March 25, 2008) ........ 2, 3, 4, 5

*American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) ........ 8

*Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005) ........ 6

*Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259 (9th Cir. 1998) (en banc) ........ 4

*Chrissafis v. Continental Airlines, Inc.*, 940 F.Supp. 1292 (N.D. Ill. 1996) ........ 8, 9

*Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992) ........ 5

*City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624 (1973) ........ 5

*De Buono v. NYSA-ILA Medical and Clinical Services Fund*, 520 U.S. 806 (1997) ........ 6

*Metrophones Telecommuications, Inc. v. Global Crossing Telecommunications, Inc.*, 423 F.2d 1056 (9th Cir. 2005) ........ 5

*Montalvo v. Spirit Airlines*, 508 F.3d 464 (9th Cir. 2007) ........ 6

*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992) ........ 7, 8

*Perdiago v. Delta Airlines, Inc.*, 973 So. 2d 33; 2007 La. App. LEXIS 2093 (2007) ........ 9

*Pinney v. Nokia, Inc.*, 402 F.3d 430 (4th Cir. 2005) ........ 6

*Riegel v. Medtronic, Inc.*, 76 U.S.L.W. 4087 (U.S., February 20, 2008) ........ 5

*Romano v. American Trans Air*, 48 Cal.App.4th 1637 (1996) ........ 7

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

*Rombom v. United Air Lines, Inc.*, 867 F.Supp. 214 (S.D.N.Y.,1994) .......... 8

*Rowe v. New Hampshire Motor Transport Ass'n.*, 76 U.S.L.W. 4102 (U.S., February 20, 2008) .......... passim

*United States v. Locke*, 529 U.S. 89 (2000) .......... 5, 7

*Vinnick v. Delta Airline, Inc.*, 93 Cal.App.4th 859 (2001) .......... 7

Statutes

49 U.S.C. § 41713(b) .......... 1, 2, 3

49 U.S.C. § 41713(b)(1) .......... 1, 3, 4, 7

49 U.S.C. §§ 40101, et seq. .......... 1, 6

Fed. R. Civ. P. 12(b)(6) .......... 9

Fed. R. Civ. P. 9(b) .......... 9

Other Authorities

FAA 1958, Pub. L. No. 85-726, 72 Stat. 731 .......... 6

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

## I. INTRODUCTION

Instead of dealing with the governing Ninth Circuit and United States Supreme Court precedents that govern the decision of this motion, Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss ("Opposition") discusses various preemption cases in no particular order and erroneously attempts to apply them to the allegations in Plaintiff's Complaint.

In this Reply, Defendant American Airlines, Inc. ("American") will first discuss two very significant appellate decisions that have been published since American filed this motion. Both of these decisions strongly support American's position that Plaintiff's state common law causes of action are preempted. Thereafter, American will attempt to bring the discussion back to the two applicable types of preemption: (1) field preemption of the field of passenger health and safety onboard commercial aircraft by the Federal Aviation Act of 1958 ("FAA") (49 U.S.C. §§ 40101, et seq.) and its implementing Federal Aviation Regulations ("FARs"), and (2) express preemption that prohibits states from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier," under the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1).

## II. DISCUSSION

### A. In *Rowe v. New Hampshire Motor Transport Ass'n.*, the United States Supreme Court Found Express Preemption by a Statute Identical to the ADA.

The Supreme Court's decision in *Rowe v. New Hampshire Motor Transport Ass'n.*, 76 U.S.L.W. 4102 (U.S., February 20, 2008), pertained to an express preemption provision for state laws governing motor carriers that is identically-worded to the ADA preemption provision concerning air-carriers in 49 U.S.C. § 41713(b).[1] Indeed, the Supreme Court stated that "the Congress that wrote the language before us copied the language of the air-carrier pre-emption provision of the Airline Deregulation Act of 1978." 76 U.S.L.W. at 4104. Consequently, as the

---

[1] The ADA prohibits states from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier."

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

Second Circuit agreed in *Air Transport Ass'n of America, Inc. v. Cuomo*, 2008 U.S. App. LEXIS 6130 (2d Cir., March 25, 2008)(*"Air Transport"* discussed below), *Rowe* provides important Supreme Court guidance on the scope of ADA preemption. *See Air Transport*, 2008 U.S. App. LEXIS 6130 at **9-16.

The Maine statute at issue in *Rowe* required retailers shipping tobacco products into Maine to use only delivery companies that provided the services of verifying the recipient's age and that the recipient is the same person who placed the order for the tobacco product. The Supreme Court viewed the statute as requiring delivery companies, which are principally motor carriers, to provide certain kinds of "services" if they deliver tobacco products in Maine. The Supreme Court rejected Maine's argument that the required services "impose no significant additional costs upon carriers," which is the same argument plaintiff Hanni makes at 17:3-19 of her Memorandum of Law. *See Rowe*, 76 U.S.L.W. at 4105. In language that is fully applicable here, the Supreme Court wrote:

> To allow Maine to insist that the carriers provide a special checking system would allow other States to do the same. And to interpret the federal law to permit these, and similar, state requirements could easily lead to a patchwork of state service-determining laws, rules and regulations. That state regulatory patchwork is inconsistent with Congress' major legislative effort to leave such decisions, where federally unregulated, to the competitive marketplace.

76 U.S.L.W. at 4105.

In this case, plaintiff clearly advocates for courts to apply a state common law-derived patchwork of requirements and obligations on air carriers by rendering judgments for damages that, for example, govern how carriers must deal with weather-caused diversions of flights and resulting delays on the ground. In *Rowe*, the Supreme Court held that Maine's imposition of a requirement for a motor carrier to verify a tobacco recipient's age was a "service," within the meaning of language identical to that in 49 U.S.C. § 41713(b). This eviscerates Plaintiff's argument at Opposition 11:5; 14:20-15:19 that the term "service" only means "point to point transportation." Under *Rowe*'s analysis, state requirements for food, beverages, toilet service, electricity, baggage service, transportation, overnight lodging, and the other types of matters about which plaintiff complains in this action equally impinge on an air carrier's service. As is

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598329.1 2 C08-00732 CW
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

discussed below, this is exactly the conclusion that the Second Circuit drew from *Rowe* in *Air Transport.*

**B. *Air Transport Ass'n of America, Inc. v. Cuomo*, 2008 U.S. App. LEXIS 6130 (2d Cir., March 25, 2008) Decided Preemption Issues Indistinguishable From Those Presented Here.**

Plaintiff briefly mentions the Second Circuit's *Air Transport* decision at page 13 of her Opposition, but mainly to bemoan the demise of the trial court decision that the Second Circuit reversed. She falls far short of describing the significance of that decision to this action, which is to fully support American's contention that Plaintiff's claims are preempted by the express preemption language in the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1).

In *Air Transport*, the Second Circuit held that 49 U.S.C. § 41713(b) preempts a New York statute regulating the exact services Plaintiff claims are not preempted: the provision by airlines of fresh air, lighting, toilet and waste removal services, and food and drink during on-board delays on commercial aircraft. 2008 U.S. App. LEXIS 6130 at **8-13. The *Air Transport* holding is unequivocal:

> We hold that requiring airlines to provide food, water, electricity, and restrooms to passengers during lengthy ground delays does relate to the service of an air carrier and therefore falls within the express terms of the ADA's preemption provision.

*Id.* at *13.

Explicitly relying on *Rowe*'s holding that age verification was a service of a motor carrier, the Second Circuit held in *Air Transport* that imposing state requirements for food, beverages, toilet service, electricity, baggage service, transportation, overnight lodging, and the other types of matters about which plaintiff complains in this action are equally part of an air carrier's service:

> "[In *Rowe*], the Court necessarily defined "service" to extend beyond prices, schedules, origins, and destinations. Indeed, in determining that the ADA's preemption provision reached, among other things, the imposition of recipient verification requirements on tobacco shipments, the Court stated expressly that "federal law must . . . pre-empt Maine's efforts directly to regulate carrier *services*." *Rowe, 128 S. Ct. at 998* (emphasis added). It noted further that to interpret the federal preemption provision not to reach such regulation "could easily lead to a patchwork of state service-determining laws, rules, and regulations," which would be "inconsistent with Congress' major legislative effort to leave such decisions, where federally unregulated, to the competitive marketplace." *Id. at 996.*
>
> We hold that requiring airlines to provide food, water, electricity, and restrooms to passengers during lengthy ground delays does relate to the service of an air carrier

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

and therefore falls within the express terms of the ADA's preemption provision." *Air Transport*, 2008 U.S. App. LEXIS 6130 at **12-13.

In *Air Transport*, the Second Circuit specifically questioned the viability of the relatively limited view of "services" under the ADA that the Ninth Circuit took in *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1261 (9th Cir. 1998) (en banc), stating that "*Charas's* approach, we believe, is inconsistent with the Supreme Court's recent decision in *Rowe*." As the Second Circuit reasoned, under *Rowe*, the cramped view of "services" in *Charas* cannot stand. At the very least, the *Air Transport* decision should cause this Court to adopt the differentiation of the routine personal injury torts involved in *Charas* from the service related issues in the Complaint here, as set out in American's initial Memorandum in support of this motion. If the Court believes that *Rowe* and *Charas* are inconsistent, American submits that the Supreme Court decision in *Rowe* must be followed.

The *Air Transport* court also relied on *Rowe* to reject an argument similar to plaintiff's argument in this case that she is advocating for health and safety regulations that should be exceptions to ADA preemption. As *Air Transport* states:

> Additionally, we note that *Rowe* declined to read into [the motor carrier] preemption provision an exception that preserves state laws protecting the public health. [*See Rowe*, 76 U.S.L.W. at 4105-06]. Rowe accordingly forecloses New York's argument and the district court's conclusion . . . that classifying the [New York statute] as a health and safety regulation or a matter of basic human necessities somehow shields it from the preemptive force of § 41713(b)(1). Onboard amenities, regardless of whether they are luxuries or necessities, still relate to airline service and fall within the express terms of the preemption provision . . . ."

*Air Transport*, 2008 U.S. App. LEXIS 6130 at **15-16.

The only significant distinction between *Air Transport* and this action is that in *Air Transport*, the New York Legislature sought to impose state standards on airlines for dealing with on-board ground delays through legislation, while plaintiff Ray seeks the same result through application of state common law. However, in analyzing whether state-imposed standards are preempted, it makes no difference whether those standards are imposed by means of legislation or state common law. As the Supreme Court recently repeated, "while the common law remedy is limited to damages, a liability award 'can be, indeed is designed to be, a potent method of

governing conduct and controlling policy.'" *Riegel v. Medtronic, Inc.*, 76 U.S.L.W. 4087, 4091 (U.S., February 20, 2008), *quoting Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521 (1992). The Ninth Circuit has recognized that express preemption can extend beyond statutes and regulations "to embrace common law duties." *Metrophones Telecommuications, Inc. v. Global Crossing Telecommunications, Inc.*, 423 F.2d 1056, 1074-75 (9th Cir. 2005).

American respectfully suggests that *Air Transport* is a powerful precedent supporting American's motion to dismiss this action under the ADA's express preemption provision.[2]

**C. The Assumption Against Preemption Does not Apply in Traditional Federal Areas.**

Plaintiff argues that the Court must apply a presumption against preemption.[3] However, as the Supreme Court has pointed out, "an 'assumption' of nonpreemption is not applicable when the State regulates in an area where there has been a history of significant federal presence." *United States v. Locke*, 529 U.S. 89, 108 (2000). Interstate and international aviation is certainly one of those areas. As the Second Circuit observed in *Air Transport*, the FAA "was enacted to create 'a uniform and exclusive system of federal regulation' in the field of air safety," and "was passed by Congress for the purpose of centralizing in a single authority—indeed in one administrator—the power to frame rules for the safe and efficient use of the nation's airspace.'" *Air Transport*, 2008 U.S. App. LEXIS 6130 at **16-17. There can be little question that "there has been a history of significant federal presence" in commercial aviation. *See City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624 (1973).

---

2 Plaintiff's Memorandum claims the *Air Transport* opinion "went on to reaffirm and strengthen an earlier decision holding that state tort actions and claims by passengers were not preempted." Plaintiff cites pages 14-15 of the *Air Transport* slip opinion for this claim, which contain the portions of the opinion that appear at 2008 U.S. App. LEXIS 6130 at **16-18. Those pages of the slip opinion are within the *Air Transport* opinion's discussion of Federal Aviation Act ("FAA") field preemption, rather than express preemption under the ADA. The only statement to which that plaintiff conceivably could be referring is the following: "Although we have not addressed this precise issue, we have acknowledged that the FAA does not preempt all state law tort actions."

3 Opposition 3:8-4:27.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

**D. The Field of Air Safety is Preempted by the Federal Aviation Act and Federal Aviation Regulations.**

Plaintiff's Opposition does not deal in any serious way with *Montalvo v. Spirit Airlines*, 508 F.3d 464, 472-473 (9th Cir. 2007). As American presented in its initial Memorandum at 4:2-7:10, *Montalvo* holds that Congress has impliedly preempted the field of governmental regulation pertaining to the health and safety of air carrier passengers during flight by enacting the FAA 1958, Pub. L. No. 85-726, 72 Stat. 731 (codified as amended at 49 U.S.C. §§ 40101, et seq.) and giving the Federal Aviation Administration comprehensive power to issue Federal Aviation Regulations thereunder. Otherwise, the *Montalvo* court warned, there would be a "crazy-quilt" of different state regulations instead of a single national set of rules with which airlines could comply.

Much of Plaintiff's argument against implied preemption rests on her false assertion, discussed above, that a presumption against preemption can be applied in this traditionally federally regulated field. Beyond that, the issue is whether Plaintiff's claims relate to on-board airline passenger health and safety. Plaintiff does not present a coherent argument that health and safety is not the core of her state common law claims for the simple reason that such an argument could not be made with a straight face. Indeed, Plaintiff's explicit position is that her causes of action *do* relate to health and safety. Plaintiff attempts to stand the argument on its head, arguing at Opposition 4:13-15 that "health and safety" is an area traditionally left to the states. This may be true in general, but the exact opposite is true aboard aircraft. Not surprisingly, the cases cited by Plaintiff have nothing to do with aviation. *Pinney v. Nokia, Inc.*, 402 F.3d 430 (4th Cir. 2005) is a class action concerning emissions from mobile phones. *De Buono v. NYSA-ILA Medical and Clinical Services Fund,* 520 U.S. 806 (1997) concerns whether a state tax on gross receipts of health care facilities was preempted by ERISA. *Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005) is about whether the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) preempts claims for defective design, defective manufacture, negligent testing, breach of express warranty, and violation of Texas Deceptive Trade Practices Act (DTPA) brought by peanut farmers against the manufacturer of a herbicide.

The remainder of the points raised in opposition to FAA field prevention simply beg the question. If Plaintiff has a claim about her health and safety aboard an aircraft, it needs to be made under federal law, not state law, at least in the Ninth Circuit. Her Complaint is replete with references to whether planes should have been rerouted, should have been held on the tarmac and the like. These clearly involve health and safety aspects of air travel and are preempted.

The fact that the FAA has a "savings clause" is of no significance. If preemption exists, a catchall savings clause does not alter the analysis. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 385 (1992) (". . . where the "saving" clause is a relic of the pre-ADA/no pre-emption regime. A general "remedies" saving clause cannot be allowed to supersede the specific substantive pre-emption provision . . . ."); *Locke*, 529 U.S. at 106 ("We decline to give broad effect to saving clauses where doing so would upset the careful regulatory scheme established by federal law.")

**E. The ADA Explicitly Preempts Causes Of Action Related to a Price, Route, or Service of an Air Carrier.**

Returning to the express preemption of state regulation "related to a price, route, or service of an air carrier" in the ADA , 49 U.S.C. § 41713(b)(1), Plaintiff 's argument, as noted above, flies in the face of the broad definition of service utilized by the United States Supreme Court in *Rowe*. To the extent that cases suggest that some aspects of airline service are too tenuously connected to airline economics to be preempted, this reasoning must be reexamined in light of *Rowe*'s sweeping reading of the preemption clause.[4] The allegations made by Plaintiff, especially when examined in light of *Rowe*, relate to the service provided by American to its passengers and therefore are preempted by the ADA's express language.[5]

---

[4] American assumes that the Court will analyze whether Plaintiff's causes of action relate to air carrier "service' under the ADA and will not be deterred by Plaintiff's apparent attempt to avoid such analysis by arguing that "everything is ultimately related to everything else." Opposition 14:20-15:8.

[5] For example, Plaintiff cites *Vinnick v. Delta Airline, Inc.*, 93 Cal.App.4th 859 (2001)(passenger injured by luggage that fell from overhead bin) and *Romano v. American Trans Air,* 48 Cal.App.4th 1637 (1996) (fight between two passengers), apparently for the proposition that state tort remedies are not preempted by the ADA. Each of these pre-*Rowe* cases found no preemption for a personal injury allegation that happened to occur on an aircraft. Neither is related to the (footnote continued)

At 8:19-9:2, Plaintiff criticizes American for citing *Abourezk v. New York Airlines, Inc.*, 895 F.2d 1456 (D.C. Cir. 1990) because of factual differences, but American made those differences, which are outweighed by the similarity of the false imprisonment charge, clear in its Memorandum. Although the holding that the air carrier had no duty with regard to the passenger's claim that he was falsely imprisoned certainly is supportive of American's position in this case, American cited *Abourezk* for the quoted concurrence by Judge Edwards. Judge Edwards cautions that because the airline had abandoned its preemption argument on appeal, the court's holding that reached the merits should not be read to undermine the FAA's preemption of airline “rates, routes, or services.”

Plaintiff cites *Rombom v. United Air Lines, Inc.*, 867 F.Supp. 214 (S.D.N.Y.,1994) as being a "widely used test" for evaluating preemption claims on a case by case basis. First, the use of the test is not that wide. There are a handful of reported mentions of the case outside New York City's District Courts. In fact, *Rombon*, which was an attempt to apply *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992) (state advertising laws preempted by FAA) found that claims concerning the disposition of an aircraft were preempted while the allegedly malicious decision to have the plaintiff arrested was not. Subsequently, in *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 223 (1995), the Supreme Court revisited the issue and held that it was improper for a court to differentiate between matters “essential” to airline operations and those that were not essential. *Id.* at 226. This effectively eliminated the *Rombon* evaluation of "whether the underlying tortious conduct was reasonably necessary to the provision of the service," *Rombon* at 222, and eliminated whatever influence the test in *Rombon* ever had. Additionally, of course, this is exactly the type of analysis rejected in *Rowe*.[6]

Plaintiff also wrongly criticizes American's characterization of the holding in *Chrissafis v.*

---

actual service provided by the carrier, as are the allegations here.

[6] None of these cases involve events that actually took place in the air, demonstrating the irrelevance of that point raised by Plaintiff at Opposition 5:25-26.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

*Continental Airlines, Inc.*, 940 F.Supp. 1292, 1298 (N.D. Ill. 1996).[7] In *Chrissafis*, the court reconciled the cases by deciding "the ADA preempts false arrest and false imprisonment claims that involve incidents in which the airline refused or failed to provide a service to a passenger," *Id.* at 1298, but that "where the gist of the false arrest and false imprisonment claim is that the airline caused the passenger to be arrested by authorities without a proper factual basis, courts have held that the claims are not related to services and, therefore, are not preempted." *Id.* at 1298. Plaintiff's case here is of the sort that *Chrissafis* held was preempted.

Finally, Plaintiff misunderstands the holding in *Perdiago v. Delta Airlines, Inc.*, 973 So. 2d 33; 2007 La. App. LEXIS 2093 (2007). In fact, *Perdiago* found preemption of the claims analogous to those pled here, ruling that allegations such as "failing to prevent . . . sitting on a runway for approximately eight hours with insufficient mobility and/or hydration of passengers" and "failing to provide sufficient beverages to prevent dehydration" relate to "services" of an airline which the ADA has pre-empted." 2007 La. App. LEXIS 2093 at **11. The area that the court held might not be preempted concerned affirmative and apparently rude conduct by Delta personnel.

**F. The Individual Causes of Action Are Not Pled With Sufficient Detail.**

American stands by its argument at 19:25-25:15 that the allegations in the Complaint are not pled in sufficient detail. Plaintiff has basically ignored the particulars of these arguments or claims that she has pled the causes of action in sufficient detail. No purpose will be served by American merely repeating its position other than to highlight two points.

In particular, the fraud allegations are woefully deficient in pleading facts to justify the required elements. Nothing in the Complaint indicates any conceivable reliance, justified or otherwise, and the fraud cause of action should be dismissed without leave to amend.

Moreover. Plaintiff ignores the terms of the contract she has pled and alleges damages that are all "special, incidental, and consequential." All of these are expressly disallowed under the

---

[7] Erroneously cited by Plaintiff at Opposition 19:15 as 940 F.Supp.2d 1992.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598329.1 9 C08-00732 CW
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

contract. Again, leave to amend is not appropriate on this cause of action.

## III. CONCLUSION

For the reasons above and in Defendant's Brief in Support of Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and 9(b) (Docket No. 8), American asks the Court to dismiss Plaintiff's Complaint for failure to state a cognizable claim.

Respectfully submitted.

Date: April 10, 2008

COOPER, WHITE & COOPER LLP

Jie-Ming Chou
Attorneys for American Airlines, Inc.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598329.1 10 C08-00732 CW
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**PROOF OF SERVICE**

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, California 94111-5002.

On April 10, 2008, I served the following document(s):

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO DISMISS**

on each of the parties listed below at the following addresses:

Law Offices of Paul S. Hudson P.C.
4411 Bee Ridge Road #274
Sarasota, Florida 34233

David G. Ramos, Esq.
Law Offices of David G. Ramos
3266 Villa Lane
Napa, California 94558

**BY FIRST CLASS MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 10, 2008, at San Francisco, California.

Gina R. Rivera