LOCKE LORD BISSELL & LIDDELL LLP
MICHAEL V. POWELL (TX SBN 16204400) (appearance *pro hac vice*)
 mpowell@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8520
Facsimile: (214) 756-8520

COOPER, WHITE & COOPER LLP
STEPHEN KAUS (SBN 57454)
 skaus@cwclaw.com
JIE-MING CHOU (SBN 211346)
 jchou@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for DEFENDANT AMERICAN
AIRLINES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KATHLEEN HANNI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C 08-00732 CW<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT OF AMERICAN AIRLINES, INC.'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL** |

## I. INTRODUCTION

On March 3, 2008, Plaintiff's counsel Mr. Paul Hudson unilaterally and voluntarily sent an unsolicited settlement demand letter ("Settlement Demand") to defendant, American Airlines, Inc. ("American") detailing the terms upon which Plaintiff would settle her case against American. After receipt of the Settlement Demand, American proceed to file the Settlement Demand as an exhibit to American's Motion for Leave to File an Amended Notice of Removal, filed with this Court on March 19, 2008 ("Motion for Leave"). American filed the Motion for Leave to advise

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598064.1                                                                                                                              C 08-00732 CW
AMERICAN AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE

the Court of all information relevant in establishing this Court's jurisdiction over the *Hanni* case and to fully brief the Court with respect to the inconsistent representations made by plaintiff in her Motion to Remand and related papers about the amounts in controversy in this action versus those made in the Settlement Demand.

The Settlement Demand was sent without any prior discussion with counsel for American. American had no agreements with Mr. Hudson with respect to his making the Settlement Demand and nowhere in the Settlement Demand does he allege that the parties had at any time discussed or reached any agreement with respect to settlement communications or ADR processes. Despite the clear lack of any agreement between the parties as to the specific ADR process to which the parties were agreeable, Plaintiff contends that American has violated the Local ADR Rules relating to Early Neutral Evaluations ("ENE"). American could not have violated the Local ADR Rules when no ADR process was even occurring.

Not only did American not violate any of the Local ADR Rules, but this Court has specifically ruled in its March 25, 2008 Order Denying Defendant's Application for Order Shortening (Docket #37) that American could include in its opposition to Plaintiff's Motion to Remand any facts and argument related to the Settlement Demand. Furthermore, American's filing of the Settlement Demand with this Court is expressly allowed under the controlling Ninth Circuit authority as well a multitude of other circuit and district court decisions holding that a plaintiff's settlement demand can be used by a defendant to establish the amount in controversy for jurisdictional purposes. Plaintiff's opposition to American's Motion for Leave is without merit and American requests that the Court grant American's Motion for Leave.

## II. DISCUSSION

### A. American Did Not Violate the Northern District's Local ADR Rules in Filing the Settlement Demand With the Court.

American's usage of the Settlement Demand in its Motion for Leave does not violate Rule 5-12(a)(2) of the Northern District of California's ADR rules, which prescribes the confidentiality procedures in an ENE for the basic reason that no ENE, or any other ADR process, was occurring. At no time, including the time that Mr. Hudson sent the Settlement Demand, were the parties

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598064.1                                    2                                    C 08-00732 CW
AMERICAN AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE

engaged in an ENE, nor had the parties even discussed participating in an ENE or any other ADR options. The Settlement Demand was not an "ENE Statement," or included as part of any exchange of documents during an agreed upon ADR process. Simply because this case was assigned to the ADR program, as are all cases that are filed in the Northern District, does not automatically place any and all communications between counsel that occur after the filing of the case within the ambit of the confidentiality requirements of the Local ADR Rules.

Mr. Hudson's earlier "communication" to Mr. Powell – counsel for American – referenced in paragraph 2 of Mr. Hudson's Declaration was nothing more than a brief call to Mr. Powell solely for the purpose of informing Mr. Powell that the Settlement Demand was forthcoming. See Declaration of Michael Powell, ¶ 2 filed herewith ("Powell Decl."). At no time during the very brief call to Mr. Powell did Mr. Hudson inform Mr. Powell that the Settlement Demand he was sending was in furtherance of any ADR process mandated by this Court nor did he seek Mr. Powell's agreement that the unsolicited Settlement Demand would be kept confidential. See Powell Decl., ¶ 3. Counsel for American have not yet engaged in any discussions with Mr. Hudson (or Mr. Ramos) about any ADR process nor has American affirmatively solicited any settlement offers from Plaintiff. See Powell Decl., ¶ 4. The fact that the ENE process exists and Mr. Hudson has found a local rule regarding the confidentiality of documents exchanged during the ENE process does not make Local ADR Rule 5-12(a)(2) binding upon American when the parties have not stipulated to an agreed upon ADR process or started participating in ADR. American cannot be in violation of the ENE rules when no ENE was taking place.

**B.    The Law in the Ninth Circuit Clearly Allows for American to Use of Plaintiff's Settlement Demand Letter to Establish the Amount in Controversy.**

A multitude of circuit court cases, including in the Ninth Circuit, and district court cases hold that settlement demands by the plaintiff may be considered as evidence in determining the amount the plaintiff has placed in controversy for the purposes of determining federal jurisdiction, including decisions applying the jurisdictional provisions of the Class Action Fairness Act of 2005. See e.g. *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598064.1                                3                              C 08-00732 CW
AMERICAN AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE

plaintiff's claim."); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007) (plaintiff's mediation demand put defendant on notice that amount in controversy under Class Action Fairness Act was satisfied); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006) (evidence regarding plaintiff's settlement offer was admissible to show that amount in controversy requirement for diversity jurisdiction was met); *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) ("[Plaintiff's] post-complaint demand letter was an 'other paper' under § 1446(b) which gave [the Defendant] notice that the case was removable."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (consulting plaintiff's settlement offer to determine "plaintiff's assessment of the value of her case"); *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) ( "The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant whether communicated in a formal or informal manner."); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543 (E.D. Cal. 2007) (a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim); *Davis v. Chase Bank U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1209 (C.D. Cal. 2006); *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp.2d 1102 (S.D. Cal. 2003) (settlement letter was sufficient to establish that amount in controversy was satisfied for exercise of diversity jurisdiction); *Dozier v. Kentucky Finance Co., Inc.*, 319 F. Supp.2d 716, 718 (S.D. Miss. 2003) ("[A] settlement letter can be sufficient to constitute an 'other paper' which makes a case removable where the settlement request demands an amount over the jurisdictional minimum."); *Grunberger Jewelers v. Leone*, 2003 WL 21488752, at *2 (D. Conn. June 25, 2003) (demand letter offering $172,000 to settle the case constitutes "other paper" for purposes of § 1446(b)); *Archer v. Kelly*, 271 F. Supp.2d 1320, 1323 (N.D. Okla. 2003) ("Defendants' rejection of a settlement offer does not foreclose their ability to use the offer itself as an estimate of the value plaintiff attributes to the claim and thus, as a benchmark for their assertion of the amount in controversy in a notice of removal.").

Despite plaintiff's personal opinion that the Ninth Circuit's decision in *Cohn* is "unwise", that decision is controlling and it holds that a plaintiff's settlement offer may be used by defendant for the limited purpose of establishing the amount plaintiff puts in controversy and that such a use

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598064.1                                4                                C 08-00732 CW
AMERICAN AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE

of a settlement demand does not violate Fed. R. Evid. 408. The *Cohn* court stated that:

> We reject the argument that [Rule] 408 prohibits the use of settlement offers in determining the amount in controversy. Rule 408 disallows use of settlement letters to prove 'liability for or invalidity of the claim or its amount.' We agree with the district court that Rule 408 is inapplicable because this evidence was not offered to establish the amount of [Defendant's] liability, but merely to indicate [Plaintiff's] assessment of the value of the trademark.

*Id.* at 840 n. 3

Even the court in *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp.2d 195 (D. Conn. 2004), a case cited by Plaintiff in her Opposition to American's Motion for Leave at 4:2-3, held that settlement letters could be used as evidence of the amount in controversy and that such use does not violate Fed. R. Evid. 408, citing to the Ninth Circuit's ruling in *Cohn*. *Id.* at 202.

Counsel for American has not committed any wrong against plaintiff, breached any ethical obligations, or "cut the heart out of" the ADR process here. Mr. Hudson sent an unsolicited Settlement Demand to American that has been placed before the Court. American's use of the Settlement Demand for the limited purpose of establishing the amount placed in controversy by Plaintiff is expressly allowed under controlling Ninth Circuit authority. Despite the holdings of numerous courts authorizing such a usage, Plaintiff argues that the Court should disregard the Settlement Demand and the cases cited above. Plaintiff's arguments in opposition to American's Motion for Leave are unavailing and without merit and should be denied.

### III. CONCLUSION AND PRAYER

For the reasons stated above, American respectfully requests that the Court grant American's Motion for Leave and deny Plaintiff's request for expungement and attorneys' fees and costs.

DATED: April 10, 2008

COOPER, WHITE & COOPER LLP

By: _____
Jie-Ming Chou
Attorneys for DEFENDANT AMERICAN AIRLINES, INC.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598064.1    5    C 08-00732 CW
AMERICAN AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE

# PROOF OF SERVICE

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, California 94111-5002.

On April 10, 2008, I served the following document(s):

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL; DECLARATION OF MICHAEL POWELL IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL**

on each of the parties listed below at the following addresses:

Law Offices of Paul S. Hudson P.C.
4411 Bee Ridge Road #274
Sarasota, Florida 34233

David G. Ramos, Esq.
Law Offices of David G. Ramos
3266 Villa Lane
Napa, California 94558

**BY FIRST CLASS MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 10, 2008, at San Francisco, California.

_____
Gina R. Rivera

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

594988.1