PAUL S. HUDSON (pro hoc vice admission pending)
LAW OFFICES OF PAUL S. HUDSON P.C.
globetrotter1947@hotmail.com
4411 Bee Ridge Road #274.
Sarasota, Florida 34233
Telephone: 410-940-8934
Facsimile: 240-391-1923

DAVID G. RAMOS (Bar No. 116456)
LAW OFFICES OF DAVID G. RAMOS
barram@i-cafe.net
3266 Villa Lane
Napa, California 94558
Telephone: 707-255-1700
Facsimile: 707-255-3660

Attorneys for Plaintiff KATHLEEN HANNI.
Individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KATHLEEN HANNI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN AIRLINES, INC.; and DOES 1 through 20, inclusive, <br><br> Defendants. | No.   C08-00732 CW <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATIONS OF PLAINTIFF KATHLEEN HANNI AND HER ATTORNEY PAUL S. HUDSON** <br><br> Date: April 24, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 2 |

**I. Cases cited by Defendant in support of striking portions of declarations based on information and belief are distinguishable or not on point.**

Defendant cites *De la O v. Housing Authority of City of El Paso*, Tex. 417 F.3d 495, 501-2 (5th Cir. 2005) and *Stephens v. Sullivan*, 980 F.2d 738 (9th Cir. 1992) for the proposition that declaration allegations based on information and belief should be stricken. Each of these cases involved motions for summary judgment where the burden of proof had been shifted to the plaintiff opposing summary judgment, rather than a remand motion where

1 the burden of proof to show the jurisdictional amount remains on the removing party. *Valdez v Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). Moreover, the declarations in those cases were weighed, not struck.

Likewise, FRCP 56(e) cited by Defendant relates to motions for summary judgment, not remand motions.

The better course to follow if remand is not granted outright is to weigh the information and belief statements not as necessarily conclusive, but as evidence of the need for discovery. All the allegations of Defendant in its brief and in the declarations of its experts are speculative to say the least. Other courts have granted limited discovery in response to information and belief declarations in similar circumstances involving remand motions for CAFA cases. See *Francisco v. NGC*, 2007 US Dist. LEXIS 96618.

**II. There is no question based on the Complaint and the Declaration of Kathleen Hanni that the Federal Court lacks jurisdiction of the case unless the court finds by a preponderance of evidence that there is CAFA jurisdiction of over $5 Million in controversy.**

Contrary to the Defendant's assertion, the Hanni Declaration confirms that she seeks less than $75,000 (which is further confirmed in the settlement demand letter of March 3rd, 2008, and by the settlement of a similar case that involved individual recoveries of $1,000 to $2,000 (see declaration of Paul S. Hudson in support of motion for remand)) and defeats Defendant's speculation in opposition to remand on Plaintiff's individual claim.

It is settled law that if a plaintiff does not wish to try a case in federal court, he or she may resort to the expedient of suing for less than the jurisdictional amount, as plaintiff has done in the present case. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938); *Lowdermilk v. United States Bank Nat. Assoc.*, 479 F.3d 994 (9th Cir. 2007) 06-36085 ["plaintiff may plead conservatively to secure state jurisdiction"]; 14B C. Wright & Miller, Federal Practice and Procedure, Sec. 3702 at 46 (3rd Ed. 1998) ["Under well settled principles the plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy."].

1  Defendant could have voluntarily disclosed the likely number of class members in its opposition papers to remand, since it controls this information, thereby adding factual support to its assertion that the amount in controversy for the class exceeds the $5 Million CAFA jurisdictional amount, the only real potential basis for original federal jurisdiction. Instead, it simply added more assertions based on a misconstruction of an improperly disclosed settlement letter, and has opposed any discovery that would take its assertions out of the realm of speculation. This factual nondisclosure and opposition to discovery of the true facts should entitle Plaintiff to a negative inference against Defendant's assertions and speculations on the CAFA jurisdictional amount, since it can be presumed that were the facts on its side it would have disclosed the likely number of class members.

For the foregoing reasons, the objections and motion of the Defendant to strike the information and belief portions of the Declarations in support of remand should be denied and the motion for remand granted, or in the alternative, the Court should order limited discovery to determine the size of the class, the residency of the class, and the extent of business conducted by Defendant in the State of California, and such other facts as may be determinative of subject matter jurisdiction in this case.

Dated: April 14, 2008

LAW OFFICES OF PAUL S. HUDSON PC
LAW OFFICES OF DAVID G. RAMOS

By: _____/s/_____
       David G. Ramos
Attorneys for Plaintiff KATHLEEN HANNI
Individually and on behalf of all others
similarly situated