LOCKE LORD BISSELL & LIDDELL LLP
MICHAEL V. POWELL (TX SBN 16204400) (appearance *pro hac vice*)
  mpowell@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8520
Facsimile: (214) 756-8520

COOPER, WHITE & COOPER LLP
STEPHEN KAUS (SBN 57454)
  skaus@cwclaw.com
JIE-MING CHOU (SBN 211346)
  jchou@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Defendant, American Airlines, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KATHLEEN HANNI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C08-00732 CW<br><br>**DECLARATION OF MICHAEL POWELL IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S AMENDED NOTICE OF REMOVAL** |

I, Michael V. Powell, hereby declare:

1. I am a partner with the law firm of Locke Lord Bissell & Liddell located at 2200 Ross Avenue, Suite 2200, Dallas, Texas 75201 and am counsel of record for American Airlines, Inc. ("American") in this action. I have personal knowledge of the matters set forth in this declaration, except for those facts that are alleged on information and belief, and as to those facts, I believe them to be true. I could and would testify competently thereto if called as a witness.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

600901.1

C08-00732CW

Declaration of Mike Powell in support of Defendant's Amended Notice of Removal

2.. Attached as Exhibit 1 to this declaration is a true and correct copy of an email I received from Paul Hudson, one of the attorneys for plaintiff in the above-styled and numbered action, on March 3, 2008, and of the letter of the same date from Mr. Hudson to me that was attached to that email.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 22, 2008 in Dallas, Texas.

_____
Michael V. Powell

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

600901.1                                 2                                 C08-00732CW
Declaration of Mike Powell in support of Defendant's Amended Notice of Removal

EXHIBIT A

## Powell, Michael V.

**From:** Globe Trotter [globetrotter1947@hotmail.com]
**Sent:** Monday, March 03, 2008 4:55 PM
**To:** Powell, Michael V.
**Subject:** Hanni v AA, Ray v AA

**Attachments:** Hanni Ray Settlement letter 3.3.08.doc



Hanni Ray
lement letter

to:   michael powell

Please find settlement letter attached.

paul hudson

EXHIBIT A

1

# Law Offices of Paul S. Hudson, P.C.

Paul S. Hudson, Esq.
Admitted in New York

4411 Bee Ridge Road #274
Sarasota, Florida 34233
410-940-8934   941-349-1947
Globetrotter1947@hotmail.com
240-391-1923  fax (not for service)

March 3, 2008

Mr. Michael Powell, Esq.
Locke Lord Bissell & Liddell
Attorneys for Defendants
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

RE: Ray v American Airlines Inc.; Hanni v American Airlines Inc.

Dear Mr. Powell:

It is my normal practice to evaluate cases for settlement purposes at each significant stage of litigation and to consider settlement or Alternate Dispute Resolution if appropriate or required by the courts.

This case is now at such a stage with complaints filed, motions for remand, dismissal and change of venue pending, with both sides having done a basic investigation of the facts.

In arriving at this proposal I have taken into account the following:

-the settlement in the 1999 Northwest Airlines stranding case,

-jury verdicts in false imprisonment and fraud cases,

-the Montreal Convention of 1999 ratified in 2003 which provides for no fault liability of airlines for passenger delays up to $6,640 in damages, up to $1650 for baggage delays and up to $160,000 for personal injury or death, and which applies to all passengers on international flights or domestic flights with ticketed destinations, departure or stopovers in more than one nation, and overrides any other lower or more limited liability by contract.

-the domestic contract of carriage and customer service plans and commitments of AA relating to diverted flights or extraordinary delays,

-the known facts of the incident including the weather conditions, the mental and physical distress of the confined passengers, much of is admitted by AA, was published in the media and/or is been described in the complaints, and are known from DOT records.

-the apparent knowledge of AA management and officers and the misdirection and inaccurate information provided to pilots and conveyed passengers in refusing deplanement and requiring continuations of the confinements on 12/29/06 beyond all reasonable bounds and without essential passenger needs,

-the additional representative responsibilities and time of the class representatives.

-that no appeal court has in recent times found a tort or common law contract case such as this to be preempted by federal law, that the 9th and 8th Circuits as well as Arkansas and California higher courts have never so held, and that the US Supreme Court just today affirmed a decision of the Second Circuit in *Desiano v Warner-Lambert & Co.*, 467 F.2d 85, 88 (2nd Cir. 2006) upholding a fraud exception to federal preemption.

Accordingly, I would propose that the Ray and Hanni cases be settled along the following lines:

Individual plaintiffs Katherine Hanni $74,900, Catherine Ray $50,000

Class members domestic passengers confined 7 or more hours $10,000 each, more than 4 but less than 7 hours $6,000 each, more than 2 but less than 4 hours $2,000. For international passengers $5,000 confined over 4 hours, $2,000 for those confined less than 4 but more than 2 hours.

Payment of plaintiff attorney disbursements, actual costs, and administrative expenses relating to this litigation and attorney fees of $250,000 or 10% of the total amount paid out to plaintiffs and class members whichever is greater.

The global settlement amount would also be capped at $5 million for the Ray case and $5 million for the Hanni case, and a common fund would be established in the amount of $10 million. Should the verified claims exceed the amount available for distribution, there would be pro rata reductions in class member distributions.

This settlement would be expected to save millions of dollars of litigation expenses and attorney fees, and spare all parties the burdens and intrusions of the discovery and public trial, provide closure for all parties, eliminate potential exposure of liability for AA's corporate and individual managers financially and to their business reputations, and pay just compensation to the class of passengers subject to confinements up to 10 hours without essential needs, and contrary to AA contractual or other lawful obligations.

A settlement at this stage would also relieve AA of the risk of a much larger jury award, certain SEC filings and disclosures, reduce the risk of other cases being filed and litigated from this incident, and would relieve the plaintiffs of the risk of an unfavorable outcome

based on legal or procedural defenses, or on the merits. A settlement may also provide AA with some liability insurance claim options that could cover some portion of the settlement and which might not be available later or would result in a much larger liability insurance claim.

This settlement proposal would of course be subject to court approval and the parties would consent to the cases being consolidated and administered in the federal district court for settlement purposes the Northern District of California. This letter is for settlement purposes only and may not be used for any other purpose be disclosed for any other purpose. Unless responded to by Tuesday March 4th at 5:00 pm EDT, it shall be deemed withdrawn and expired, null and void and of no force or effect.

Kindly convey this proposal to your client and to any relevant insurance carrier. I would suggest further that we stipulate to 30 day or extension of time on currently filed motions and a freeze on new motions during this period if AA wishes to proceed on a settlement track.

                Very truly yours,

                Paul Hudson
                Attorney for Plaintiffs

## PROOF OF SERVICE

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, California 94111-5002.

On May 22, 2008, I served the following document(s):

**DECLARATION OF MICHAEL POWELL IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S AMENDED NOTICE OF REMOVAL**

on each of the parties listed below at the following addresses:

Law Offices of Paul S. Hudson P.C.
4411 Bee Ridge Road #274
Sarasota, Florida 34233

David G. Ramos, Esq.
Law Offices of David G. Ramos
3266 Villa Lane
Napa, California 94558

**BY FIRST CLASS MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2008, at San Francisco, California.

Gina R. Rivera

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

594988.1