LOCKE LORD BISSELL & LIDDELL LLP
MICHAEL V. POWELL (TX SBN 16204400) (appearance *pro hac vice*)
 mpowell@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8520
Facsimile: (214) 756-8520

COOPER, WHITE & COOPER LLP
STEPHEN KAUS (SBN 57454)
 skaus@cwclaw.com
JIE-MING CHOU (SBN 211346)
 jchou@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:    (415) 433-5530

Attorneys for DEFENDANT AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KATHLEEN HANNI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C 08-00732 CW<br><br>**DEFENDANT AMERICAN AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:  July 10, 2008<br>Time:  2:00 p.m.<br>Courtroom: 2, 4th Floor |

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

C 08-00732 CW
DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. DISCUSSION .........................................................................................................................2

    A. The Court Should Consider the Preemption Arguments. ..........................................2

    A. Each Of Plaintiff's Causes Of Action Should Be Dismissed ....................................4

        1. First Cause of Action: False Imprisonment ..................................................4

        2. Second Cause of Action: Intentional Infliction of Emotional Distress .........4

        3. Third Cause of Action: Negligence ...............................................................6

        4. Fourth Cause of Action: Breach of Contract .................................................7

        5. Fifth Cause of Action: Deceit/Fraud ............................................................10

        6. Sixth Cause of Action: Conversion .............................................................11

        7. Seventh Cause of Action: Civil Conspiracy ...............................................11

        8. Eighth Cause of Action: RICO ....................................................................11

III. CONCLUSION .....................................................................................................................12

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4    i    C 08-00732 CW

Defendant's Reply Memorandum In Support of Motion to Dismiss

## TABLE OF AUTHORITIES

Page

**CASES**

*Abourezk v. New York Airline, Inc.*,
    705 F.Supp. 656 (D.D.C. 1989) ................................................................................4

*Airtransport Ass'n v. Cuomo*,
    520 F.3d 218 (2d Cir. 2008) ................................................................................11

*Amarel v. Connell*,
    102 F.3d 1494 (9th Cir. 1996) ................................................................................1

*Averbach v. Vnescheconombank*,
    280 F. Supp. 2d 945 (N.D. Cal. 2003) ................................................................................8

*Azubuko v. Bd. of Dirs. British Airways*,
    101 F.3d 106 (1st Cir. 1996) ................................................................................11

*Cady v. Dombrowski*,
    413 U.S. 433 (1973) ................................................................................6

*Christensen v. Superior Court*,
    820 P.2d 181 (1991) ................................................................................5

*Chukwu v. Bd. of Dirs. British Airways*,
    889 F. Supp. 12 (D. Mass. 1995) ................................................................................11

*City of Los Angeles v. Santa Monica Baykeeper*,
    254 F.3d 882 (9th Cir. 2001) ................................................................................3

*Continental Holdings, Ltd. v. Leahy*,
    132 S.W.3d 471 (Tex. App.—Eastland 2003, no pet.) ................................................................................8

*Duarte v. Freeland*,
    2008 WL 496490 (N.D. Cal. 2008) ................................................................................2

*Erlich v. Menezes*,
    21 Cal. 4th 543 (1999) ................................................................................8

*Hodges v. Delta Airlines, Inc.*,
    44 F.3d 334 (5th Cir. 1995) ................................................................................11

*Hydrick v. Hunter*,
    500 F.3d 978 (9th Cir. 2007) ................................................................................3

*Keith v. Stoelting, Inc.*,
    915 F.2d 996 (5th Cir. 1990) ................................................................................8

*Lewis Jorge Constr. Mgmt. Inc. v. Pomona Unified Sch. Dist.*,
    102 P.3d 257 (Cal. 2004) ................................................................................8

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4      ii      C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) ................................................................................... 7, 8

*Mark H. v. Lemahieu*,
    513 F.3d 922 (9th Cir. 2008) ............................................................................................ 3

*Minidoka Irrigation District v. Department of Interior*,
    406 F.3d 567 (9th Cir. 2005) ............................................................................................ 3

*Montalvo v. Spirit Airlines*,
    508 F.3d 464 (9th Cir. 2007) ............................................................................................ 6

*Murdoch v. Castro*,
    489 F.3d 1063 (9th Cir. 2007) .......................................................................................... 3

*Pence v. Andrus*,
    586 F.2d 733 (9th Cir. 1978) ............................................................................................ 7

*Perez-Ruiz v. Crespo-Guillen*,
    25 F.3d 40 (1st Cir. 1994) ................................................................................................ 3

*Rowe v. New Hampshire Motor Transp. Ass'n*,
    128 S. Ct. 989 (2008) ..................................................................................................... 11

*Sousanis v. Northwest Airlines, Inc.*,
    No. C-99-2994 MHP, 2000 WL 34015861 at **5-6 (N.D. Cal. March 3, 2000) .................. 4

*Stewart Title Guar. Co. v. Aiello*,
    941 S.W.2d 68 (Tex. 1997) ............................................................................................... 8

*Travel All Over The World, Inc. v. Kingdom of Saudi Arabia*,
    73 F.3d 1423 (7th Cir. 1996) .......................................................................................... 11

*United States v. Alexander*,
    106 F.3d 874 (9th Cir. 1997) ............................................................................................ 3

*United States v. Smith*,
    389 F.3d 944 (9th Cir. 2004),
    cert denied 544 U.S. 956 (2005) ...................................................................................... 3

*Vernonia Sch. Dist. 47J v. Acton*,
    515 U.S. 646 (1995) ........................................................................................................ 6

*Wallis v. Princess Cruises, Inc.*,
    306 F.3d 827 (9th Cir. 2002) ............................................................................................ 5

**STATUTES**

49 U.S.C. § 40101 .................................................................................................................. 2

49 U.S.C. § 41713(b)(1) ......................................................................................................... 2

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 1, 12

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                                       iii                                       C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

1 | Federal Rule of Civil Procedure 9(b) ..................................................................................10, 12
2 | Northern District Local Rule 7-9 ............................................................................................1, 2

3

**OTHER AUTHORITIES**

Wright, Miller & Cooper, Federal Practice and Procedure,
   Jurisdiction §4478.1 (2d ed. 2002) ....................................................................................3

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4        iv        C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

## I. INTRODUCTION

Pursuant to the leave to amend granted by the Court, Plaintiff Hanni had filed a First Amended Class Action Complaint ("FAC"). In several instances, the FAC supplements existing causes of action, adds new causes of action, and attempts to include facts and state causes of action that appear to be exactly what the Court held to be preempted or not to state a cause of action under state law.

In response, as the Court anticipated, Defendant American Airlines, Inc. ("American") has filed a Motion to Dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) ("Motion"). In that Motion, American argues the deficiencies of the restated causes of action in the FAC, including arguing that many of the causes of action are preempted, impliedly by the Federal Aviation Act and expressly by the Airline Deregulation Act. For each FAC cause of action it contends is preempted, American demonstrates how the facts pled in the FAC infringe on the federal areas of exclusivity established by those statutes. The preemption argument certainly is similar to the argument raised in the previous motion to dismiss, but it is directed towards differently phrased causes of action and, in some instances, adds additional arguments.

Because the FAC pleads new causes of action and this is a new motion to dismiss, American does not believe that this is a motion for reconsideration. Should the Court deem this to be a motion for reconsideration requiring compliance with Local Rule 7-9, American, of course, will do so. Certainly this court has the power to revisit issues decided in interlocutory rulings. *See e.g. Amarel v. Connell*, 102 F.3d 1494, 1515, 1516 (9th Cir. 1996) ("the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment. . . .")

Preemption aside, the causes of action in the FAC are deficient because they fail to allege facts that sufficiently differentiate them from the causes of action that the Court found to be deficient in Plaintiff's original Complaint. The added causes of action also do not state valid causes of action. In fact, Plaintiff has withdrawn the causes of action for civil conspiracy and RICO, eliminating their consideration from this motion.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                                1                                C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

## II. DISCUSSION

### A. The Court Should Consider the Preemption Arguments.

This is a new Motion to Dismiss to a new First Amended Complaint. It is not a motion for the Court to reconsider its ruling on the Motion to Dismiss the original Complaint. In arguing that these causes of action, all of which are different from the causes of action in the original Complaint, are deficient, American argues preemption and that the new causes of action do not state sufficient facts to set out a cause of action under state law.

Plaintiff does not address any of the preemption arguments. American argues that the Federal Aviation Act of 1958 ("FAA") (49 U.S.C. §§ 40101, et seq.) and its implementing Federal Aviation Regulations ("FARs"), and the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1) preempt the state common law and case law on which these newly stated causes of action are based. American advanced a similar argument in its Motion to Dismiss the original Complaint, but did not particularly develop the argument differentiating statutes from case law or common law.

American does not consider that this new motion regarding a new complaint is a motion to reconsider requiring compliance with Local Rule 7-9. Given that Plaintiff is filing a new complaint, American is entitled to appropriately assert all grounds justifying the new motion to dismiss. American understood Rule 7-9 to be about seeking reconsideration of the same ruling on the same pleading. *See e.g. Duarte v. Freeland*, 2008 WL 496490 (N.D. Cal. 2008) (motion to amend judgment construed as motion for reconsideration). Should the Court deem this to be a motion for reconsideration requiring such compliance with Local Rule 7-9, American will do so, based on the factors set forth in that Rule.

Hanni appears to argue that under the law of the case doctrine, this Court has no jurisdiction to rule at all inconsistently with its previous order. Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Opposition") at 1-4. This is clearly not the case. "The law of the case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction." *United States v. Smith*, 389 F.3d 944, 949 (9th Cir.2004), *cert*

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                         2                         C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

*denied* 544 U.S. 956 (2005), citing *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

> The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court. *All rulings of a trial court are subject to revision at any time before the entry of judgment.* A trial court may not, however, reconsider a question decided by an appellate court.

*United States v. Smith*, 389 F.3d at 949; *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d at 888-889. (Emphasis in original).

*United States v. Smith* distinguishes *United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997), a case on which Hanni relies, because the court there granted the motion to reconsider only after the jury was unable to reach a verdict and the court had declared a mistrial. *See also Mark H. v. Lemahieu*, 513 F.3d 922, 932 n. 8 (9th Cir. 2008); *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."). Two of the other cases cited by Plaintiff involve the effect of a previous appellate decision on subsequent proceedings.[1] Plaintiff's only other cited authority,[2] found that the law of the case doctrine did not apply.

The leading treatise on federal procedure describes the concept of law of the case in trial courts as one of restraint, not lack of jurisdiction, inspired by the necessity of balancing the "necessary power to reopen and the equally necessary reluctance to reopen." WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE, Jurisdiction §4478.1 (2d ed. 2002). The discussion by Wright, Miller & Cooper makes it clear that a correction early in the proceedings is preferable to doing so after considerable trial court activities or on appeal.

Plaintiff has chosen not to respond on the merits to the preemption arguments, except in various respects in connection with certain of her claims. As a result, American does not present any additional argument on that issue and stands on the argument in the Motion.

---

[1] *Murdoch v. Castro*, 489 F.3d 1063, 1068 (9th Cir. 2007) and *Minidoka Irrigation District v. Department of Interior*, 406 F.3d 567, 573 (9th Cir. 2005).

[2] *Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007).

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                    3                    C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

### B. Each Of Plaintiff's Causes Of Action Should Be Dismissed[3]

#### 1. First Cause of Action: False Imprisonment

In her Opposition in support of her claims of false imprisonment, Plaintiff never addresses the primary reason that her allegations are insufficient: that cases addressing this issue have determined that passengers making similar claims do not have a viable cause of action. *See Sousanis v. Northwest Airlines, Inc.*, No. C-99-2994 MHP, 2000 WL 34015861 at \*\*5-6 (N.D. Cal. March 3, 2000); *Abourezk v. New York Airline, Inc.*, 705 F.Supp. 656, 663-64 (D.D.C. 1989). Hanni says nothing to differentiate her allegations from the insufficient allegations in these cases. In fact, she says nothing about these cases at all. Instead, she discusses potential fourth amendment violations (supposedly by *American Airlines*), preemption by state criminal laws, and other arguments that border on the incomprehensible. But never once does Plaintiff say anything to rebut *Abourezk* or *Sousanis* and the standards that they establish for asserting false imprisonment under similar circumstances.[4] As a result, her allegations are insufficient as described in the Motion, and her false imprisonment claim should be dismissed.

#### 2. Second Cause of Action: Intentional Infliction of Emotional Distress

In her Opposition, Plaintiff primarily points to distress that others may have felt and depends on that vicarious distress to support her IIED claims. Opposition at 10. She complains that another passenger had to miss a funeral he was scheduled to attend (FAC¶22); that another

---

[3] In the Motion, American presented its arguments in the order in which plaintiff stated her individual causes of action. In her Opposition, Hanni has rearranged the order of those causes of action. To maintain some sense of order, American will return to the original order of its arguments and will discuss the causes of action in the same order they appear in the FAC.

[4] Plaintiff attaches the Arkansas district court's decision in *Ray v. American Airlines* for its statement that defendant's position "would appear to be the same if the plaintiff was kept on the plane for eleven (11) days" instead of a number of hours. Opposition at 9. This statement is highly speculative and theoretical. Plaintiff was kept on the airplane for hours, not days, and not for a week and a half—as the *Ray* court speculated. In fact, Plaintiff alleges that she was on the plane for 9 ½ hours—just a few hours more than the plaintiff in *Sousanis*. 2000 WL 34015861 at \*\*1-2 (plaintiff was on plane from 6:00 p.m. until midnight). Regardless of the arguments the various parties would or would not make under vastly different circumstances, there is no valid cause of action stated here.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                4                C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

passenger with a baby had to make a diaper out of a tee shirt (FAC ¶30); that she had to witness other people's physical and emotional distress (FAC ¶47); that other passengers on her flight and on other flights that Plaintiff was not on suffered a number of deprivations (FAC ¶59); that some passengers (but apparently not Hanni) may have gotten sick from the water they were given (FAC ¶21); and so forth. As for herself, Plaintiff bases her claims of intentional infliction of severe emotional distress on allegations that, while the airplane was on the ground in Austin, she had to use a dirty and inoperable toilet, she suffered a "mild panic attack and a tightening in her chest," the airplane was smelly, she was deprived of food, and she was unable to board her next flight to Mobile Alabama. FAC ¶¶28, 29, 39, 44, 45.

There are two points to be made here. First, none of these things are sufficiently severe to constitute the kind of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency...." *See, e.g., Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 842 (9th Cir. 2002) (holding that, among other things, comments made by ship captain within plaintiff's hearing that plaintiff's husband—who had fallen overboard—had probably been sucked under the ship and chopped up by the propellers, did not constitute outrageous behavior).

Second, the "intent" element is still deficient. Plaintiff appears to rely primarily upon a "recklessness" standard for pleading IIED. But mere awareness or recognition that bad things may happen is not sufficient to meet IIED's intent requirement. As the California Supreme Court has pointed out, "[t]he law limits claims of intentional infliction of emotional distress to egregious conduct *toward plaintiff* proximately caused by defendant." *Christensen v. Superior Court*, 820 P.2d 181, 203 (1991) (emphasis in original). In order to satisfy even the "reckless disregard" level of intent, the defendant's conduct must be "directed primarily at [plaintiffs]," or "calculated to cause [plaintiffs] severe emotional distress," or be "done with knowledge of [plaintiffs'] presence and of a substantial certainty that they would suffer severe emotional injury." *Id.* Hanni has not alleged that the conduct was aimed primarily at her, and she alleges only a few acts in which the American employees exhibited any knowledge of her particular presence. Those moments were when the pilot warned her about the bathroom conditions, when she said something about a panic attack and mild tightening in her chest, and when she was unable to board her flight to Mobile.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                                    5                                    C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

None of these three matters amounts to IIED. Accordingly, Plaintiff's allegations of IIED should be dismissed.

### 3. Third Cause of Action: Negligence

Plaintiff's negligence claims affect the following matters: airline safety, airline services, and airline carriage issues. The first two things are preempted and the third is covered by the Conditions of Carriage ("COC"). Thus, Plaintiff's general discussion of common carrier duties does not address whether her claims were preempted or whether the COC governs any obligations that American may owe to plaintiff.

In her Opposition, Plaintiff argues that one of the claims by the plaintiff in *Montalvo* was not determined—based on the record available to the Ninth Circuit in that case—to be preempted. Opposition at 11:14-16; *see Montalvo v. Spirit Airlines*, 508 F.3d 464, 474-75 (9th Cir. 2007). But Hanni never explains how that claim (regarding an airplane's seating configuration) relates to her claims (largely attempting to control the services offered by an airline during delays). Moreover, Hanni confuses the types of preemption. She apparently believes that *Montalvo* and her allegations involve "conflict" preemption. Opposition at 11:10-16 (pointing out that the allegation in *Montalvo* supposedly would not "interfere" with federal regulations). Instead, the preemption under the ADA is express; FAA preemption results from the FAA occupying the field. One of the questions in *Montalvo* was whether forcing an airline to create more legroom (to help avoid deep vein thrombosis) would necessarily affect "prices," something that the record did not sufficiently address for a dismissal. Here, Hanni's claims would affect services and safety; and therefore touch on areas covered by the COC.

Hanni's only additional argument involves the Fourth Amendment to the United States Constitution and the protection that it affords against "unreasonable seizures." Opposition at 11:23-26; *see also* Opposition at 9:10-13 (making a similar assertion with regard to false imprisonment). This discussion is completely off base. The Fourth Amendment, being in the Bill of Rights, applies against governments, not individuals. *See, e.g., Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 652 (1995) (Fourth Amendment provides that the "federal government" shall not do certain specified things); *Cady v. Dombrowski*, 413 U.S. 433, 440 (1973) (Fourth

1  Amendment applies to federal government and, through the Due Process Clause of the Fourteenth
2  Amendment, to state governments).  The Fourth Amendment does not apply against a company
3  such as American Airlines.
4      As with her other tort claims, Plaintiff has failed to state a claim for negligence.

        4.      <u>Fourth Cause of Action: Breach of Contract</u>

6      On Plaintiff's breach of contract claim, as she does with other claims, she attempts to make
7  up for deficiencies in her own allegations by pleading causes of action for others under the guise
8  that this is a putative class action.  Thus, under her breach of contract claim, she pleads the
9  application of the Montreal Convention of 1999—not to her claims—but to the claims of
10 passengers who were on international flights.  *See* Opposition at 5:15-20.  Plaintiff takes a similar
11 approach under her intentional infliction claims, wherein she relies so heavily on the perceived
12 distress experienced by *other* passengers.  Opposition at 10:12-14.
13     To have standing to pursue her claims, even in a putative class action, Hanni must plead
14 her own causes of action and must pursue damages that she personally experienced.  As the Ninth
15 Circuit has noted in the class action context, "standing is the threshold issue in any suit." *Lierboe*
16 *v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).  "In class actions, the
17 named representatives must allege and show that they personally have been injured, not that injury
18 has been suffered by other, unidentified members of the class to which they belong and which they
19 purport to represent." *Id.* (citing and quoting *Pence v. Andrus*, 586 F.2d 733, 736-37 (9th Cir.
20 1978)).  If the plaintiff does not have standing to pursue a particular claim, "she cannot represent
21 others who may have such a claim, and her bid to serve as a class representative must fail." *Id.*
22     Thus, Plaintiff must succeed—or fail—on the basis of her own causes of action and on the
23 basis of her own personal claims.   Hanni cannot avoid dismissal by asserting the claims of others,
24 as she attempts to do numerous times in her Opposition.
25     As indicated in the Motion, the COC repeatedly states that American is not responsible for
26 "special, incidental, or consequential damages" if American fails to meet the various commitments
27 that it sets out in the COC.  *See* Motion at 17-19; COC ¶¶18, 19.  If Hanni is going to successfully
28 plead a breach of contract that she can pursue, the damages for that breach will have to be

COOPER, WHITE & COOPER LLP  
ATTORNEYS AT LAW  
201 CALIFORNIA STREET  
SAN FRANCISCO, CA 94111  

603628.4       7      C 08-00732 CW  
Defendant's Reply Memorandum In Support of Motion to Dismiss

something other than special, incidental, or consequential damages. Plaintiff acknowledges this limitation, but argues that she is entitled to general damages, which she then lists as including a refund of her ticket price, payment of lodging, and lost profits. There are significant problems with each of these claims.

First, the ticket price. Plaintiff has already acknowledged in her pleading that she is not personally entitled to a refund of *her* ticket price because she used her entire ticket. FAC ¶124(c). She makes this claim on behalf of other putative class members. Because she has no standing on this issue, however, her claim for a ticket refund must be dismissed. *See Lierboe*, 350 F.3d at 1022.

Second, her claim for lost profits does not naturally flow from any of her alleged breaches of contract and is not a form of general damages. Plaintiff's lost profits are that she has suffered emotional distress (from an unrelated criminal incident and from this flight) and has been unable to return to work as a real estate agent where she had earned approximately $300,000 per year.[5] FAC ¶¶109-111. Under both California and Texas law, these kinds of lost profits are consequential or special damages, not general damages. *See Lewis Jorge Constr. Mgmt. Inc. v. Pomona Unified Sch. Dist.*, 102 P.3d 257, 263-64 (Cal. 2004) (lost profits are general damages in a breach of contract typically when the breached contract involves crops, goods for resale, or an exclusive sales agency; lost profits are not general damages when the profits involve other unidentified contracts); *Continental Holdings, Ltd. v. Leahy*, 132 S.W.3d 471, 475 (Tex. App.—Eastland 2003, no pet.) (general damages include profits lost "on the breached contract itself" but do not include profits "lost on other contracts or relationships resulting from the breach").

Third, as this Court has already held, Plaintiff cannot recover generally for matters such as "lodging, meals, substitute transportation and similar expenses" because claims related to such

---

[5] As discussed in the Motion, Plaintiff cannot recover "emotional damages" for a breach of contract. Motion at 16; *Averbach v. Vnescheconombank*, 280 F. Supp. 2d 945, 960 (N.D. Cal. 2003) (California law); *Erlich v. Menezes*, 21 Cal. 4th 543, 558-9 (1999); *Keith v. Stoelting, Inc.*, 915 F.2d 996, 999 (5th Cir. 1990) (Texas law); *Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 72 (Tex. 1997).

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                                     8                              C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

compensation are preempted. Order (April 25, 2008) at 14. Therefore, if Plaintiff is going to claim these types of compensation, it must be strictly pursuant to the terms of the COC; it cannot be under some sort of general obligation or duty she feels is owed to her. Thus, Plaintiff must show that she complied with all the requirements for receiving any of these types of damages. This primarily affects two of Plaintiff's claims for contract damages: her claim for lodging and her claim for Denied Boarding Compensation. COC ¶¶5, 18.

For Plaintiff to be entitled to lodging, there must be a delay or cancellation "caused by events within [American's] control. . . ." COC ¶18. There is no question, however, that there were weather problems at DFW Airport, where Plaintiff's airplane was scheduled to land. Plaintiff herself pleads that there were "weather conditions" at the airport, and that the entire airport was "closed to air traffic for approximately 2.5 hours" on December 29, 2006. FAC ¶¶52, 68. Given Plaintiff's allegations, there is no question that the delay was started by weather events that were *not* within American's control. As a result, her own pleadings show that she cannot satisfy the COC's conditions for receiving lodging.

As for Plaintiff's claim for Denied Boarding Compensation as to her flight to Mobile, American argued that Plaintiff failed to plead she had obtained a boarding pass thirty minutes before departure. Motion at 19-20. Plaintiff insists that her pleadings were adequate. She says that "the FAC alleges that *Plaintiff arrived at the gate 20 minutes before departure* (FAC Par. 39), *not at the airport*, and certainly had a boarding pass as such is required to go through security." Opposition at 6 (emphasis added). Contrast this statement regarding the pleading with the actual pleading itself, which states: "*Arriving at DFW 20 minutes before* the only AA flight to Mobile, Plaintiff was refused boarding . . ." FAC ¶39 (emphasis added). Her pleading *does not state* that Plaintiff *arrived at the gate* 20 minutes before the flight. Apparently, Plaintiff has recognized the inadequacy of the pleading since she had to rewrite it in her Opposition. DFW is a big airport. There is no telling how long it took her to get to the gate after she arrived at the airport barely 20 minutes before her flight. The check-in requirements that Plaintiff was required to fulfill also state that she must be "present at the departure gate and ready to board at least 15 minutes prior to

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                                    9                                    C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

scheduled departure time. . . ." COC ¶7. Hanni's pleading does not allege facts showing she fulfilled this requirement.

As with her other claims, Plaintiff has failed to sufficiently allege a breach of contract claim and her first amended complaint should be dismissed.

### 5. Fifth Cause of Action: Deceit/Fraud

The gist of Plaintiff's argument in the Opposition is that her pleadings on fraud should suffice—even though they are they are effectively the same as her previous allegations that this Court determined to be insufficient. In its Motion, American pointed out that the allegations, except for paragraphs 135, 136, and 137, are the same allegations as in the previous complaint. Motion at 21-22. Paragraphs 135-137 merely allege matters such as that AA "crew members and operations employees" repeatedly represented that the aircrafts would return to the terminal or the passengers could exit shortly; that the representations were material and false; and that defendants knew the statements were false or made the statements with reckless disregard for their truth or falsity. These allegations do not satisfy the requirements of Rule 9(b).

In her Opposition, Plaintiff does not point out any allegations that she considers to be new. She merely states that her allegations sufficiently provide the required information sufficient to satisfy Rule 9(b). Opposition at 6-7. She does not point out—given the previous complaint's insufficiencies—where it is that she has actually fixed those insufficiencies. Thus, because the complaint was insufficient before, it remains insufficient now and the issue before the Court is the same as the one on which it has already ruled.

As a further point, it remains a mystery how it is that plaintiff could have actually relied to her detriment on any statement that she says was false. According to her, she was on the airplane and could not get off of it. According to her allegations, she was powerless to do anything but remain on the aircraft. Thus, there could not have been any reliance on any of the reports that the captain was making about the situation as it was unfolding. Hanni's argument in the Opposition at 7:1-8, that passengers relied by not calling emergency services for evacuation is not alleged in the FAC and is not grounded in reality. Plaintiff's allegations of fraud/deceit are the same as they were before and there is no reason for the Court to reconsider their dismissal.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                         10                         C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

### 6. Sixth Cause of Action: Conversion

American moved to dismiss this claim because it is preempted and, because the COC comprehensively governs American's liability with regard to plaintiff's baggage, she cannot attempt to rely upon tort law to expand that contractual liability. Motion at 22. Plaintiff effectively ignores that second argument. She makes a series of statements in which she seems to assert both breach of contract (wherein she says that she is seeking general damages) and conversion (arguing that conversion is a strict liability tort). Opposition at 13. She does not present any argument regarding the fact that the baggage issue is covered by the COC so that she cannot assert a separate tort regarding her baggage claims.

As for preemption, Plaintiff states that baggage issues are not included within ADA preemption. Opposition at 12. Contrary to Plaintiff's assertions, numerous courts have defined "services" under the ADA to include "items such as ticketing, boarding procedures, provision of food and drink, and *baggage handling*, in addition to the transportation itself." *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (en banc court adopting panel definition); *see also Airtransport Ass'n v. Cuomo*, 520 F.3d 218, 223 (2d Cir. 2008) (agreeing with the broader definition of services and deciding that New York's passenger bill of rights was preempted); *Travel All Over The World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (adopting the *Hodges* definition of services); *Chukwu v. Bd. of Dirs. British Airways*, 889 F. Supp. 12, 13 (D. Mass. 1995) (relying on broad definition of services), *aff'd mem. sub nom. Azubuko v. Bd. of Dirs. British Airways*, 101 F.3d 106 (1st Cir. 1996). These cases are in keeping with the broad definition of services that the United States Supreme Court recently adopted in *Rowe v. New Hampshire Motor Transp. Ass'n*, 128 S. Ct. 989 (2008).

As a result, the Court should also dismiss plaintiff's allegations of conversion.

### 7. Seventh Cause of Action: Civil Conspiracy

Plaintiff has admitted that her conspiracy allegations are insufficient. Opposition at 14. Thus, no response is needed on this issue. The Court should dismiss the conspiracy claim.

### 8. Eighth Cause of Action: RICO

Plaintiff has withdrawn her RICO allegations. Therefore, those allegations can be

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4                                    11                                    C 08-00732 CW
Defendant's Reply Memorandum In Support of Motion to Dismiss

dismissed as well.

### III. CONCLUSION

For the reasons stated herein and in its Motion, American respectfully requests the Court to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) and 9(b).

DATED: June 26, 2008

COOPER, WHITE & COOPER LLP

By: /s/ Jie-Ming Chou
Jie-Ming Chou
Attorneys for DEFENDANT AMERICAN AIRLINES, INC.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603628.4

12

C 08-00732 CW

Defendant's Reply Memorandum In Support of Motion to Dismiss