1

2

3

4

5

6

7

8

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  KATHLEEN HANNI, individually and on          No. C 08-00732 CW
    behalf of all others similarly
14  situated,                                     ORDER GRANTING
                                                  DEFENDANT'S
15          Plaintiff,                            MOTION TO DISMISS
                                                  IN PART AND
16       v.                                       DENYING IT IN
                                                  PART
17  AMERICAN AIRLINES, INC.,

18          Defendant.

19  _____/

20

21       Defendant American Airlines, Inc. (AA) has filed a motion to

22  dismiss Plaintiff Kathleen Hanni's first amended complaint (FAC).

23  Plaintiff opposes Defendant's motion.  The motion was taken under

24  submission on the papers.  Having considered all of the papers

25  filed by the parties, the Court grants in part Defendant's motion

26  to dismiss and denies it in part.

27                            BACKGROUND

28       On December 28, 2007, Plaintiff filed this putative class

**United States District Court**
For the Northern District of California

action, alleging claims based on Plaintiff's experiences on a December 29, 2006 American Airlines flight from San Francisco, connecting at Dallas-Forth Worth Airport (DFW), to Mobile, Alabama. Plaintiff alleges that the seven hour trip took over fifty hours due to various delays, which included nine-and-one-half hours confined on the airplane on the runway at the Austin, Texas airport.  The complaint brought claims for false imprisonment, intentional infliction of emotional distress, negligence, breach of contract and intentional misrepresentation.

Defendant previously moved pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss the complaint against it. Defendant argued first that Plaintiff's claims are preempted by the Federal Aviation Act (FAA) and the Airline Deregulation Act (ADA). In the alternative, Defendant argued that each of Plaintiff's causes of action failed to state a claim upon which relief could be granted and that she failed to plead her fraud claim with the particularity required by Rule 9(b).

The Court granted the motion in part and denied it in part, finding that (1) Plaintiff's claims were field preempted by the FAA to the extent they were based on Defendant's decision to re-route her flight from Dallas Fort Worth Airport to the Austin Airport rather than delaying or cancelling it; (2) Plaintiff's claims were explicitly preempted by the ADA to the extent that they were controlled by specific regulations; (3) Plaintiff's breach of contract claim was explicitly preempted by the ADA to the extent it was based on a breach of the implied covenant of good faith and fair dealing; and (4) Plaintiff failed to allege facts sufficient

2

1    to state a claim for false imprisonment, negligence, breach of
2    contract or fraud.

3        The Court advised Plaintiff that she could file an amended
4    complaint if: (1) she could allege facts in support of her claim
5    for false imprisonment sufficient to establish that Defendant
6    lacked legal authority to keep her on the airplane; (2) she could
7    identify any duty, independent of the duties set forth in the
8    Conditions of Carriage (COC), owed by Defendant to her, to
9    establish a claim for negligence; (3) she could identify the manner
10   in which Defendant breached specific terms of the COC; or (4) she
11   could plead with particularity which statements she alleges were
12   fraudulent, who made those statements, how she will prove that they
13   were knowingly false when made and the manner in which she relied
14   on those statements to her detriment.

15       Plaintiff filed her FAC on May 15, 2008.  Plaintiff again
16   alleges claims for false imprisonment, negligence, breach of
17   contract and fraud.  Plaintiff has included three additional causes
18   of action: conversion, civil conspiracy and a claim pursuant to the
19   Racketeer Influenced and Corrupt Organizations Act (RICO), 18
20   U.S.C. § 1961.

21                           LEGAL STANDARD

22       As stated in the Court's order regarding the first motion to
23   dismiss, when considering a motion to dismiss under Rule 12(b)(6)
24   for failure to state a claim, dismissal is appropriate only when
25   the complaint does not give the defendant fair notice of a legally
26   cognizable claim and the grounds on which it rests.  See Bell Atl.
27   Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).  In

28                                   3

1  considering whether the complaint is sufficient to state a claim,

2  the court will take all material allegations as true and construe

3  them in the light most favorable to the plaintiff.  NL Indus., Inc.

4  v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

5                              DISCUSSION

6  I.   Preemption

7       Defendant "requests that the Court revisit its analysis"

8  regarding explicit preemption under the ADA.  However, as Plaintiff

9  points out, Defendant's "regret[] that it did not brief this issue

10 more fully in its previous memoranda" is not sufficient cause for

11 this Court to reconsider its previous decision.  Moreover,

12 Defendant misstates the Court's previous order and the relevance of

13 the authority on which it now relies.  The Court did not find that

14 ADA could never expressly preempt state common law claims.  Rather,

15 it found that the ADA does not, in this case, preempt Plaintiff's

16 common law claims.

17 II.  Response to Court's Order

18      Defendant next argues that Plaintiff has failed to comply with

19 the Court's order dismissing the original complaint and granting

20 leave to amend to allege facts sufficient to support her common law

21 claims and to plead averments of fraud with particularity as

22 required by Federal Rule of Civil Procedure 9(b).

23      A.   False Imprisonment

24      In granting leave to amend, the Court advised Plaintiff that

25 if she "can allege, consistent with her original complaint,

26 additional facts sufficient to establish that Defendant lacked

27 legal authority to keep her on the airplane, she may replead this

28                                 4

United States District Court

For the Northern District of California

claim in her first amended complaint."  April 25, 2008 order at 17-
18.  However, Plaintiff adds only conclusory statements in the FAC.
For example, Plaintiff alleges that her "confinement was unlawful
and not privileged" and that her confinement "was not based on any
Federal aviation law or regulation, the order of any airport
authority or federal and [sic] state agency or any government
regulation, but was solely at the instigation of Defendants."  FAC
¶ 92.  These conclusory statements are not supported by factual
allegations.

      Moreover, Defendant has cited Federal Aviation Regulations
which give pilots broad authority over passengers.  For example,
14 C.F.R. § 121.533(d) provides, "Each pilot in command of an
aircraft is, during flight time, in command of the aircraft and
crew and is responsible for the safety of the passengers,
crewmembers, cargo, and airplane."  Similarly, 14, C.F.R. § 91.3(a)
provides, "The pilot in command of an aircraft is directly
responsible for, and is the final authority as to, the operation of
that aircraft."

      In light of this authority, Plaintiff's conclusory allegations
that her confinement was unlawful are not sufficient.  Therefore,
the Court dismisses Plaintiff's false imprisonment claim with
prejudice.[1]

---

[1]Plaintiff suggests that, if Defendant had legal authority to
keep her on the airplane, it was acting "under color of law" and
that its actions could therefore constitute a Fourth Amendment
violation.  However, there is no basis in law for such a claim and
Plaintiff provides no citation in support of this argument.

5

**United States District Court**
For the Northern District of California

1       2.   Intentional Infliction of Emotional Distress

2       In the order dismissing the original complaint, the Court

3  found that Plaintiff had "not alleged intentional conduct

4  sufficiently extreme to support a claim for IIED," noting that

5  "Plaintiff acknowledges that Defendant was initially responding to

6  inclement weather at the Dallas Fort Worth Airport when it re-

7  routed her airplane and that a substantial number of flights were

8  similarly disrupted."  April 25, 2008 order at 18.  In addition,

9  the Court found that Plaintiff had not alleged facts to support a

10  finding that Defendant acted with the intent of causing her

11  distress.

12      Plaintiff cites a number of paragraphs in the FAC that she

13  asserts are sufficient to establish her claim for IIED.  However,

14  the vast majority of the paragraphs cited were included in the

15  original complaint the Court already found deficient.  Indeed each

16  of the paragraphs Plaintiff cites in support of her argument that

17  the FAC contains facts sufficient to demonstrate intent were

18  included in the original complaint.  Moreover, the paragraphs added

19  to the FAC are either irrelevant to Plaintiff's ability to state a

20  claim, FAC ¶¶ 59-60, or do not provide any basis for a finding that

21  Defendant acted with reckless disregard for causing severe

22  emotional distress, FAC ¶¶ 77-80.

23      Therefore, the Court dismisses Plaintiff's IIED claim with

24  prejudice.

25      3.   Negligence

26      The Court dismissed Plaintiff's negligence claim because she

27  failed to identify any duty Defendant owed her, independent of the

28                                   6

duties set forth in the COC, which forms the basis for Plaintiff's breach of contract claim.  The Court granted Plaintiff leave to amend this claim if she could allege facts sufficient to establish such a duty.

As Defendant points out, some of the allegations added to the FAC to support a finding of an extra-contractual duty are related to Plaintiff's claim that Defendant failed in its duty to keep her and other passengers safe.  For example, Plaintiff alleges that Defendant "owed a high duty of care for the safety and protection of its passengers" and had a duty "to affirmatively aid and protect Plaintiff and class members against unreasonable risk of physical harm."  FAC ¶¶ 115, 116.  The Court previously found that "the FAA and federal air safety regulations are the only grounds on which an airline may be held liable for claims related to safety."  April 25, 2008 order at 8.

However, Plaintiff also alleges that Defendant's duty extended to

> a) not depriving Plaintiff and other similarly situated passengers of their personal liberty by unjustified involuntary confinement in crowded conditions on the ground in an aircraft for a lengthy period of time without adequate water, food, restroom facilities, and breathable air at reasonable temperatures, b) not violating criminal laws of the states regarding false imprisonment.[2]

FAC ¶ 117.  Plaintiff asserts that these duties arise from Defendant's role as a common carrier.  Defendant has not demonstrated that the provision of food, water, restroom facilities

---

[2]Plaintiff again asserts the Fourth Amendment as a "legal basis" for this claim.  As stated above, there is no basis in law for applying the Fourth Amendment to Defendant American Airlines.

United States District Court
For the Northern District of California

and ventilation is controlled by specific regulations.  Therefore, these claims are not preempted by the ADA.  See April 25, 2008 order at 14.  As discussed above, Plaintiff's claims related to her involuntary confinement fail.  However, in light of the high standard to which common carriers are held, see Andrews v. United Airlines, 24 F.3d 39, 40 (9th Cir. 1994), the Court denies Defendant's motion to dismiss Plaintiff's negligence claim to the extent it is based on allegations of a failure to attend to passengers' basic needs during the delay.

### 4.   Breach of Contract

The Court granted Plaintiff leave to amend her breach of contract claim with further detail regarding Defendant's failure to comply with specific terms of the COC.  In her FAC, Plaintiff accuses Defendant of breaching several specific portions of the COC.  Defendant argues that the breach of contract claim is subject to dismissal because Plaintiff is not entitled to recover damages under any of the passages cited.

### a.   Paragraph Three

First, Plaintiff alleges that Defendant "failed to 'endeavor' to carry Plaintiff and her baggage and other class members with reasonable dispatch, and instead willfully chose to not carry its passengers or even permit them to obtain timely alternate transportation by its lengthy on ground confinement of over 3 hours on December 29th, 2006."  FAC ¶ 124(b).  Plaintiff alleges that, in so doing, Defendant violated paragraph three of the COC, which provides, "American will endeavor to carry you and your baggage with reasonable dispatch, but times shown in timetables or

8

elsewhere are not guaranteed and form no part of this Contract."

COC ¶ 3.  However, the same paragraph also provides,

> Schedules are subject to change without notice.
> American is not responsible or liable for failure to
> make a connection, or to operate any flight according
> to schedule, or for a change to the schedule of any
> flight.  Under no circumstances shall American be
> liable for any special, incidental or consequential
> damages arising from the foregoing.

Id.  Because American specifically disclaims any liability for

failure to comply with its schedule, Plaintiff cannot maintain a

claim for breach of this contract provision.

    Moreover, even if Plaintiff could establish that Defendant

"willfully" elected not to transport her according to schedule, she

would not be entitled to any damages under the terms of the

contract.  The provision expressly disclaims liability for

"special, incidental or consequential damages."  Plaintiff argues

that she is entitled to "general contract damages," which she

asserts include "a) the consideration paid (here the ticket price)

and/or b) the out of pocket costs to cover the breach of contract

expenses caused by and naturally flowing from the AA breaches, such

as failure to provide overnight lodging as promised in

circumstances of excessive delay, and c) potentially lost profits."

Opposition at 4.  However, Plaintiff acknowledges that she is not

entitled to recover the price of her ticket because she "used all

portions of her ticket."  FAC ¶ 124(c).  Further, the Court has

already held that any claims based on a failure to provide

"lodging, meals, substitute transportation and similar expenses"

are preempted by the ADA.  April 25, 2008 order at 14.  Plaintiff

may only recover for a failure to provide these types of

United States District Court
For the Northern District of California

accommodations to the extent they are provided for in the COC.

Finally, lost profits are not recoverable as general damages for

breach of contract under either California or Texas law.  <u>See,</u>

<u>e.g.</u>, <u>Lewis Jorge Const. Mgmt., Inc. v. Pomona Unified Schl. Dist.</u>,

34 Cal. 4th 960, 971-72 (2004) ("Lost profits from collateral

transactions as a measure of general damages for breach of contract

typically arise when the contract involves crops, goods intended

for resale, or an agreement creating an exclusive sales agency.");

<u>Cont'l Holdings, Ltd. v. Leahy</u>, 132 S.W.3d 471, 475 (Tex. App.

2003) ("Profits lost on the breached contract itself . . . are

classified as 'direct' damages.  Profits lost on other contracts or

relationships resulting from the breach are classified as

'indirect' damages.").

        b.   Paragraph Ten

     Plaintiff next argues that Defendant has breached the portion

of the COC that provides, "If you decide not to use your ticket,

and unless the ticket specifies otherwise, American will issue a

refund . . ."  COC ¶ 10.  However, as stated above, Plaintiff

acknowledges that she is not entitled to such a refund because she

used all portions of her ticket.  Plaintiff asserts that "other

class members who will be added as plaintiffs shortly, did not

receive refunds for unused tickets."  FAC ¶ 124(c).

     However, Plaintiff's case has not been certified as a class

action and she must seek a stipulation from Defendant or leave of

the Court to amend her complaint to add additional named

plaintiffs.  Therefore, Plaintiff cannot bring a claim for breach

of a contract provision for which she has no standing.

10

United States District Court

For the Northern District of California

            c.   Paragraph Eighteen

    Plaintiff further alleges that Defendant breached paragraph

eighteen of the COC, which provides in relevant part:

        American Airlines . . . will provide customers at the
        airport and onboard an affected aircraft with timely
        and frequent updates regarding known delays,
        cancellations and diversions and will strive to provide
        the best available information concerning the duration
        of delays and to the extent available, the flight's
        anticipated departure time.

FAC ¶ 124(d).  Plaintiff alleges that Defendant breached this

provision "by failing to strive to provide Plaintiff and other

class members with 'best available information' concerning the

duration of delays on December 29th, 2006 and as noted above by

repeatedly supplying false and misleading information."  Id.

However, Plaintiff does not indicate what damages, if any, she

suffered because of Defendant's failure to provide such

information.

    Plaintiff also asserts that Defendant could have rerouted her

on another flight leaving from Austin but failed to do so in

violation of the provision that provides, "When cancellations and

major delays are experienced, you will be rerouted on our next

flight with available seats."  COC ¶ 18.  Defendant argues that

Plaintiff cannot sustain a breach of contract claim based on this

provision because she has not alleged any facts to support a

finding that there were other flights departing Austin with

available seats.  However, Plaintiff alleges,

        Plaintiff and many other class members could have been
        rerouted on other AA flights that were taking off from
        Austin and other airports with diverted flights for DFW
        and other destinations or allowed to exit the aircraft
        when the diverted airport was at or near their

                                11

United States District Court
For the Northern District of California

1    destination, but Defendant AA in breach of this contract
2    term failed and refused to do so on December 29th and
     30th, 2006.

3    FAC ¶ 1224(e).  If proven true, these allegations could establish a

4    breach of contract.

5         Plaintiff also argues that Defendant breached the COC when it

6    failed to provide her with overnight accommodations in Austin.

7    However, the provision clearly states, "If the delay or

8    cancellation was caused by events within our control and we do not

9    get you to your final destination on the expected arrival day, we

10   will provide reasonable overnight accommodations, subject to

11   availability."  COC ¶ 18.  Plaintiff asserts that "the initial

12   delay was caused by poor maintenance, by lack of available aircraft

13   or crew members," FAC ¶ 124(f).  However, Plaintiff also includes

14   allegations regarding Defendant's knowledge of "transient thunder

15   storms" at the Dallas Fort Worth Airport, id. at ¶ 52, and the two

16   and one half hour closure of that airport, id. at ¶ 68.

17   Plaintiff's factual allegations control over the contradictory

18   conclusory allegations.  Plaintiff cannot base her claim for breach

19   of contract on this provision.

20        Plaintiff next cites the provision of paragraph eighteen that

21   states,

22        In extreme circumstances, it is possible that a flight
          will cancel while on the ground in the city to which it
23        was diverted.  When this happens you will be rerouted
          on the next American Airlines or American Eagle flight
24        with available seats, or in some circumstances on
          another airline or some other alternative means of
25        transportation.  If we are unable to reroute you,
          reasonable overnight accommodations will be provided by
26        American Airlines or American Eagle, subject to
          availability.

27

28                                  12

FAC ¶ 124(g).  Plaintiff alleges that Defendant breached this provision when it failed to reroute her, provide accommodations or provide alternate transportation.  Defendant argues that this claim fails because Plaintiff does not allege "that she made an affirmative claim for reimbursement with American that was denied."  Motion at 18.  However, Defendant does not provide any support for a finding that Plaintiff was required to do so.

Plaintiff may pursue her claim for breach of contract based on the portions of paragraph eighteen of the COC identified in paragraphs 124(e) and (g) of the FAC.

                    d.    Paragraph Nineteen

Paragraph nineteen of the COC provides,

> In the case of extraordinary events that result in very lengthy onboard delays, American Airlines and America Eagle will make every reasonable effort to ensure that essential needs of food (snack bar such as a Nutri-Grain), water, restroom facilities and basic medical assistance are met.

COC ¶ 19.  Plaintiff alleges that Defendant "flagrantly breached this contract provision for Plaintiff and nearly all other class members."  FAC ¶ 124(i).  Defendant argues that Plaintiff was provided with these amenities, citing paragraph 21 of the FAC. That paragraph, which Defendant acknowledges "disputes the adequacy of the food and water she received," Reply at 19, alleges,

> At about 6:00 PM toilets were backed up; flight attendants served a half Dixie cup of water, which upon information and belief, was non-potable water from the lavatory sinks and made some passengers sick, and a small bag of pretzels with about 45 calories.

FAC ¶ 21.  The Court finds that this alleged deficiency in services could serve as a basis for a breach of contract claim.  However,

13

Plaintiff's breach of contract claim based on this provision fails because she is not entitled to any recovery.  Paragraph nineteen of the COC also disclaims liability "for any special, incidental or consequential damages" based on a failure to meet the commitment outlined.  COC ¶ 19.

> e.    Paragraph Five

Finally, Plaintiff alleges that Defendant breached paragraph five of the COC when it "denied her boarding involuntarily on December 30th at the airport in DFW because [] her flight to Mobile[,] Alabama was oversold and failed to pay her Denied Boarding Compensation."  FAC ¶ 124(j).  Paragraph five provides,

> If a flight is oversold (more passengers hold confirmed reservations than there are seats available), and you are denied boarding involuntarily at the airport, you will be entitled to a payment of Denied Boarding Compensation from American. . . .

COC ¶ 5.  There are five exceptions to the promise of compensation. Defendant argues that Plaintiff has not alleged facts sufficient "to demonstrate that the five exceptions do not apply."  Reply at 19.  In particular, Defendant notes that Plaintiff has not alleged sufficient facts to establish that she "fully compl[ied] with American's ticketing and check-in requirements, as set forth in the check-in requirements section."  COC ¶ 5.  Paragraph seven provides, "In addition to checking in 30 minutes before departure, you must be present at the departure gate and ready to board at least 15 minutes prior to scheduled departure time to retain your reservation and a seat."  Id. at ¶ 7.

Defendant points out that Plaintiff alleges only as follows:

> Arriving at DFW 20 minutes before the only AA flight to

14

**United States District Court**
For the Northern District of California

1
2
3

> Mobile, Plaintiff was refused boarding even though she
> had a confirmed reservation by an AA gate agent who
> also rudely informed her that her baggage was on the
> flight to Mobile, she and her family would not be
> allowed to board as the flight was oversold . . . .

4 FAC ¶ 39.  Defendant argues that this is not sufficient to

5 establish that Plaintiff was checked in and holding a boarding pass

6 thirty minutes prior to departure.  However, Plaintiff's allegation

7 does not contradict such a finding.  Defendant also argues that

8 Plaintiff's claim fails because she has not made a claim for

9 compensation.  However, Defendant does not point to anything in the

10 COC that requires such a request.  Indeed, the COC provides that a

11 passenger will be "entitled" to payment and her payment "will be

12 refunded" if she meets the requirements of the paragraph.

13 Plaintiff has stated a claim for breach of contract based on this

14 paragraph.  However, as stated above, Plaintiff cannot bring claims

15 for which she does not have standing.  Therefore, her claim is

16 dismissed to the extent it relates to "passengers whose trip

17 includes a stop in a foreign nation."  FAC ¶ 125.

18     5.    Fraud

19     In its order dismissing the original complaint the Court

20 instructed Plaintiff that, if she wished to replead her fraud

21 claim, she must "identify who made the allegedly misleading

22 statements, how she will prove that they were knowingly false when

23 made, and how she relied on those statements to her detriment."

24 Plaintiff has added some allegations to support her claim.

25 Defendant argues that the additional allegations are not sufficient

26 to satisfy the requirement that averments of fraud be plead with

27 particularity.  See Fed. R. Civ. P. 9(b).  However, even if

28

15

Plaintiff's allegations regarding the allegedly fraudulent statements are sufficient to satisfy Rule 9(b), she has not plead reasonable reliance.  In her opposition to the motion to dismiss, Plaintiff characterizes her allegations of reliance as follows,

> Had Defendant not lied to plaintiff and the other
> similarly situated passengers and disclosed the
> material fact that it was holding them on the ground
> for its own pecuniary gain, and/or due to lack of
> personnel, and that they were not going to take off in
> the foreseeable future, rather than promulgating the
> false excuse of bad weather, there is no doubt that
> passengers would have been able to exit the aircraft in
> less than the approximately 10 hours that plaintiff and
> many others were forced to endure the confinement on
> the ground in aircraft at remote locations until the
> flight crews had run out their duty time and flight
> pay, even if they had to call 911 to obtain a rescue by
> the police.

Opposition at 7.

As Defendant notes, Plaintiff's allegation that she relied on Defendant's statements in remaining on the aircraft contradicts the allegation that she revoked her consent to remain on the aircraft, which underlies her false imprisonment claim.  The Court finds that Plaintiff has failed adequately to allege that she reasonably relied on the statements she alleges were fraudulent.  This claim is dismissed with prejudice.

III. New Claims

In addition to the claims asserted in her original complaint, Plaintiff asserts three additional causes of action in her FAC.

A.   Conversion

Plaintiff alleges that Defendant "wrongfully exercised dominion over the baggage of Plaintiff and other class members when it refused to return their baggage to them that was readily

16

available to be returned to Plaintiff and other class members on
December 29th and 30th, 2006."  FAC ¶ 146.

Defendant first argues that Plaintiff's claims are preempted
by the ADA.  However, the Court previously found that, "to the
extent they are not controlled by specific regulations, Plaintiff's
claims are not preempted by the ADA."  April 25, 2008 order at 14.

Defendant next argues that the COC governs its
responsibilities with respect to passengers' baggage.  However,
none of the sections cited specifically addresses Defendant's
responsibility with respect to allowing passengers access to their
baggage during lengthy delays.  Similarly, the COC's limitation on
liability with respect to baggage only relates to "loss, damage or
delayed delivery of checked or transferred baggage."  COC ¶ 6.
Plaintiff does not allege that Defendant lost her bags or that her
bags were delayed when she arrived in Mobile.  Rather, she alleges
that Defendant wrongly withheld her luggage while she was in Austin
overnight and in DFW awaiting a connecting flight to Mobile.

Although it remains to be seen whether Plaintiff can prove
that she suffered any damages as a result of Defendant's acts or
that Defendant denied her of access to her luggage for a sufficient
amount of time to sustain her claim, such questions need not be
resolved at this stage.  Defendant's motion to dismiss Plaintiff's
conversion claim is denied.

B.    Civil Conspiracy

Plaintiff asserts a claim for civil conspiracy based on
allegations that Defendant, a manager named Al Tinsley and other
unidentified "operations managers of AA" "agreed to participate in

17

an unlawful acts [sic] of false imprisonment coupled with fraud and deceit, and intentional infliction of emotional distress."  FAC ¶ 150.  Plaintiff further alleges, "Unlawful overt acts done in furtherance of this agreement included coordination with the operations managers at 17 or more airport locations where aircraft were diverted from DFW on December 29th, 2006 to involuntarily confine passengers for 3 to 11 hours in AA aircraft on the ground."  Id. at 152.

Defendant argues that this claim fails because it is based on an allegation that Defendant "conspired with its own executive officers and corporate managers.  However, under both California and Texas law, a corporation cannot 'conspire' with its own employees."  Motion at 23.  In her opposition, Plaintiff acknowledges this deficiency and states that she wishes to amend the claim "to exclude the AA corporation and provide more detail for the conspiracy among several employees of AA as several Doe defendants and Al Tinsley, the operations manager at Austin Airport."  Opposition at 14.

However, Plaintiff's claim is deficient for other reasons.  A claim for civil conspiracy consists of three elements:  "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct."  Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995).  "The conspiring defendants must . . . have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose."  Id. at 1582 (citing Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 784-86

United States District Court
For the Northern District of California

(1979)).  This knowledge must be combined with an intent to aid in achieving the objective of the conspiracy.  Id.; Schick v. Bach, 193 Cal. App. 3d 1321, 1328 (1987).  Nothing in Plaintiff's complaint suggests that any individuals acted with such intent or knowledge.  Nonetheless, the Court grants Plaintiff leave to amend this complaint if, consistent with the requirements of Rule 11 of the Federal Rule of Civil Procedure, she can name at least one of the alleged conspirators as a defendant and allege facts sufficient to support a finding of such planning.

C. RICO

In her opposition to the motion to dismiss Plaintiff states that she "wishes to withdraw [her RICO] cause of action at this time and with leave to replead should discovery reveal information needed to refile it."  Opposition at 14.  Plaintiff's RICO claim is dismissed without prejudice.  Consistent with Federal Rule of Civil Procedure 15, Plaintiff will need to seek a stipulation from Defendant or file a motion for leave to file an amended complaint if she wishes to amend her complaint to include such a claim in the future.

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Defendant's motion to dismiss the FAC and DENIES it in part (Docket No. 60).  Specifically, the Court dismisses with prejudice Plaintiff's claim for false imprisonment and her claim for breach of contract to the extent it is based on paragraphs three, ten, nineteen or the specified portions of paragraph eighteen of the COC.  In addition, the Court dismisses without prejudice

19

1   Plaintiff's claims for civil conspiracy and RICO.

2       Plaintiff may file a second amended complaint within ten days

3   of the date of this order.  Consistent with this order, Plaintiff

4   may include in the amended complaint (1) her negligence claim to

5   the extent it is based on Defendant's failure to provide adequate

6   food, water, restroom facilities and ventilation in violation of

7   its duties as a common carrier; (2) her breach of contract claim to

8   the extent it is based on paragraph five of the COC or the portions

9   of paragraph eighteen of the COC identified in paragraphs 124(e)

10  and (g) of the FAC; and (3) her conversion claim.  In addition,

11  Plaintiff may include a claim for civil conspiracy if, consistent

12  with Rule 11, she can name at least one alleged conspirator as a

13  defendant and allege facts to support a finding that the individual

14  conspired with other individuals with unlawful intent.

15      IT IS SO ORDERED.

16

17  Dated:  7/11/08                    _____

18                                     CLAUDIA WILKEN
                                       United States District Judge
19

20

21

22

23

24

25

26

27

28