IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN HANNI, individually and on behalf of all others similarly situated, TIMOTHY T. HANNI, CHASE L. COSTELLO, and LANDEN T. HANNI, a minor, by and through his parent and Natural Guardian, Kathleen Hanni.<br><br>      Plaintiffs,<br><br>  v.<br><br>AMERICAN AIRLINES, INC., and DOES 1 through 20, inclusive,<br><br>      Defendants. | No. C 08-00732 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND DENYING IT IN PART AND DENYING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL |

Defendant American Airlines, Inc. (AA) has filed a motion to dismiss Plaintiff Kathleen Hanni's third amended complaint (TAC). Plaintiff opposes Defendant's motion. Plaintiff moves for an order certifying an interlocutory appeal on the portions of the Court's July 11, 2008 order which dismissed with prejudice parts of Plaintiff's first amended complaint (FAC). Defendant opposes the motion. The motions were taken under submission on the papers. Having considered all of the papers filed by the parties, the Court grants in part Defendant's motion to dismiss and denies it in part and denies Plaintiff's motion for an interlocutory appeal.

BACKGROUND

As discussed in the Court's previous orders, on December 28, 2007, Plaintiff filed this putative class action, alleging claims based on Plaintiff's experiences on a December 29, 2006 American Airlines flight from San Francisco, connecting at Dallas-Forth Worth Airport (DFW), to Mobile, Alabama.  Plaintiff alleges that the seven hour trip took over fifty hours due to various delays, which included nine-and-one-half hours confined on the airplane on the runway at the Austin, Texas airport.  The complaint included claims for false imprisonment, intentional infliction of emotional distress, negligence, breach of contract and intentional misrepresentation.

Defendant moved pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss the complaint.  The Court granted the motion in part and denied it in part, giving Plaintiff leave to file an amended complaint.  (April 25, 2008 order.)  On May 15, 2008, Plaintiff filed her first amended complaint (FAC).  Plaintiff again alleged claims for false imprisonment, negligence, breach of contract, fraud and included three additional causes of action for conversion, civil conspiracy and a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961.  Defendant again moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the FAC.

On July 11, 2008, the Court issued an order granting the motion in part and denying it in part.  The Court dismissed with prejudice Plaintiff's claims for false imprisonment, intentional infliction of emotional distress and fraud and dismissed her claim

2

for breach of contract to the extent it was based on paragraphs three, ten, nineteen or the specified portions of paragraph eighteen of the Conditions of Carriage (COC).  The Court also dismissed without prejudice Plaintiff's claims for civil conspiracy and RICO. (July 11, 2008 order at 6, 16, 19-20.)  The Court gave Plaintiff leave to file a second amended complaint that could include: (1) a negligence claim based on Defendant's failure to provide adequate food, water, restroom facilities and ventilation in violation of its duties as a common carrier; (2) a breach of contract claim based on paragraph five of the COC or the portions of paragraph eighteen of the COC identified in paragraphs 124(e) and (g) of the FAC; and (3) a conversion claim.  The Court also allowed Plaintiff to include a claim for civil conspiracy if, consistent with Rule 11, she could name at least one alleged conspirator as a defendant and allege facts to support a finding that the individual conspired with other individuals with unlawful intent.  (July 11, 2008 order at 20.)

On July 31, 2008, Plaintiff filed her second amended complaint (SAC).  On August 12, 2008, the parties stipulated that Plaintiff would file a third amended complaint (TAC) that included Plaintiff's husband and sons as plaintiffs and that modified the allegations of the complaint.[1]  (Stipulation to File an Amended Complaint, August 12, 2008.)  On August 13, 2008, Plaintiff filed her TAC alleging claims for negligence, breach of contract,

---

[1] For the sake of convenience in comparison to previous orders, the Court will continue to use the singular Plaintiff instead of the plural Plaintiffs in this order.

conversion and civil conspiracy. (TAC, August 13, 2008 ¶ 87-109.)

On August 8, 2008, Plaintiff filed a notice of appeal based on the portions of her FAC that the Court dismissed with prejudice. (Plaintiff's Notice of Appeal, August 8, 2008.)  On August 12, 2008, the Court issued an order stating that it retained jurisdiction of this case pursuant to Federal Rule of Civil Procedure 54 in that not all of Plaintiff's claims had been adjudicated. (August 12, 2008 order at 1.)  On October 3, 2008, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute.  (United States Court of Appeals for the Ninth Circuit, October 3, 2008 order at 1.)

LEGAL STANDARD

As stated in the Court's previous orders regarding the first and second motions to dismiss, when considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

DISCUSSION

I.  Negligence

Defendant argues that the Court should dismiss with prejudice Plaintiff's negligence claim because she does not appear able to plead it based only on Defendant's failure to provide adequate

4

food, water, restroom facilities and ventilation in violation of its duties as a common carrier without also re-pleading the false imprisonment and intentional infliction of emotional distress claims that the Court has dismissed with prejudice.  Defendant also argues that Plaintiff, in the context of her negligence claim, has re-plead her Fourth Amendment allegation, which the Court stated in its July 11, 2008 order could not be applied to Defendant as a matter of law.

Plaintiff argues that the high duty of care of a common carrier includes a duty not to imprison passengers falsely, not to intentionally inflict emotional distress and to comply with the Fourth Amendment.

The Court has already addressed Plaintiff's argument in its July 11, 2008 order and dismissed with prejudice Plaintiff's claims for false imprisonment and intentional infliction of emotional distress.  (July 11, 2008 order at 6 and 19.)  Further, the Court already held that there is no basis in law for Plaintiff's Fourth Amendment claim and did not give Plaintiff leave to amend this claim.  (July 11, 2008 order at 5, 20.)  Plaintiff's negligence allegations that include charges of false imprisonment, intentional infliction of emotional distress and violation of the Fourth Amendment are dismissed with prejudice.  Plaintiff must comply with the Court's July 11, 2008 order, which limited her negligence claim to Defendant's failure to provide adequate food, water, restroom facilities and ventilation in violation of its duties as a common carrier.

II.  Special Needs Contract Claim

Defendant argues that the claim in Plaintiff's TAC that Defendant breached its contract by failing to meet Plaintiff's special needs should be dismissed because the Court's July 11, 2008 order did not specify that Plaintiff could make such a claim and because the COC clearly states that Defendant is not liable for checked medicines.

In granting leave to amend, the Court advised Plaintiff that she could include her breach of contract claim to the extent it was based on paragraph five of the COC or the portions of paragraph eighteen of the COC identified in paragraphs 124(e) and (g) of the FAC.  In the TAC, Plaintiff alleges that Defendant breached its contract to meet Plaintiff's special needs, and specifies in her opposition that the special needs were her anti-seizure medications and her son's attention deficit hyperactivity disorder (ADHD) medications that were in their checked baggage to which they were denied access for two days.  (Plaintiff's Opposition at 3.)

This allegation, however, was paragraph 124(h) in the FAC and Defendant moved to dismiss it.  In its July 11, 2008 order, the Court did not specifically address this point, but indicated that only the portions of paragraph eighteen of the COC mentioned in paragraphs 124(e) and 124(g) of the FAC could be pursued.  The Court did not specifically give Plaintiff leave to include paragraph 124(h) of the FAC in her amended complaint.

Plaintiff's special needs contract claim fails because paragraph six of the COC specifically states that Defendant does not accept medicines in checked baggage and assumes no liability

6

for such items. (COC ¶ 6.) Thus, Plaintiff's contract claim based on special needs is dismissed with prejudice.

III. Civil Conspiracy

Defendant argues that Plaintiff's civil conspiracy cause of action should be dismissed because (1) Defendant's managers, whom Plaintiff claims are conspirators, were acting within the scope of their employment and were not seeking independent pecuniary gain; (2) Plaintiff's substantive allegations are barred in that there can be no civil conspiracy based on negligence or breach of contract; (3) the allegation of civil conspiracy to commit fraud fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(b); and (4) Plaintiff's allegations of a conspiratorial agreement amount to pure speculation.

In its July 11, 2008 order, the Court granted Plaintiff leave to amend the civil conspiracy claim if, consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure, she could name at least one of the alleged conspirators as a defendant and allege facts sufficient to support a finding that the individual conspired with other individuals with unlawful intent.

In the TAC, Plaintiff asserts a claim for civil conspiracy based on allegations that AA managers Al Tinsley, Don Dillman, Bonnie Sutton and other operations or general managers[2] agreed to

---

[2] The use of Doe Defendants is not favored in the Ninth Circuit. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). In its July 11, 2008 order, the Court gave Plaintiff leave to amend if she could name at least one of the alleged conspirators as a defendant. Although Plaintiff refers to these individuals as Doe Defendants in the body of the complaint, she does not name any of them as a defendant in the caption of the complaint nor state any basis for jurisdiction over them.

7

participate in committing torts against Plaintiff, breached the standard of care owed to her and threatened her physical safety and emotional well-being for their own commercial convenience and pecuniary gain. (TAC ¶ 105.) It appears that Plaintiff is alleging that these individuals engaged in civil conspiracy to commit negligence, breach of contract and fraud.

### A. Standing

Plaintiff argues that Defendant AA lacks standing to move for dismissal of the civil conspiracy claim because she is not bringing it against AA. On July 11, 2008, this Court issued an order dismissing Plaintiff's FAC with leave to amend on certain conditions. Plaintiff filed a TAC that fails to conform to these conditions so Defendant is within its rights to file another motion to dismiss. Further, a district court may dismiss a complaint, or part thereof, under Rule 12(b)(6) on its own motion provided a plaintiff has had an opportunity to file a memorandum in support of his or her pleading, which Plaintiff has had in this action. Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981).

### B. Civil Conspiracies Among Corporate Employees

There can be no civil conspiracy among a corporation and its own employees. Icasiano v. Allstate Ins. Co., 103 F. Supp. 2d 1187, 1192 (N.D. Cal. 2000) (applying California law); Leasehold Expense Recovery, Inc. v. Mothers Work, Inc., 331 F.3d 452, 463 (5th Cir. 2003) (applying Texas law). However, civil conspiracies among corporate employees to violate the rights of plaintiffs are actionable, even if the employees are purportedly acting within the scope of their employment, if the conspirators are independently

8

1 seeking individual pecuniary gain through unlawful conduct.
2 Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007); Berg & Berg
3 Enterprises, LLC v. Sherwood Partners, Inc., 131 Cal. App. 4th 802,
4 817-818 (2005).  "Cases have interpreted the 'financial advantage'
5 exception to the agent's immunity rule to mean a personal advantage
6 or gain that is over and above ordinary professional fees earned as
7 compensation for performance of the agency."  Id. at 834.  In Berg
8 & Berg Enterprises, LLC, an allegation of excessive fees charged
9 for services was not considered over and above monetary
10 compensation received in exchange for professional services.  Id.
11 at 836.
12      Plaintiff alleges that AA's employees conspired against
13 Plaintiff for personal financial reasons because they receive
14 higher bonuses if AA pays less to passengers in compensation for
15 diversions and delays.  (TAC ¶ 108.)  Defendant claims that the
16 exception to the intra-corporate conspiracy doctrine does not
17 include compensation paid to the employee by the employer and this
18 is not considered independent pecuniary gain.
19      By analogy to Berg & Berg Enterprises, LLC, bonuses are not
20 independent pecuniary gain because they are part of the
21 compensation earned by employees from AA.  Thus, because the AA
22 employees are not seeking individual pecuniary gain, Plaintiff has
23 not alleged an exception to the law that there can be no civil
24 conspiracy among employees of a corporation.
25      C.   Adequacy of Civil Conspiracy Claim
26      Defendant argues that Plaintiff's specific allegations of a
27 civil conspiracy fail to state a claim as a matter of law because
28

9

negligence and breach of contract do not support such a cause of action, the allegations of conspiracy to commit fraud fail to meet the requirements of Federal Rule of Civil Procedure 9(b) and the conspiracy charges are speculative.

    (1) Civil Conspiracy based on Negligence and Breach of Contract

An allegation that persons entered into a conspiracy to commit negligence as a matter of law cannot support a cause of action for civil conspiracy. Koehler v. Pulvers, 606 F. Supp. 164, 173, n. 10 (S.D. Cal. 1985) (applying California law); Firestone Steel Products Co. v. Barajas, 927 S.W. 2d 608, 617 (Tex. 1996). Likewise, there is no cause of action for civil conspiracy to breach a contract. Mintel Learning Tech., Inc. v. Beijin Kaidi Educ. & Tech. Dev. Co., No. C 06-7541 PJH, 2007 WL 2288329 at *5 (N.D. Cal. Aug. 9, 2007) (applying California law); Leasehold Expense Recovery, Inc., 331 F.3d at 463 (applying Texas law).

Paragraph 105 in the TAC alleging that Doe Defendants committed "torts against Plaintiffs" and other conspiracy allegations that sound in negligence are dismissed with prejudice for this reason. Likewise, paragraph 106(e) of the TAC contains allegations that are covered by the COC contract and thus is dismissed with prejudice because there can be no civil conspiracy for breach of contract.

    (2) Civil Conspiracy to Commit Fraud

In order to establish intentional fraud under California and Texas law, plaintiffs must prove "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce

10

1  reliance; (4) justifiable reliance; and (5) resulting damage."
2  <u>Conrad v. Bank of America</u>, 45 Cal. App. 4th 133, 156 (1996); <u>see</u>
3  <u>also</u> <u>Lane v. Halliburton</u>, 529 F.3d 548, 564 (5th Cir. 2008)
4  (applying Texas law).  A fraud claim requires the plaintiff to show
5  that he or she has "suffered consequential damages. . . . And the
6  damages suffered must be referable to, and caused by, the fraud."
7  <u>Conrad</u>, 45 Cal. App. 4th at 159.

8      Plaintiff alleges that Tinsley, Dillman, Sutton and other
9  unnamed individuals made misrepresentations to American pilots, who
10 repeated them to her, that there were no gates or busses available
11 to permit passengers to exit the aircraft safely, that aircraft
12 were cleared for takeoff or would be taking off shortly and that
13 the Dallas DFW airport was closed.  (TAC ¶ 106(b).)

14     Plaintiff's claim of conspiracy to commit fraud fails for
15 omitting to plead reasonable reliance.  There is no indication in
16 the TAC that Plaintiff relied on the AA managers' alleged
17 misrepresentations.  In Plaintiff's opposition to Defendant's
18 motion to dismiss the FAC, she stated that she relied on the AA
19 managers' representations in remaining on the aircraft; however,
20 this contradicts her earlier statement that she revoked her consent
21 to remain on the aircraft.  (FAC ¶ 89 and June 19, 2008 Opposition
22 at 7.)  Hence, as in the July 11, 2008 order, the Court finds that
23 Plaintiff has failed adequately to allege that she reasonably
24 relied on the statements she alleges were fraudulent.  The claim of
25 conspiracy to commit fraud is dismissed with prejudice for this
26 reason.

(3) Speculative Civil Conspiracy Claim

A claim for civil conspiracy consists of three elements: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995).[3] "The conspiring defendants must . . . have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." Id. at 1582 (citing Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 784-86 (1979)). This knowledge must be combined with an intent to aid in achieving the objective of the conspiracy. Id.; Schick v. Bach, 193 Cal. App. 3d 1321, 1328 (1987). An unlawful conspiracy claim must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). A bare allegation that a conspiracy existed does not suffice. Id. at 1966, 1970.

Plaintiff fails to allege when and how the AA managers entered into an agreement to keep her on the plane and to deny her services and compensation. The claim contains little more than a bare allegation that the conspiracy existed. Therefore, Plaintiff's civil conspiracy claim also fails on this ground.

---

[3] Texas law on civil conspiracy is the same as California law. Civil conspiracy elements include: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." Operation Rescue-National v. Planned Parenthood of Houston and Southeast Texas, Inc., 975 S.W. 2d 546, 553 (Tex. 1998).

12

IV.  Interlocutory Appeal

Plaintiff moves for an order certifying an interlocutory appeal on the portions of the July 11, 2008 order which dismissed with prejudice the causes of action in her FAC for false imprisonment, intentional infliction of emotion distress and fraud and parts of the causes of action for negligence and breach of contract.

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order only if three factors are present.  First, the issue to be certified must involve a "controlling question of law."  28 U.S.C. § 1292(b).  Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

Second, there must be "substantial ground for difference of opinion" on the issue.  28 U.S.C. § 1292(b).  A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing.  Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800.  Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case.

13

Id. In light of the legislative policy underlying § 1292, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026; Mateo, 805 F. Supp. at 800. If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) rev'd in part on other grounds, 106 F.3d 1125 (2nd Cir. 1997).

Plaintiff argues that there are substantial differences of opinion on controlling questions of law regarding the issues she wishes to appeal. For support, she cites Ray v. American Airlines, Inc., No. 08-5025, slip op. (W.D. Ark. June 2, 2008), a nearly identical case involving Defendant. In that case, the judge granted Defendant's Rule 12(b)(6) motion on Plaintiff's contract and fraud claims and denied it on Plaintiff's negligence and false

14

imprisonment claims.  Id. at 29-37.  That different district courts in different circuits ruled differently on Rule 12(b)(6) motions does not provide a substantial ground for difference of opinion on controlling questions of law.

Plaintiff argues that continuing the litigation on the remaining issues will be time-consuming, expensive and a potential waste of judicial resources if the Ninth Circuit disagrees with the Court's Rule 12(b)(6) ruling after trial.  However, an interlocutory appeal on the issues identified by Plaintiff will not advance the ultimate termination of the litigation.  If the Ninth Circuit affirms the Court's order, the interlocutory appeal would have delayed the termination of this case.  If the Ninth Circuit reverse, the claims will go forward and one party may take a second appeal, thus burdening the court of appeals with two appeals in the same case.

Finally, there are no exceptional circumstances warranting interlocutory appeal.  For the foregoing reasons, Plaintiff's motion for certification of an interlocutory appeal is denied.

V.   Appeal Under the Collateral Order Doctrine

Plaintiff claims that an appeal is justified under the collateral order doctrine.

Under 28 U.S.C. § 1291, appellate jurisdiction is typically limited to final decisions of the district courts.  The Supreme Court, however, has held that under the collateral order doctrine a party may appeal from a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final."  Digital

15

Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994). An order is immediately appealable under the collateral order doctrine when it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." Sell v. United States, 539 U.S. 166, 176 (2003). "This determination should not be made lightly because the principle that appellate review should be deferred pending the final judgment of the district court is central to our system of jurisprudence." United States v. Amlani, 169 F.3d 1189, 1192 (9th Cir. 1999). Because collateral jurisdiction requires all three elements, the court lacks collateral order jurisdiction if even one element is not met. McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1140 (9th Cir. 2007).

Plaintiff argues that there is no realistic probability that the Court will change its opinion on dismissal. The collateral order doctrine, however, is not based on whether the district court is likely to change its mind. Plaintiff can appeal after a final judgment is entered. Plaintiff's motion for permission to appeal is denied.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Defendant's motion to dismiss the TAC and DENIES it in part. (Docket #88.) Specifically, the Court dismisses with prejudice Plaintiff's special needs contract claim, and her negligence claim except to the extent that it is based on Defendant's failure to provide adequate food, water, restroom facilities and ventilation

in violation of its duties as a common carrier.  In addition, the Court dismisses with prejudice Plaintiff's claim for civil conspiracy.

    Plaintiff may pursue the following claims: (1) the negligence claim to the extent it is based on Defendant's failure to provide adequate food, water, restroom facilities and ventilation in violation of its duties as a common carrier; (2) the breach of contract claim to the extent it is based on paragraph five of the COC or the portions of paragraph eighteen of the COC identified in paragraphs 124(e) and (g) of the FAC; and (3) the conversion claim. Plaintiff need not file a Fourth Amended Complaint.

    Plaintiff's motion for certification of an interlocutory appeal is DENIED.  (Docket #90.)

    The hearing, previously scheduled for November 13, 2008, is vacated.

    IT IS SO ORDERED.

Dated: 11/21/08

*[signature: Claudia Wilken]*

CLAUDIA WILKEN
United States District Judge