United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HANNI, at al.,

          Plaintiffs,

  v.

AMERICAN AIRLINES, INC.,

          Defendant.

_____/

No. C-08-00732 CW (EDL)

**ORDER RE PLAINTIFF'S MEDICAL RECORDS SUBMITTED FOR IN CAMERA REVIEW**

      On March 31, 2009, this Court held a hearing on multiple discovery motions in the above captioned case.  The Court ordered Plaintiffs to produce Ms. Kathleen Hanni's medical records pursuant to the protective order.  The Court also noted that American was generally entitled to Ms. Hanni's medical history information, but that it would consider redacting very limited portions of those records if they contained particularly sensitive information from Ms. Hanni's childhood or the details of her assault.

      Plaintiffs have now submitted a medical report from Dr. Judith Keins for the Court to review *in camera.*  Plaintiffs seek to redact multiple highlighted portions of the medical records.  Ms. Hanni notes that she fears that Defendant will use her private confidential information to smear her.  However, Ms. Hanni's counsel previously expressed these concerns, and in response, the Court reminded Defendant in open court about their obligation to adhere to the protective order, including their obligation to disclose confidential information only to Defendant's employees who need to see the information for litigation purposes.  The Court has no reason to doubt or question Defendant's willingness to live up to their obligations under the protective order.  Nor do Plaintiffs provide any reason to doubt the integrity of Defendant's counsel.

**United States District Court**
For the Northern District of California

1    In addition, when Plaintiff's counsel previously raised the issue of redacting Plaintiff's

2    medical records, counsel did not inform the Court that Ms. Hanni specifically stated her

3    understanding that the report by Dr. Keins was not confidential.  See Keins Report at 397.  In light

4    of Ms. Hanni's explicit statement that the report is not confidential, it is highly questionable as to

5    whether any information should be redacted, especially because although the records contain highly

6    personal information, the protective order applies to any personal information that is not redacted.

7    However, Defendant states that it does not wish to see any further specific accounts of Ms. Hanni's

8    assault or any old medical or family history that is not related to or relevant to the diagnoses outlined

9    in the medical reports.

10    In light of the above, the Court will not allow redaction of any information relating to Ms.

11    Hanni's older medical history that relates to her diagnoses.  However, the Court will allow redaction

12    of certain information regarding her son and details of her criminal assault.  However, to the extent

13    that Ms. Hanni's son, who is also a plaintiff in this case, later seeks any emotional distress damages

14    beyond those resulting from ordinary distress at being delayed on the plane and perhaps unable to

15    eat or use the restroom for several hours, these redactions are without prejudice to unredacting such

16    information in the future.  The Court will not allow redaction of the information regarding Ms.

17    Hanni's current husband, because it is relevant to Ms. Hanni's emotional distress claim and to his

18    own claims as a plaintiff.

19    Specifically, Plaintiffs shall produce page 406 without any redactions.  On page 407,

20    Plaintiffs may only redact the bottom three paragraphs relating to Ms. Hanni's son. Plaintiffs shall

21    produce pages 409-410 in their entirety, and may only redact the third line on page 411.  Plaintiffs

22    shall produce pages 417-421, and 423 in their entirety.  Plaintiffs may redact pages 435 and 436.

23    Plaintiffs shall produce page 438 in its entirety.  As to page 440, Plaintiffs may only redact the one

24    sentence in the middle of the second paragraph relating to Ms. Hanni's son, and the last three lines

25    on the page.  As to page 444, Plaintiffs may only redact the second to last sentence on the page

26    regarding Ms. Hanni's son.  On page 445, Plaintiffs may redact only the paragraph under "surgical

27    history."  On page 446, Plaintiffs may redact only the first three sentences of the second paragraph

28    in the "past psychiatric history" section regarding Ms. Hanni's son.  Plaintiffs may redact the bottom

1   of page 447 as requested.  Plaintiffs shall produce pages 448-450 in their entirety.  On page 458,

2   Plaintiffs shall redact only the last three sentences they requested to redact regarding Ms. Hanni's

3   son.  Plaintiffs shall produce pages 459, 461, and 464 in their entirety.

4           While the Court appreciates the sensitivity in the medical records at issue, as stated above,

5   those records are subject to a protective order.  Ms. Hanni's medical information is relevant to her

6   damages claims in this case and is discoverable.  Of course, should this case proceed to trial,

7   Plaintiffs may always seek to exclude such evidence in a motion in limine.

8           **IT IS SO ORDERED.**

9   Dated:   April 27, 2009

10                                                        _Elizabeth D. Laporte_
                                                          _____
                                                          ELIZABETH D. LAPORTE
11                                                        United States Magistrate Judge

**United States District Court**
For the Northern District of California