IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN HANNI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AMERICAN AIRLINES, INC.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　/ | No. C-08-00732 CW  (EDL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TEMPORARILY STAY DISCOVERY; DENYING PLAINTIFF'S MOTION TO ENLARGE TIME FOR CLASS CERTIFICATION DISCOVERY; AND GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS** |

## I.   BACKGROUND

This is a proposed class action brought by Kathleen Hanni and her family against American Airlines that arises from flight delays on December 29, 2006. On that date, there were storms in Dallas, where the Hannis connected from San Francisco to Alabama. As a result, the passengers were kept on the plane for an extended period of time. The remaining claims in this case are: (1) the negligence claim to the extent that it is based on Defendant's failure to provide adequate food, water, restroom facilities, and ventilation in violation of its duties as a common carrier; (2) the breach of contract claim to the extent it is based on paragraph five of the Conditions of Carriage ("COC") or the portions of paragraph eighteen of the COC identified in paragraphs 124(e) and (g) of the FAC (failure to reroute on next available flight and overnight accommodations); and (3) the conversion claim (for Kathleen Hanni's luggage, which was delayed). See 11/21/08 Order at 17.

This Court has already ruled on numerous discovery motions in this case. At the March 24, 2009 hearing, the Court granted the majority of American's motion to compel, ordering Plaintiffs to provide complete and full Rule 26 initial disclosures, interrogatory responses, and responses to requests for production, and to provide all documents requested by American no later than April 3, 2009. The Court also held that Plaintiffs waived all objections to interrogatories and document

1  production requests served on January 16, 2009 except as to attorney client privilege and privacy,
2  noting that Plaintiffs' privacy concerns would be protected by the stipulated protective order.  The
3  Court also granted in part Plaintiffs' motion to compel, ordering American to produce a passenger
4  list of passengers on the Hanni's flight only, and denied American's motion for sanctions.
5  Following that hearing, the Court also reviewed in camera certain medical records of Kathleen
6  Hanni, ordering that the majority of the records be produced and allowing narrower redactions than
7  Plaintiffs proposed.

8  Currently before the Court are: American's motion for sanctions; American's motion to stay
9  discovery; and Plaintiff's motion to enlarge time for class certification discovery.  Plaintiffs also
10 filed a motion to compel and a motion for sanctions on May 6, 2009, and Defendant filed a motion
11 to quash a Rule 30(b)(6) deposition on May 11, 2009.  At the May 19 hearing, the parties noted that
12 they would withdraw those latter motions (which were not set for hearing on May 19) as moot
13 without prejudice to refiling them at a later date, should the Court temporarily stay discovery.

14 **II.   MOTIONS**

15 **A.    American's Motion for Sanctions**

16 American moves for sanctions, seeking both legal fees and evidentiary sanctions.  See Mot.
17 at 2:19-23.  American moves pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and (C).
18 Under that rule, if a party fails to obey an order to provide or permit discovery, the Court may issue
19 further just orders including "prohibiting the disobedient party from supporting or opposing
20 designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P.
21 37(b)(2)(A)(ii).  In addition, "the court must order the disobedient party, the attorney advising that
22 party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless
23 the failure was substantially justified or other circumstances make an award of expenses unjust."
24 Fed. R. Civ. P. 37(b)(2)(C).

25 American argues that Plaintiffs' repeated failure to comply with their discovery obligations
26 has prejudiced American's ability to prepare for Plaintiffs' class certification motion and Ms.
27 Hanni's deposition.  American states that Plaintiffs' conduct is in direct violation of this Court's
28 Order to serve American with revised Rule 26 disclosures, complete responses to interrogatories, the

2

1 requested documents, and a privilege log by April 3, 2009. Specifically, American notes that after
2 the March 24 hearing in this case, it met and conferred with Plaintiffs' counsel regarding their
3 discovery obligations. According to American, Plaintiffs' counsel represented that Kathleen Hanni
4 had over 64,000 responsive emails and documents in her possession and requested that American
5 pay for copying costs. On March 24, 2009, American's counsel sent an email to Mr. Hudson
6 requesting that he make the documents available for copying or produce the emails in electronic
7 form. Chou Decl., Ex. A. Since that date, Plaintiffs only produced approximately 880 pages of
8 documents. Id. ¶ 5.

9 On April 3, Plaintiffs provided revised responses to interrogatories and requests for
10 documents. However, these responses were unverified (although Plaintiffs have since produced
11 verified responses after Defendant filed its motion). As American notes, the responses contain many
12 inappropriate blanket objections. Kaus Decl., Ex. C. Plaintiffs broadly objected on the basis of
13 attorney-client privilege, but did not produce a privilege log. Id. Plaintiffs' counsel also failed to
14 comply with the Court's standing order requiring that they affirmatively state what they have and
15 have not produced. Rather, they indicated that they have not yet reviewed all documents in the
16 action and only partially produced documents. Kaus Decl., Ex. C. Accordingly, Defendant noted
17 that it could not determine whether Plaintiffs produced all reasonably available documents in their
18 custody and control. American notes that Ms. Hanni has not produced any documents responsive to
19 requests 12, 13, 15, 16, 20, 23, 31, 32, 34, and 35. In addition, American notes that emails produced
20 in response to request 26 are incomplete, as they reference other emails and attachments that were
21 not produced.

22 Plaintiffs counter that Ms. Hanni, in fact, reviewed all 64,000 emails and only 880 pages of
23 those emails were responsive. Plaintiffs also note that they have now stated what they have and
24 have not produced in accordance with this Court's standing order. However, Plaintiffs did not
25 comply with the standing order until April 26, 2009, after Defendant filed its motion, and their
26 compliance is extremely belated. Plaintiffs also note that they made clear in their responses to
27 Defendant's document requests that some of their documents were responsive to multiple requests.
28 However, Plaintiffs did not make clear which documents were responsive to which requests, or

3

whether they had produced all materials for each request. In addition, as Defendant notes below, it appears that not all of the documents have been produced, even as of the date of the hearing and even assuming that the 64,000 emails discussed above are not responsive, as Plaintiffs maintain.[1]

The Court finds that Plaintiffs' interrogatory responses are still insufficiently specific, despite the fact that Defendant served these requests in January, and the Court ordered Plaintiffs to provide complete and full responses in March. For example, special interrogatory seven seeks certain public communications, but Ms. Hanni's responses lists no specific communications and merely directs Defendant to conduct a Google search. Kaus Decl., Ex. C. In response, Plaintiffs note that Ms. Hanni cannot recall all of her numerous public statements, but provided Defendant with a box for copying of all the public statement news stories in her possession, and testified at her deposition as to the identities of as many of those organizations as she could recall. The fact that Plaintiffs had such information, however, indicates that Plaintiffs should have been able to provide additional information in their interrogatory responses.

As to Plaintiffs' objections to the discovery requests, Plaintiffs argue that the only blanket objections related to attorney client privilege or medical privilege, which are not waived. However, blanket objections are improper, especially at this late stage. While Plaintiffs note that they produced their privilege log on April 15, 2009, Plaintiffs should have provided their log by April 3, as this Court's order required them to provide full discovery responses by that date. Instead, Plaintiffs waited until after Defendant moved for sanctions to provide a privilege log. Plaintiffs' failure to produce the log by April 3 was not substantially justified.

In addition, even though this Court ordered Plaintiffs to produce Ms. Hanni's medical records with limited redactions, American has still not received those records. While Plaintiffs objected to this Court's order allowing only limited redactions, Plaintiffs did not move to stay that order. The filing of objections to a ruling by a magistrate judge on a nondispositive matter does not automatically stay operation of that order. See Keithley v. Homestore.com, 2008 WL 4298203 (N.D. Cal. Sept. 18, 2008). Defendant provided this caselaw to Plaintiffs via email, but Plaintiffs

---

[1] Plaintiffs also argue that Defendant did not adequately meet and confer before filing this motion, but the Court finds that the parties did adequately meet and confer. See, e.g., Kaus Decl. ¶¶ 6-13.

4

neither responded to that email, nor produced those documents. And, as noted below, those objections are now overruled pursuant to the District Court's orders and Local Rule 72-2.

Furthermore, Plaintiffs still have not produced documents related to Plaintiffs' income and damages. Plaintiffs promised tax returns, but only provided unsigned Schedule C tax forms. Plaintiffs have provided no information about babysitting costs, medical bills, or other expenses they seek to recover from American. At the hearing, Plaintiffs noted that Ms. Hanni does not have any tax return documents in her custody or control, and that she requested such documents from the IRS. However, her accountant has these documents, so they are within her control, but Ms. Hanni did not seek to retrieve these documents from her accountant. In addition, because this Court ordered Ms. Hanni to produce documents by April 3, 2009, it was incumbent upon Plaintiffs to bring this issue to the Court's attention by that deadline.

Plaintiffs argue that their discovery failures were substantially justified because they properly refused to produce confidential documents until after American's counsel signed the confidentiality agreement attached to Exhibit A of the parties' protective order, which tracks this District's model protective order. That protective order states: "Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to: the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Agreement to Be Bound by Protective Order that is attached as Exhibit A." As Defendant notes, the order does not require and it is not the usual practice for counsel of record to sign the confidentiality agreement attached to a protective order. Since Plaintiffs' counsel does not practice in this District, however, the Court gives him the benefit of the doubt, and assumes he was justified in interpreting the protective order as so requiring. Even so, Plaintiffs should have sought relief or clarification from the Court if they believed that this protective order issue was going to prevent them from complying with the Court's April 3 deadline. In addition, Plaintiffs' rationale does not explain their failure to produce non-confidential documents or interrogatory responses or their failure to produce confidential documents after Defendant agreed to the provision in Exhibit A. Notably, at Plaintiffs' request, American

5

1  confirmed that it would abide by Exhibit A on April 8, 2009.  But on April 10, Plaintiffs altered their
2  position and demanded that counsel actually sign Exhibit A.  Defendant signed Exhibit A on April
3  10, but did not receive the tax Schedule C forms and redacted medical records until April 15, the day
4  before Ms. Hanni's deposition.  Plaintiffs' mistaken reading of the protective order, therefore, does
5  not excuse their discovery failures.

6  It also appears that Ms. Hanni is still awaiting additional medical records from Verlin
7  Chalmers, therapist Joni Yacoe and the California Victims Compensation program.  But the Court
8  ordered Plaintiffs to produce medical reports by April 3 absent a showing of good cause supported
9  by a declaration as to why Plaintiffs could not timely obtain the reports.  Kaus Decl., Ex. A at 74:10-
10 12.  Plaintiffs did not make such a showing.  In addition, Plaintiffs' counsel did not provide
11 American with medical releases so they could obtain the records themselves.  In sum, the Court
12 finds that sanctions are justified.  Plaintiffs' discovery failures were not substantially justified.  Nor
13 do other circumstances make an award of expenses unjust.

14 In their post-hearing submission, Plaintiffs requested that the Court delay issuing any
15 sanctions order, namely, by: (1) allowing Plaintiffs to file a sur-reply, (2) waiting until the Court
16 rules on Plaintiffs' pending motion for sanctions to decide Defendant's motion for sanctions, (3)
17 waiting until the District Court resolves Plaintiffs' pending objections, and (4) suspend imposing
18 monetary sanctions until the end of the case.  See Pl. Post Hearing Brief (Docket No. 267) at 4-6.
19 Plaintiffs' requests are denied.  Plaintiffs complain that American's brief, filed on April 8, only
20 addressed issues through that date, but that at on reply and at oral argument, American "cleverly
21 updated and expanded that motion for sanctions to include many things that it alleged happened
22 from April 9th through May 19th, 2009."  Id.  Plaintiffs were given an opportunity to respond to
23 Defendant's reply brief at the hearing.  At the hearing, when Defendant submitted an additional
24 declaration not included in their original papers, the Court granted Plaintiffs leave to file a response
25 to that new declaration, which they did on May 20, 2009.  Plaintiffs have had ample time to respond
26 to Defendant's arguments.  As to Plaintiffs' request that the Court refrain from issuing a decision on
27 Defendant's motion for sanctions until it has heard Plaintiffs' motion for sanctions, set for hearing
28 on June 16, 2009, at the May 19 hearing, Plaintiffs' counsel represented that all pending discovery

6

motions in this case would be withdrawn as moot should the Court issue a discovery stay, which presumably includes that motion for sanctions. Hearing Tr. at 47. In any event, Plaintiffs' request is untimely, and each sanctions motion stands on its own.[2] Finally, as to Plaintiffs' extremely belated request to stay this Court's March 31 and April 27 Orders pending a decision by the District Court, those objections have been denied. See Docket No. 273.

Regarding the amount of monetary sanctions, Plaintiffs argue that the claimed fees are excessive. Defendant's attorneys' hourly rate ranges from $340 for associate attorney work to $475 for work done by Steven Kaus, a partner at the law firm. These fees are reasonable. These are the same rates billed to American and paid by American. Nor is the time spent excessive considering Plaintiffs' repeated discovery failures in this case. In addition, Defendant did not even seek fees for time spent working on its reply brief. Therefore, the Court awards the full amount requested, and Plaintiffs are ordered to pay sanctions to American in the amount of $13,117.

Defendant also asks that Plaintiffs' proof, including any expert report, be limited to the materials provided to date, absent a showing of good cause. Since merits discovery in this case does not close until August 31, 2009, however, the Court declines to impose such evidentiary sanctions, as there is ample time for the parties' to cure discovery errors before the close of merits discovery. Class certification discovery, however, is now closed. The Court, therefore, orders that Plaintiffs may not rely on any discovery provided after the close of class certification discovery in support of their motion for class certification or in opposition to Defendant's motion to deny class certification.

### B. Plaintiffs' Motion to Enlarge Time Re Discovery

The class certification discovery deadline is currently April 16, 2009. Plaintiffs wish to extend that deadline to May 22, 2009. Plaintiffs, however, waited until April 16, 2009 to file their motion. Plaintiffs argue that good cause to extend the deadline exists for two reasons: 1) Plaintiffs

---

[2] Plaintiffs note they requested that their motion for sanctions be heard on May 19, but instead, the Court scheduled that motion for June 16, 2009. See Pl. Post Hearing Brief (Docket No. 267) at 4. Defendant filed its motion for sanctions on April 8, 2009, and the Court denied shortened time on hearing that motion, setting it for hearing on May 19. Docket No. 173. Plaintiffs did not file their motion for sanctions until May 7, 2009, and requested that it be heard on June 2, 2009, a date on which the Court was unavailable. Docket No. 235.

7

1 need more time to receive responses to the April 1, 2009 letters sent jointly by counsel to other
2 passengers on Plaintiff's flight (Flight 1348); and 2) American has not yet complied with Plaintiffs'
3 requests for production or complied after the due date.

4      As to the first issue, after the last hearing on the motions to compel, the Court ordered
5 American to produce a passenger list of the passengers on Flight 1348 and ordered the parties to
6 send out a joint letter to those passengers regarding their recollection of the events on the plane on
7 the date at issue. American notes that the Court ordered American to provide the names and
8 addresses of the passengers on the Hannis plane on March 24, 2009, and it did so the following day.
9 Kaus Decl., Ex. A. The parties agreed to send a joint letter and agreed to the text by Monday March
10 30. American provided its signature for the letter on March 31. Yet, this letter was not sent until
11 April 9, 2009, nine days later. Kaus Decl. ¶¶ 2-4; see also Hudson Decl. ¶ 9 (noting letter mailed
12 out "week of April 4"). American, therefore, was not responsible for any significant delay in
13 sending the letter. In addition, Plaintiffs apparently had numerous names and addresses of
14 passengers before obtaining the list from American.

15      More importantly, however, Plaintiffs do not need a discovery extension to follow up with
16 the prospective class members who were passengers on Plaintiffs flight. Plaintiffs' counsel may
17 send such persons informal questionnaires and interview them without a discovery extension.
18 Therefore, Plaintiffs' need to obtain further information from fellow passengers does not warrant
19 extending the class certification discovery deadline.

20      Plaintiffs also argue that they served document requests on January 7, 2009, and note that
21 they are still waiting for discovery responses, which were due on February 13. Plaintiffs do not
22 specify what discovery responses they are waiting for. Nor do they plausibly explain why they did
23 not move to compel such discovery earlier, as they cannot blame their entire delay on their need to
24 meaningfully meet and confer. See Pl. Reply ¶ 4. Nor did they move to compel any discovery when
25 they filed the instant motion. Plaintiffs are vague as to what specific documents they want and how
26 such documents are relevant, despite Local Rule 6-3's requirement that they state particular reasons

8

for the requested extension along with details of substantial harm or prejudice.³ In addition, American notes that it served timely responses on February 9, stating certain objections and agreeing to produce certain documents. Kaus Decl., Ex. E. While Plaintiffs moved to compel additional discovery on May 6, 2009, under the Local Rules, any motions to compel class certification discovery were due seven days after the April 16 discovery cut-off on April 23, 2009. See Local Rule 26-2. Plaintiffs, therefore, had to file any motions to compel class certification discovery by that date, and they have not justified their delay in seeking a class certification discovery extension.

At the hearing, Plaintiffs noted that they served interrogatories on the last day of the class certification discovery deadline – April 16 – requesting information relevant to the typicality of their conversion claim. Specifically, Plaintiffs seek information regarding whether or not the fact that Ms. Hanni's baggage was routed to Mobile, Alabama is a claim that meets the typicality and commonality requirements for class certification. Because Plaintiffs' requests were served on the last day of class certification discovery, however, their requests are untimely. See Local Rule 26-2 ("Unless otherwise ordered, as used in any order of this Court or in these Local Rules, a "discovery cut-off" is the date by which all responses to written discovery are due . . . ."). However, because Plaintiffs filed a motion to enlarge discovery time, the Court will allow this limited, additional discovery. At the hearing, Defendant stated that baggage was unloaded on certain flights, and on other flights, baggage was only partially unloaded when the passengers were unloaded. Plaintiffs are entitled to have some information about the number of the affected passengers whose luggage was sent to their final destination without them. The parties shall meet and confer about this issue, and Defendant shall provide this information in a brief declaration and shall do so no later than June 5, 2009, absent a showing of good cause as to why providing such information is unduly burdensome.

In light of the above, the Court denies Plaintiff's motion to enlarge time.

C.   Motion to Stay

---

³ In addition, American notes that in a similar case, Plaintiffs sought class certification with no discovery at all, and the Court actually granted summary judgment in that case to Defendants as to the individual claims, mooting class action issues. Ray v. American Airlines, 2009 WL 921124 (W.D. Ark. 2009). Counsel for Plaintiffs in this case is also counsel for plaintiffs in the Ray case.

9

Magistrate judges have broad discretion to stay discovery pending decisions on dispositive motions, including motions for summary judgment. In deciding whether to stay discovery while dispositive pending motions are resolved, courts look to two factors. "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." Pac. Lumber Co v. Nat'l Union Fire Ins. Co, 220 F.R.D. 349, 351-352 (N.D. Cal. 2003) (internal citations and quotations omitted). If the court answers these two questions in the affirmative, the court may stay discovery. Id.

American seeks to stay discovery and related motion practice until the District Court has ruled on American's motion for summary judgment and has decided whether a class should be certified. American contends that no further discovery is needed for the court to decide the pending issues regarding class certification. The Court agrees.

Regarding summary judgment, Plaintiffs have filed a separate Rule 56(f) motion before Judge Wilken. Accordingly, the Court grants Defendant's request to temporarily stay merits discovery until Judge Wilken resolves American's motion for summary judgment. If Judge Wilken grants Plaintiffs' Rule 56(f) motion, and decides that Plaintiffs are entitled to certain additional discovery to oppose summary judgment, this Court will, of course, lift the discovery stay to allow any such discovery. The Court, however, will not deny the motion to stay at this time, as Plaintiffs have not articulated to this judge what additional specific discovery they need in order to oppose Defendant's motion for summary judgment. American notes that the factual evidence it submitted in support of its motion for summary judgment is limited and primarily involves Plaintiffs' sworn deposition testimony.[4] But Plaintiffs' opposition to the stay discusses only broad, far-reaching discovery that they allegedly require, and they fail to relate their discovery requests to specific arguments made by Defendant on summary judgment.

For example, Plaintiffs broadly assert they need internal emails to show whether American

---

[4] It appears that Defendant mainly relies on Plaintiffs' own testimony, the conditions of carriage contract, and the declarations of Cynthia Eller and of Craig Richey, which attach America's passenger name records and a record of hotel vouchers given at the Austin airport on December 29, 2006.

10

1  was adhering to its contracts and to its high duty of care.  See Pl. Opp. at 6.  American notes that
2  Plaintiffs have made no such request, but rather only made overly-broad general requests for emails,
3  to which American objected.  See Def. Reply at 5-6.  Furthermore, Plaintiffs have failed to specify
4  how such evidence would be used to oppose Defendant's motion for summary judgment.  In
5  addition, American notes that it produced many documents responsive to this request.  See Def.
6  Reply at 6-7.   Plaintiffs also claim that they need access to electronic records surrounding the
7  events, but again, they are not specific as to how this information, which is extremely broad, is
8  necessary to oppose summary judgment or to seek class certification.

9       If class certification and summary judgment are denied, Plaintiffs may pursue only their
10 personal claims, and American contends that there will be very little discovery needed for getting
11 any of those claims that survive summary judgment ready for trial.  In any event, at the hearing, both
12 parties agreed that the merits discovery deadline will be extended by whatever time period such
13 discovery is stayed.  In other words, staying discovery now will not prejudice Plaintiffs in any way
14 by cutting their discovery window short.  Rather, the stay will phase this case in order to prevent the
15 parties from incurring unnecessary costs.  If Defendant's summary judgment motion is granted, the
16 case will be over, and if that motion is denied, the parties can pursue any additional discovery at that
17 time.

18      As to the class certification motion, as Defendant notes, the cutoff for discovery was April
19 16, 2009.  As discussed above, Plaintiffs had ample time to conduct class certification discovery,
20 and the Court denied their request to extend that deadline.  Accordingly, class certification discovery
21 is over, as that deadline has come and gone.  Plaintiffs may still informally interview other
22 passengers, as discussed above.

23      Finally, the Court notes that Plaintiffs claim to need certain discovery that they apparently
24 have had access to for some time.  For example, Plaintiffs claim they need the names of management
25 with knowledge of the December 29 plane delays.  American provided relevant names of certain
26 persons in the Ray case in February of 2008.  Reply at 8-11; Declaration of Alec Bramlett
27 (submitted to the Court and to Plaintiffs at hearing).  It appears that Plaintiffs have had the names of
28 a number of American employees with specific knowledge about various aspects of the December

11

29 delays for quite sometime.  Plaintiffs point out that American disclosed many more names of persons with knowledge of those events in their April 30, 2009 privilege log.  See Plaintiffs' Post-Hearing Response (Docket No. 267) at 2-3.  However, the privilege log does not indicate what areas of knowledge these individuals have.  The prior declaration in the Ray case, on the other hand, lists the names of American employees with primary managerial duties on the date in question, and individuals with knowledge of American's policies and practices regarding delays.  Plaintiffs are correct that they may be entitled to depose additional individuals.  However, since Plaintiffs have not specified what particular, specific discovery they need to seek class certification, they have not met their burden in seeking a discovery extension.  Nor have they articulated how this discovery will help them oppose Defendant's pending summary judgment motion, in spite of having access to a great deal of discovery that American has provided.[5]

**III.   CONCLUSION**

In light of the foregoing, the Court grants Defendant's motion for sanctions in part.  Plaintiffs shall pay Defendant sanctions in the amount of $13,117 within three weeks of the date of this order.  The Court denies Plaintiffs' motion to enlarge time for discovery, and grants Defendant's motion to temporarily stay discovery.

Furthermore, the Court sets the following briefing schedule for the class certification motions.  Defendant's motion to deny class certification is hereby reinstated.  Plaintiffs shall file an opposition to that motion and a motion for class certification no later than June 25, 2009.  Defendant shall file a reply in support of its motion to deny class certification and an opposition to Plaintiff's motion to certify a class no later than July 9, 2009.  Plaintiffs shall file a reply in support of their class certification motion no later than July 23, 2009.  Those motions will be heard before Judge

---

[5] Specifically, Plaintiffs have taken the depositions of numerous American employees, including pilots, flight attendants, a managing director, customer service managers, a passenger services agent, a general manager, and a third party airport operations manager.  See Def. Reply at 3-4.  In addition, American represents that it has produced all communications between American and the Office of the Inspector General of the Department of Transportation regarding the December 29, 2006 flight diversions, all presentations and documents provided to OIG regarding those diversion, information about hotel and restaurant vouchers issued by the diversion airports, inventory of the food and beverages on all American flights during the delay, and all correspondence American received from passengers regarding December 29, 2006 from passengers meeting Plaintiffs' proposed class definition, among other things.  Id. at 7.

Wilken on **Thursday, August 6, 2009 at 2:00 p.m. in Courtroom 2**.

In addition, the parties agreed that should the Court stay discovery, then the parties would withdraw their pending discovery motions set for hearing on June 16, 2009 as moot. In light of the above order, the parties shall withdraw those motions as moot. As noted at the hearing, such withdrawal is without prejudice to refiling when and if the discovery stay is lifted.

**IT IS SO ORDERED.**

Dated: May 27, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge