United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HANNI, individually and on behalf of all others similarly situated, and CHASE L. COSTELLO,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICAN AIRLINES, INC., and DOES 1 through 20, inclusive,<br><br>    Defendants.<br>_____ / | No. C 08-00732 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISMISSAL OF FALSE IMPRISONMENT CLAIM; DENYING MOTION FOR LEAVE TO FILE PROPOSED FOURTH AMENDED COMPLAINT; AND DENYING MOTION FOR CLASS CERTIFICATION |

    Before the Court are Plaintiffs' motions for (1) reconsideration of the July 11, 2008 Order dismissing the false imprisonment cause of action, (2) leave to file a proposed fourth amended complaint and (3) class certification of a false imprisonment claim. Defendant opposes the motions.[1] The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court grants Plaintiffs'

---

[1] The Court denies Defendant's administrative motion to file a supplemental memorandum regarding the statute of limitations issue. Although the Court appreciates Defendant's acknowledgment of its citation error, there is no need to reargue issues already addressed in its opposition.

motion for reconsideration, denies Plaintiffs' motion for leave to file their proposed fourth amended complaint and denies Plaintiffs' motion for class certification.

BACKGROUND

The parties are familiar with the facts of this case, which have been addressed previously; the Court will only focus on the facts relevant to this motion.

Kathleen Hanni was the only named plaintiff in the first complaint filed in this case. Defendant moved pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss it. The Court granted the motion in part and denied it in part, giving Ms. Hanni leave to file an amended complaint. April 25, 2008 Order. On May 15, 2008, Ms. Hanni filed her first amended complaint (1AC). She alleged claims for false imprisonment, negligence, breach of contract, fraud, conversion, civil conspiracy and a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961. Defendant again moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the 1AC.

On July 11, 2008, the Court issued an order granting the motion in part and denying it in part. The Court dismissed with prejudice Ms. Hanni's claims for false imprisonment, intentional infliction of emotional distress and fraud and dismissed in part her claim for breach of contract. The Court dismissed without prejudice Ms. Hanni's claims for civil conspiracy and RICO. July 11, 2008 Order at 6, 16, 19-20. The Court gave Ms. Hanni leave to file a second amended complaint that could include: (1) a limited negligence claim; (2) a limited breach of contract claim; (3) a

2

conversion claim; and (4) a claim for civil conspiracy. July 11, 2008 Order at 20.

On July 31, 2008, Ms. Hanni filed her second amended complaint (2AC). On August 12, 2008, the parties stipulated that Ms. Hanni would file a third amended complaint (3AC) that included Ms. Hanni's husband, Timothy Hanni, and sons, Chase Costello and Landen Hanni, as named plaintiffs and that modified the allegations of the complaint. Stipulation to File an Amended Complaint, August 12, 2008. On August 13, 2008, Plaintiffs filed their 3AC alleging claims for negligence, breach of contract, conversion and civil conspiracy. 3AC, August 13, 2008 ¶ 87-109. The Court dismissed the civil conspiracy cause of action and allowed Plaintiffs to pursue the negligence, breach of contract and conversion causes of action. November 21, 2008 Order at 17.

On July 10, 2009, in response to discovery orders issued by a Magistrate Judge compelling the production of Ms. Hanni's medical records, Kathleen and Landen Hanni moved voluntarily to dismiss their claims. The Court granted their motion on July 20, 2009. Thus, Timothy Hanni and Chase Costello remain as named Plaintiffs in this case.[2]

On January 15, 2010, the Court denied Plaintiffs' motion for class certification, granted Defendant's motion for summary judgment on the remaining causes of action and denied Colleen O'Conner's motion for intervention. In the same order, the Court granted Plaintiffs' motion for leave to file a motion for

---

[2] Hereinafter, Timothy Hanni and Chase Costello will be referred to as Plaintiffs unless otherwise specified.

reconsideration regarding the July 11, 2008 Order dismissing the false imprisonment cause of action. As instructed by the Court, Plaintiffs combined that motion with a motion for leave to file a fourth amended complaint and a motion to certify a false imprisonment class.

DISCUSSION

I. Motion for Reconsideration

Defendant argues that Plaintiffs have no standing to bring a motion for reconsideration because of the unique procedural history of this case. When the Court dismissed the false imprisonment cause of action with prejudice on July 11, 2008, Kathleen Hanni was the only named Plaintiff in the case. Ms. Hanni's third amended complaint, filed August 13, 2008, included her husband, Timothy Hanni, and sons, Chase Costello and Landen Hanni as plaintiffs. Almost one year later, on July 20, 2009, the Court granted Kathleen and Landen Hanni's motion to dismiss their claims voluntarily. Thus, since that date, Timothy Hanni and Chase Costello have been the only named Plaintiffs in the case.

Defendant argues that, because Timothy Hanni and Chase Costello were not named plaintiffs when the Court dismissed the false imprisonment claim, they cannot bring the instant motion for reconsideration. Defendant asserts that, instead, the present motion is Timothy Hanni and Chase Costello's first attempt at asserting a false imprisonment claim, and it should be treated solely as a motion for leave to file a fourth amended complaint. The Court disagrees.

Although the false imprisonment claim asserted in the original

4

1  and first amended complaints specifically pertained to Kathleen
2  Hanni's experiences on December 29, 2006, she sought to represent a
3  class of similarly situated passengers, in which Timothy Hanni and
4  Chase Costello would be included.  Moreover, when dismissing the
5  false imprisonment claim, the Court relied on arguments made by
6  Defendant that applied to the entire class, and it now appears that
7  those arguments may not be well-taken.  Therefore, the Court grants
8  Plaintiffs' motion for reconsideration.
9  II.   Motion for Leave to File Proposed Amended Complaint
10       A.   Legal Standard
11       The parties dispute the legal standard under which the Court
12  should consider Plaintiffs' motion for leave to file a fourth
13  amended complaint.  Defendant argues that Federal Rule of Civil
14  Procedure 16(b)(4) provides the proper standard and Plaintiffs
15  argue that Rule 15(a)(2) is the proper standard.  Under Rule
16  16(b)(4), a party may modify a scheduling order "only for good
17  cause and with the judge's consent."  Under Rule 15(a)(2), a party
18  may amend its pleading with the court's leave, which should be
19  "freely give[n] when justice so requires."  These differing
20  standards pertain to two different types of motions.  Here,
21  Plaintiffs are not attempting directly to modify the case
22  management scheduling order.  Rather, they seek to add a claim to
23  their complaint.  Accordingly, Rule 15(a)(2) applies.
24       Under this standard, four factors are relevant to whether a
25  motion for leave to amend should be denied: undue delay, bad faith
26  or dilatory motive, futility of amendment, and prejudice to the
27  opposing party. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The

5

Ninth Circuit holds that these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). Further, the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility. Id. (citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986)).

B. Timeliness and Futility of False Imprisonment Claim

Defendant argues that Plaintiffs' efforts to re-allege their false imprisonment claim in light of "newly discovered" evidence is barred by the statute of limitations and thus untimely and futile.

Under American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974), and Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983), the filing of a class action complaint tolls the running of the applicable statue of limitations for all proposed members of the putative class as to all asserted claims. The tolling period ends, and the statute runs again, once class certification is granted or denied. Tosti v. City of Los Angeles, 754 F.2d 1485, 1488 (9th Cir.1985).

Defendant does not dispute that the original complaint was timely filed within the one-year statute of limitations for false imprisonment or that the claim was asserted on behalf of the named Plaintiff at the time, Kathleen Hanni, and unnamed class members.

6

Plaintiffs' alleged injury occurred on December 29, 2006 and Kathleen Hanni filed her complaint on December 28, 2007, one day before the statute of limitations would have expired. Although the Court dismissed the false imprisonment cause of action on July 11, 2008, the statute of limitations clock did not begin to run again on that date. Defendant has not provided any authority for the proposition that the Court's July 11, 2008 dismissal of the false imprisonment cause of action is considered a denial of class certification for purposes of ending the American Pipe tolling period.

Moreover, even if American Pipe tolling did not apply, Plaintiffs' proposed amendment to the complaint relates back to the original filing for statute of limitations purposes because it arises out of the same conduct set out in the original pleading. Fed. R. Civ. P. 15(c); Martell v. Trilogy, Ltd., 872 F.2d 322, 325 (9th Cir. 1989).

Further, the equities weigh against disallowing Plaintiffs' false imprisonment claim based on a violation of the statute of limitations. As discussed below, Defendant's argument that it had the legal authority to keep Plaintiffs on the aircraft for the length of time it did may not be correct legally or factually. Therefore, Plaintiffs' false imprisonment claim is not time barred and is not futile.

C.   Prejudice and Bad Faith

Defendant asserts that it will suffer prejudice if the Court grants Plaintiffs leave to amend their complaint. The first complaint in this case was filed over two years ago and Defendant

7

seeks to litigate this case as quickly as possible.  Because there was no claim for false imprisonment when the parties undertook discovery in this case, discovery will have to be reopened if the Court grants Plaintiffs' motion to amend.  Although conducting further discovery in this case will delay the case, "delay alone, no matter how lengthy, is an insufficient ground for denial of leave to amend."  United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981); see also Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973).  "The purpose of the litigation process is to vindicate meritorious claims.  Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy."  Howey, 481 F.2d at 1191.  Moreover, Defendant has not submitted any evidence to suggest that Plaintiffs have brought their motion to amend in bad faith or with a dilatory motive.

     D.   Sufficiency of False Imprisonment Allegations

Defendant also argues that Plaintiffs' proposed false imprisonment claim is insufficiently plead.  False imprisonment consists of "the nonconsensual, intentional confinement of a person, without lawful privilege."  Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994).  Defendant argues that Plaintiffs' new complaint does not contain allegations that satisfy the "without lawful privilege" element of their false imprisonment claim.[3]  In

---

[3] Defendant also argues that the false imprisonment claim is preempted by federal law, citing 49 U.S.C. § 41713(b) and Air Transport Ass'n v. Cuomo, 520 F.3d 218, 223 (2d Cir. 2008).  However, the Court previously determined that this claim is not

8

the July 11, 2008 Order dismissing this cause of action with prejudice, Defendant cited, and the Court relied on, Federal Aviation Regulations that give pilots broad authority over passengers and the operation of an aircraft. See 14 C.F.R. § 91.3(a) ("The pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft"); id. § 121.533(d) ("Each pilot in command of an aircraft is, during flight time, in command of the aircraft and crew and is responsible for the safety of the passengers, crewmembers, cargo, and airplane"). Defendant argued that these regulations provided a lawful privilege for the pilot to detain the passengers. The Court concluded that a decision by the pilot to keep passengers on an aircraft for their safety for an extended period of time was lawful.

However, Plaintiffs have presented evidence that suggests that the pilot of their aircraft did not order the detention of the passengers, but rather wanted to allow the passengers to disembark. There is evidence that the pilot was denied permission to do so by Defendant's corporate managers and airport ground personnel. The regulations Defendant relied upon do not provide that such officials are authorized to hold passengers against their will. Plaintiffs' evidence suggests that they were confined on the aircraft without good reason, not, as Defendant contends, for their safety and convenience. Thus, Defendant's prior grounds for dismissal of the false imprisonment claim based on a pilot's legal

---

preempted by federal law. See Docket No. 55 at 6-15.

9

authority to detain Plaintiffs on the aircraft for over nine hours for safety reasons may be factually and legally incorrect. Although other federal laws and regulations may grant Defendant's corporate managers, ground crew or some other relevant individuals the legal authority to detain passengers on an aircraft for an extended period of time, Defendant has not yet brought them to the Court's attention. Nor is it clear that the passengers were detained for the reasons contemplated by the regulations Defendant cites.

As noted above, another element of a false imprisonment claim is that an individual's confinement must be "nonconsensual." Airline passengers initially consent to remaining on an aircraft for an extended period of time when they buy a ticket and board the aircraft. Passengers wishing to withdraw this consent must clearly express this desire to the flight crew. See Schroeder v. Lufthansa German Airlines, 875 F.2d 613, 621-22 (7th Cir. 1989). The Court previously determined that Kathleen Hanni's allegations in the original complaint established that she had explicitly withdrawn her consent, satisfying this element of the cause of action. Kathleen Hanni alleged that she "expressed" to the flight crew her desire to exit the aircraft. Plaintiffs include the identical allegation in the proposed fourth amended complaint. However, because this allegation concerned Kathleen Hanni, who is no longer a plaintiff in the case, it does not satisfy the consent element of a false imprisonment claim with respect to the current Plaintiffs in the case, Timothy Hanni and Chase Costello. Plaintiffs have not specifically alleged that they directly notified the flight crew

10

that they withdrew their consent to be on the aircraft.  Therefore, Plaintiffs have not plead facts that could prove the "nonconsensual" element of their false imprisonment claim.

Plaintiffs will be given one further opportunity to amend their complaint if they can truthfully allege that they each personally notified the flight crew that they wished to be deplaned.

III. Motion for Class Certification

Plaintiffs propose a nationwide class of all passengers, or in the alternative, a class of California residents, who traveled on American Airlines flights scheduled to land or take off from Dallas-Fort Worth International Airport on December 29, 2006, and were confined on the ground in an American Airlines' aircraft for three or more hours.

Plaintiffs assert that this action falls under the ambit of Rule 23(b)(3) because common issues will predominate over any individualized issues and because a class action is the superior method of adjudicating this matter.  "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997).  "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998) (internal quotation marks omitted).

11

To determine whether the predominance requirement is satisfied, "courts must identify the issues involved in the case and determine which are subject to 'generalized proof,' and which must be the subject of individualized proof." In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 2006 WL 1530166, at *6 (N.D. Cal.).

As noted in the Court's January 15, 2010 Order, which denied class certification of Plaintiffs' negligence, breach of contract and conversion claims, there are individualized issues about what happened on December 29th from airport to airport, from aircraft to aircraft, and from person to person. Some aircraft were permitted to dock during their delay whereas others waited on the tarmac. Some passengers on aircraft on the tarmac were removed from the aircraft and transported by bus to the terminal whereas others stayed on the aircraft during the entirety of the delay.

In addition, to prevail on a false imprisonment claim, class members will have the establish that, after they willingly boarded an aircraft, they withdrew their consent and made that withdrawal known to Defendant. Plaintiffs cite no authority for their claim that the Court may "presume" a lack of consent for each class member based on the length of the flight delay. Reply at 13. The issue of consent is individual. This aspect of a false imprisonment claim precludes a finding that common issues predominate.

Rule 23(b)(3) also requires that class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "The

12

1  policy at the very core of the class action mechanism is to
2  overcome the problem that small recoveries do not provide the
3  incentive for any individual to bring a solo action prosecuting his
4  or her rights." <u>Amchem Prod., Inc. v. Windsor</u>, 521 U.S. 591, 617
5  (1997).  However, if "each class member has to litigate numerous
6  and substantial separate issues to establish his or her right to
7  recover individually, a class action is not 'superior.'" <u>Zinser v.
8  Accufix Research Institute, Inc.</u>, 253 F.3d 1180, 1192 (2001).  The
9  complexities of this class action weigh heavily against class
10 certification.  The evidence suggests that there are too many
11 individual issues for the Court to manage for class adjudication to
12 be deemed superior.

## CONCLUSION

14     For the foregoing reasons, the Court (1) grants Plaintiffs'
15 motions for reconsideration, (2) denies Plaintiffs' motion to file
16 their proposed fourth amended complaint and (3) denies Plaintiffs'
17 motion for class certification.  Docket No. 369.  The Court also
18 denies Defendant's administrative motion to file a supplemental
19 memorandum.  Docket No. 383.  Plaintiffs may file a new proposed
20 fourth amended complaint within one week from the date of this
21 order.  Defendant may file a motion to dismiss, not to exceed seven
22 pages, one week thereafter; Plaintiffs' opposition, not to exceed
23 five pages, shall be due one week later and Defendant's reply, not
24 to exceed four pages, shall be due one week thereafter.  The matter
25 will be taken under submission and decided on the papers.  The
26 Court vacates the case management conference scheduled for April
27 20, 2010 and reschedules a further case management conference for

13

```
 1  June 29, 2010 at 2:00 p.m.
 2       IT IS SO ORDERED.
 3
 4  Dated: 04/19/10                _____
                                    CLAUDIA WILKEN
 5                                  United States District Judge
```